## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

CHARLES MORRIS, MORVATT )
ENTERPRISES, LLC, WILLIAM RICKARD, )
SONDRA RICKARD, RICKARD FARMS, )
LLC, ICU CHICKENS, LLC, WISHBONE )
POULTRY, DENNIS CLAPP, JOHN )
PINKSTON, LOI HONG, H & L FARMS, )
LLC, DOUG BROWN, TIM VINCENT, TLC )
POULTRY, LLC, KEITH CRABTREE, and )
CHRISTOPHER BURCH, )
)
        Plaintiffs, )
)    Case No. 4:15-cv-00077
v. )
)    Judge: Joseph H. McKinley, Jr.
TYSON CHICKEN, INC., JAMES )
GOTTSPONER, DAVID DICKEY, DAVID )
MEARS, NEIL BARFIELD, and JARED )
SHELTON, )
)
        Defendants. )

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendants Tyson Chicken, Inc. ("Tyson"), James Gottsponer, David Dickey, David Mears, Neil Barfield, and Jared Shelton (collectively "Defendants"), and for their Answer to Plaintiffs' Complaint state as follows:

## NATURE OF THE CASE

1.    Defendants admit Plaintiffs purport to bring this action under the claims alleged. Defendants deny Plaintiffs are entitled to any relief under any of the counts asserted and further deny any remaining allegations and legal conclusions contained in Paragraph 1 of Plaintiffs' Complaint.

6995544 v1

## PARTIES

2.      Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

3.      Defendants admit Plaintiff Morvatt Enterprises, LLC contracted with Tyson, and Defendants state that the contract speaks for itself. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 3 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

4.      Defendants admit Tyson contracted with William M. Rickard d/b/a Wishbone Poultry, ICU Chickens, LLC, and Rickard Farms, LLC, and Defendants state that the contracts speaks for themselves. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 4 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

5.      Defendants admit Plaintiff Rickard Farms, LLC contracted with Tyson, and Defendants state that the contract speaks for itself. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 5 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

6.      Defendants admit Plaintiff ICU Chickens, LLC contracted with Tyson, and Defendants state that the contract speaks for itself. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 6 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

7.      Defendants admit Tyson has contracted with William M. Rickard d/b/a Wishbone Poultry, and Defendants state that the contract speaks for itself. Defendants are without sufficient

2

knowledge to form a belief as to the truth of the remaining allegations in Paragraph 7 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

8.      Defendants admit Tyson has contracted with Dennis G. Clapp d/b/a Dennis G. Clapp, and Defendants state that the contract speaks for itself. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 8 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

9.      Defendants admit Tyson has contracted with John Pinkston d/b/a John W. Pinkston, and Defendants state that the contract speaks for itself. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 9 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

10.      Defendants admit Tyson has contracted with Loi Moc Hong d/b/a H&L Farms, and Defendants state that the contract speaks for itself. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 10 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

11.      Defendants admit Tyson has contracted with Loi Moc Hong d/b/a H&L Farms, and Defendants state that the contract speaks for itself. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 11 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

12.      Defendants admit Tyson contracted with Douglas Brown d/b/a Douglas Brown #1, Douglas Brown d/b/a Douglas Brown #2, and Douglas Brown d/b/a Douglas Brown #3, and Defendants state that the contracts speaks for themselves. Defendants are without sufficient

6995544 v1

knowledge to form a belief as to the truth of the remaining allegations in Paragraph 12 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

13.     Defendants admit Tyson has contracted with TLC Poultry LLC d/b/a TLC Poultry Tim Vincent, and Defendants state that the contract speaks for itself. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 13 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

14.     Defendants admit Tyson has contracted with TLC Poultry LLC d/b/a TLC Poultry Tim Vincent, and Defendants state that the contract speaks for itself. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 14 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

15.     Defendants admit Tyson has contracted with Keith Crabtree d/b/a Crabtree Farm, and Defendants state that the contract speaks for itself. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 15 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

16.     Defendants admit Tyson has contracted with Christopher S. Burch d/b/a Burch Poultry, and Defendants state that the contract speaks for itself. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 16 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

17.     Defendants admit Tyson is a Delaware corporation with its principal place of business and headquarters in Springdale, Arkansas, and that Tyson is authorized to do business

4

in Kentucky. Defendants deny any remaining allegations and legal conclusions contained in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendants admit Tyson operates regional complexes that generally consist of a hatchery, a feed mill, trucking operations, a human consumption processing plant, and/or management offices. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 18 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

19.     Defendants admit Tyson operates a rendering plant at the Robards Complex, which is operated by River Valley Animal Foods, Inc. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 19 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

20.     Defendants are without sufficient to knowledge to form a belief as to the truth of the allegations set forth in Paragraph 20 and therefore deny those allegations and any legal conclusions it implies.

21.     Defendants are without sufficient to knowledge to form a belief as to the truth of the allegations set forth in Paragraph 21 and therefore deny those allegations and any legal conclusions it implies.

22.     Defendants are without sufficient to knowledge to form a belief as to the truth of the allegations set forth in Paragraph 22 and therefore deny those allegations and any legal conclusions it implies.

23.     Defendants are without sufficient to knowledge to form a belief as to the truth of the allegations set forth in Paragraph 23 and therefore deny those allegations and any legal conclusions it implies.

24.     Defendants are without sufficient to knowledge to form a belief as to the truth of the allegations set forth in Paragraph 24 and therefore deny those allegations and any legal conclusions it implies.

### JURISDICTION AND VENUE

25.     The allegations set forth in Paragraph 25 of Plaintiffs' Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and legal conclusions contained in Paragraph 25 of Plaintiffs' Complaint.

26.     Defendants deny the allegations and legal conclusions set forth in Paragraph 26 of Plaintiffs' Complaint.

27.     The allegations set forth in Paragraph 27 of Plaintiffs' Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and legal conclusions contained in Paragraph 27 of Plaintiffs' Complaint.

28.     The allegations set forth in Paragraph 28 of Plaintiffs' Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and legal conclusions contained in Paragraph 28 of Plaintiffs' Complaint.

### GENERAL FACTUAL BACKGROUND

29.     Defendants admit Tyson is in the business of breeding, processing, packing, producing, selling, and distributing poultry. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 29 of Plaintiffs' Complaint and therefore deny them and any legal conclusions it implies.

6

30.     Defendants admit Tyson owns the chickens, feed, and medicine at the farms and that Tyson provides some technical assistance to the farmers pursuant to the individual growers' contracts. Defendants deny the remaining allegations in Paragraph 30 and any legal conclusions it implies.

31.     Defendants deny the allegations and any legal conclusions contained in Paragraph 31 of Plaintiffs' Complaint.

32.     Defendants admit that Tyson supplies chickens, feed, and medicine to growers and that the growers provide the labor and are owners of the chicken houses, pursuant to the individual growers' contracts. Defendants state the contracts between Tyson and the growers speak for themselves. Defendants deny the remaining allegations and any legal conclusions contained in Paragraph 32 of Plaintiffs' Complaint.

33.     Defendants deny the allegations and any legal conclusions contained in Paragraph 33 of Plaintiffs' Complaint.

34.     Defendants admit Tyson provides incentive payments to growers based on factors identified in their contracts. Defendants deny the remaining allegations and any legal conclusions contained in Paragraph 34 of Plaintiffs' Complaint.

35.     Defendants admit Tyson provides incentive payments to growers based on factors identified in their contracts. Defendants deny the remaining allegations and any legal conclusions contained in Paragraph 35 of Plaintiffs' Complaint.

36.     Defendants deny the allegations and any legal conclusions contained in Paragraph 36 of Plaintiffs' Complaint.

37.     Defendants deny the allegations and any legal conclusions contained in Paragraph 37 of Plaintiffs' Complaint.

7

38.     Defendants deny the allegations and any legal conclusions contained in Paragraph 38 of Plaintiffs' Complaint.

39.     Defendants deny the allegations and any legal conclusions contained in Paragraph 39 of Plaintiffs' Complaint.

40.     Defendants deny the allegations and any legal conclusions contained in Paragraph 40 of Plaintiffs' Complaint.

41.     Defendants deny the allegations and any legal conclusions contained in Paragraph 41 of Plaintiffs' Complaint.

42.     Defendants deny the allegations and any legal conclusions contained in Paragraph 42 of Plaintiffs' Complaint.

43.     Defendants deny the allegations and any legal conclusions contained in Paragraph 43 of Plaintiffs' Complaint.

44.     Defendants deny the allegations and any legal conclusions contained in Paragraph 44 of Plaintiffs' Complaint.

45.     Defendants admit Tyson provides "mortality sheets" to growers in order to keep track of chicks cared for by the growers. Defendants deny the remaining allegations and legal conclusions contained in Paragraph 45 of Plaintiffs' Complaint.

46.     Defendants admit that growers are to use the mortality sheets to track the chicks within their growing houses. Defendants deny the remaining allegations and legal conclusions contained in Paragraph 46 of Plaintiffs' Complaint.

47.     Defendants admit Tyson issues incentive payments to growers based on the factors identified in their contracts. Defendants deny the remaining allegations and legal conclusions contained in Paragraph 47 of Plaintiffs' Complaint.

6995544 v1

48.     Defendants deny the allegations and any legal conclusions contained in Paragraph 48 of Plaintiffs' Complaint.

49.     Defendants deny the allegations and any legal conclusions contained in Paragraph 49 of Plaintiffs' Complaint.

50.     Defendants state that the agreements between Tyson and Plaintiffs speak for themselves. Defendants deny any remaining allegations and legal conclusions contained in Paragraph 50 of Plaintiffs' Complaint.

51.     Defendants state that the agreements between Tyson and Plaintiffs speak for themselves. Defendants deny the remaining allegations and legal conclusions contained in Paragraph 51 of Plaintiffs' Complaint.

52.     Defendants deny the allegations and legal conclusions contained in Paragraph 52 of Plaintiffs' Complaint.

53.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 53 of Plaintiffs' Complaint and therefore deny those allegations and any legal conclusions it implies.

54.     Defendants deny the allegations and any legal conclusions contained in Paragraph 54 of Plaintiffs' Complaint.

55.     Defendants deny the allegations and legal conclusions contained in Paragraph 55 of Plaintiffs' Complaint.

56.     Defendants deny the allegations and any legal conclusions contained in Paragraph 56 of Plaintiffs' Complaint.

57.     Defendants deny the allegations and any legal conclusions contained in Paragraph 57 of Plaintiffs' Complaint.

58.    Defendants deny the allegations and any legal conclusions contained in Paragraph 58 of Plaintiffs' Complaint.

59.    Defendants state that the agreements between Tyson and Plaintiffs speak for themselves. Defendants deny any remaining allegations and legal conclusions contained in Paragraph 59 of Plaintiffs' Complaint.

60.    Defendants deny the allegations and any legal conclusions contained in Paragraph 60 of Plaintiffs' Complaint.

61.    Defendants deny the allegations and any legal conclusions contained in Paragraph 61 of Plaintiffs' Complaint.

62.    Defendants deny the allegations and any legal conclusions contained in Paragraph 62 of Plaintiffs' Complaint.

## ALTERING PLAINTIFFS' MORTALITY SHEETS

63.    Defendants deny the allegations and any legal conclusions contained in Paragraph 63 of Plaintiffs' Complaint.

64.    Defendants deny the allegations and any legal conclusions contained in Paragraph 64 of Plaintiffs' Complaint.

65.    Defendants deny the allegations and any legal conclusions contained in Paragraph 65 of Plaintiffs' Complaint.

## MANIPULATING DELIVERY SCHEDULES/CHICK QUALITY

66.    Defendants deny the allegations and any legal conclusions contained in Paragraph 66 of Plaintiffs' Complaint.

67.    Defendants deny the allegations and any legal conclusions contained in Paragraph 67 of Plaintiffs' Complaint.

6995544 v1

68.    Defendants deny the allegations and any legal conclusions contained in Paragraph 68 of Plaintiffs' Complaint.

69.    Defendants deny the allegations and any legal conclusions contained in Paragraph 69 of Plaintiffs' Complaint.

70.    Defendants admit that mortality sheets contain source information for the chicks and may include the number of chicks that die or are culled from the farms. Defendants deny the remaining allegations and legal conclusions contained in Paragraph 70 of Plaintiffs' Complaint.

71.    Defendants deny the allegations and any legal conclusions contained in Paragraph 71 of Plaintiffs' Complaint.

## FALSELY REPORTING FEED DELIVERIES & FRAUDULENT CONCEALMENT

72.    Defendants deny the allegations and any legal conclusions contained in Paragraph 72 of Plaintiffs' Complaint.

73.    Defendants deny the allegations and any legal conclusions contained in Paragraph 73 of Plaintiffs' Complaint.

74.    Defendants deny the allegations and any legal conclusions contained in Paragraph 74 of Plaintiffs' Complaint.

75.    Defendants deny the allegations and any legal conclusions contained in Paragraph 75 of Plaintiffs' Complaint.

## CONDEMNATION

76.    Due to the vague and ambiguous nature of the allegations contained in Paragraph 76 of Plaintiffs' Complaint, Defendants are without sufficient information to form a belief as to their truth, and therefore deny the allegations and any legal conclusions implied.

77.    Defendants deny the allegations and any legal conclusions contained in Paragraph 77 of Plaintiffs' Complaint.

78.    Defendants admit the Robards Complex includes a human consumption processing plant and a separate rendering plant. Defendants deny the remaining allegations and legal conclusions contained in Paragraph 78 of Plaintiffs' Complaint.

79.    Defendants admit the Robards Complex includes a human consumption processing plant and a separate rendering plant. Defendants deny the remaining allegations and legal conclusions contained in Paragraph 79 of Plaintiffs' Complaint.

80.    Defendants deny the allegations and any legal conclusions contained in Paragraph 80 of Plaintiffs' Complaint.

81.    Defendants deny the allegations and any legal conclusions contained in Paragraph 81 of Plaintiffs' Complaint.

82.    Defendants deny the allegations and any legal conclusions contained in Paragraph 82 of Plaintiffs' Complaint.

83.    Defendants deny the allegations and any legal conclusions contained in Paragraph 83 of Plaintiffs' Complaint.

84.    Defendants deny the allegations and any legal conclusions contained in Paragraph 84 of Plaintiffs' Complaint.

85.    Defendants deny the allegations and any legal conclusions contained in Paragraph 85 of Plaintiffs' Complaint.

## FRAUDULENT ACTIONS OF DEFENDANTS

86.    Defendants deny the allegations and any legal conclusions contained in Paragraph 86 of Plaintiffs' Complaint.

87.     Defendants deny the allegations and any legal conclusions contained in Paragraph 87 of Plaintiffs' Complaint.

88.     Defendants deny the allegations and any legal conclusions contained in Paragraph 88 of Plaintiffs' Complaint.

89.     Defendants deny the allegations and any legal conclusions contained in Paragraph 89 of Plaintiffs' Complaint.

90.     Defendants deny the allegations and any legal conclusions contained in Paragraph 90 of Plaintiffs' Complaint.

91.     Defendants deny the allegations and any legal conclusions contained in Paragraph 91 of Plaintiffs' Complaint.

## COUNT I: BREACH OF CONTRACT

92.     Defendants incorporate by reference their responses to Paragraphs 1 through 91.

93.     Defendants state that the agreements between Tyson and Plaintiffs speak for themselves. Defendants deny any remaining allegations and legal conclusions contained in Paragraph 93 of Plaintiffs' Complaint.

94.     Defendants deny the allegations and any legal conclusions contained in Paragraph 94 of Plaintiffs' Complaint.

95.     Defendants deny the allegations and any legal conclusions contained in Paragraph 95 of Plaintiffs' Complaint.

96.     Defendants state that the agreements between Tyson and Plaintiffs speak for themselves. Defendants deny the remaining allegations and legal conclusions contained in Paragraph 96 of Plaintiffs' Complaint.

6995544 v1

97.     Defendants deny the allegations and any legal conclusions contained in Paragraph 97 of Plaintiffs' Complaint.

## COUNT II: UNCONSCIONABILITY OF BROILER PRODUCTION CONTRACT

98.     Defendants incorporate by reference their responses to Paragraphs 1 through 97.

99.     Defendants deny the allegations and any legal conclusions contained in Paragraph 99 of Plaintiffs' Complaint.

100.     Defendants deny the allegations and any legal conclusions contained in Paragraph 100 of Plaintiffs' Complaint.

## COUNT III: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

101.     Defendants incorporate by reference their responses to Paragraphs 1 through 100.

102.     The allegations set forth in Paragraph 102 of Plaintiffs' Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and legal conclusions contained in Paragraph 102 of Plaintiffs' Complaint.

103.     Defendants deny the allegations and any legal conclusions contained in Paragraph 103 of Plaintiffs' Complaint.

104.     Defendants deny the allegations and any legal conclusions contained in Paragraph 104 of Plaintiffs' Complaint.

## COUNT IV: FRAUD

105.     Defendants incorporate by reference their responses to Paragraphs 1 through 104.

106.     Defendants deny the allegations and any legal conclusions contained in Paragraph 106 of Plaintiffs' Complaint.

107.    Defendants deny the allegations and any legal conclusions contained in Paragraph 107 of Plaintiffs' Complaint.

108.    Defendants deny the allegations and any legal conclusions contained in Paragraph 108 of Plaintiffs' Complaint.

109.    Defendants deny the allegations and any legal conclusions contained in Paragraph 109 of Plaintiffs' Complaint.

110.    Defendants deny the allegations and any legal conclusions contained in Paragraph 110 of Plaintiffs' Complaint.

111.    Defendants deny the allegations and any legal conclusions contained in Paragraph 111 of Plaintiffs' Complaint.

112.    Defendants deny the allegations and any legal conclusions contained in Paragraph 112 of Plaintiffs' Complaint.

**COUNT V: PUNITIVE DAMAGES**

113.    Defendants incorporate by reference their responses to Paragraphs 1 through 112.

114.    Defendants deny the allegations and any legal conclusions contained in Paragraph 114 of Plaintiffs' Complaint.

115.    Defendants deny the allegations and any legal conclusions contained in Paragraph 115 of Plaintiffs' Complaint.

      a.    Defendants deny the allegations and any legal conclusions contained in Paragraph 115(a) of Plaintiffs' Complaint.

      b.    Defendants deny the allegations and any legal conclusions contained in Paragraph 115(b) of Plaintiffs' Complaint.

6995544 v1

c.      Defendants deny the allegations and any legal conclusions contained in Paragraph 115(c) of Plaintiffs' Complaint.

d.      [Omitted by Plaintiffs]

e.      Defendants deny the allegations and any legal conclusions contained in Paragraph 115(e) of Plaintiffs' Complaint.

116.    Defendants deny the allegations and any legal conclusions contained in Paragraph 116 of Plaintiffs' Complaint.

## COUNT VI: RATIFICATION

117.    Defendants incorporate by reference their responses to Paragraphs 1 through 116.

118.    Defendants deny the allegations and any legal conclusions contained in Paragraph 118 of Plaintiffs' Complaint.

119.    Defendants deny the allegations and any legal conclusions contained in Paragraph 119 of Plaintiffs' Complaint.

120.    Defendants deny the allegations and any legal conclusions contained in Paragraph 120 of Plaintiffs' Complaint.

121.    Defendants deny the allegations and any legal conclusions contained in Paragraph 121 of Plaintiffs' Complaint.

## DAMAGES

122.    Defendants deny the allegations and any legal conclusions contained in Paragraph 122 of Plaintiffs' Complaint.

123.    Defendants deny the allegations and any legal conclusions contained in Paragraph 123 of Plaintiffs' Complaint.

6995544 v1

124.    Defendants deny the allegations and any legal conclusions contained in Paragraph 116 of Plaintiffs' Complaint.

## JURY DEMAND

Defendants demand a jury trial by all issues so triable.

To the extent an answer is deemed required to Plaintiffs' paragraph beginning "WHEREFORE," Defendants deny Plaintiffs are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Defendants, for their affirmative defenses to Plaintiffs' Complaint, state as follows:

1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims for unconscionability (Count II), fraud (Count IV), punitive damages (Count V), and ratification (Count VI) should be dismissed entirely, pursuant to the arguments set forth in Defendants' motion to dismiss.

3.    Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing (Count III) should be dismissed as against Defendants James Gottsponer, David Dickey, David Mears, Neil Barfied, and Jared Shelton, pursuant to the arguments set forth in Defendants' motion to dismiss.

4.    Plaintiff Morvatt Enterprises, LLC is party to a settlement with Tyson, pursuant to which Tyson has been released from any claims brought by Morvatt Enterprises, LLC. Therefore, Morvatt Enterprises, LLC's claims against Tyson should be dismissed.

5.    The injuries and damages claimed by Plaintiffs, if any, resulted from either independent, intervening, or superseding cause or causes, and no action or omission on the part of Defendants was the proximate or contributing cause of Plaintiffs' alleged injuries.

6.    Defendants deny any one of them caused or contributed to the cause of any alleged damages claimed by Plaintiffs and also deny and contest the nature and extent of damages claimed by Plaintiffs.

7.    Each Plaintiff breached any agreement existing between the Plaintiff and Tyson.

8.    Tyson has rendered full performance in compliance with every agreement relevant to Plaintiffs' claims.

9.    Plaintiffs failed to mitigate their damages.

10.    Defendants are entitled to a set-off to the extent any other factor besides an act or omission of Defendants caused or contributed to Plaintiffs' damages.

11.    Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

12.    Plaintiffs' claims are barred in whole or in part by the economic loss doctrine.

13.    Plaintiffs' claims are barred in whole or in part by waiver and estoppel.

14.    Plaintiffs' fraud claims are barred because they lack specificity as required by the Rules.

15.    Plaintiffs' claims are barred in whole or in part by their failure to perform conditions precedent to their recovery.

16.    Plaintiffs' claims are barred in whole or in part by any prior breach of their obligations to Tyson.

17.    Plaintiffs' claims are barred in whole or in part by laches.

18.    Defendants James Gottsponer, David Dickey, David Mears, Neil Barfield, and Jared Shelton were fraudulently joined in this case, and Plaintiffs' claims against these defendants should be dismissed.

19.     Plaintiffs are not entitled to punitive damages because they cannot establish actual malice, intentional, fraudulent, or reckless wrongdoing.

20.     Defendants have complied with all applicable local, state, and federal regulations in the operation of the chicken farms and, therefore, all claims for compensatory and/or punitive damages are barred.

21.     Plaintiffs' Complaint fails to allege a claim for which punitive damages can be recovered.

22.     The assessment of exemplary or punitive damages, if any, violates Defendants' constitutional rights under Article I, § 8 and the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the United States Supreme Court's decisions in *Pacific Mutual Ins. Co. v. Haslip* and *State Farm Mut. Auto. Ins. Co. v. Campbell*.

23.     To the extent Plaintiffs were to be awarded punitive damages in this case, such damages would be limited by the factors set forth in KY. REV. STAT. § 411.186(2) and/or federal law.

24.     Defendants reserve the right to amend this Answer and to plead additional affirmative defenses which may become evident during the course of these proceedings.

WHEREFORE, Defendants request that Plaintiffs' Complaint be dismissed and that Defendants be granted their costs incurred, attorneys' fees, and any further relief the Court deems just and proper under the circumstances.

Dated: June 8, 2015

Respectfully submitted,

By: /s/ Marc Wells

Marc Wells

19

209 West Main Street
P.O. Box 644
Princeton, Kentucky 42445
Telephone: 270-365-5576
Facsimile: 270-365-5578
marcwells.atty@yahoo.com

and

SHOOK, HARDY & BACON LLP

Robert T. Adams, Mo. Bar No. 34612
Mark C. Tatum, Mo. Bar No. 50082
2555 Grand Blvd.
Kansas City, MO  64108
Telephone:  816.474.6550
Facsimile:  816.421.5547
mtatum@shb.com
rtadams@shb.com

*ATTORNEYS FOR DEFENDANTS*

6995544 v1

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2015, a true and complete copy of the foregoing was filed using the Court's CM/ECF system, which sent notice to the following counsel of record:

WHITFIELD, BRYSON & MASON, LLP
John Whitfield
19 North Main Street
Madisonville, KY 42431

BUTLER FARM & RANCH LAW GROUP, PLLC
J. Dudley Butler
499A Breakwater Drive
Benton, MS 39039

OUSLEY & THOMPSON, PLLC
C. Donald Thompson, Jr.
223 First Street
Henderson, KY 42420

/s/ Marc Wells
ATTORNEY FOR DEFENDANTS

21

6995544 v1