UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:15-CV-00077-JHM

CHARLES MORRIS, et al.                                              PLAINTIFFS

V.

TYSON CHICKEN, INC., et al.                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motion for an order striking Dr. Kyle Stiegert's second report or, in the alternative, permitting them to take a second deposition of Stiegert and file responsive reports from their own experts. [DN 149]. Fully briefed, the matter is ripe for decision. For the following reasons, Defendants' motion is **DENIED IN PART AND GRANTED IN PART**.

### I. BACKGROUND

Per the modified scheduling order, the parties had the following the deadlines: Plaintiffs' expert disclosures were due in July 2019, Defendants' expert disclosures were due in August 2019, and rebuttal expert disclosures were due in September 2019. [DN 135]. Plaintiffs and Defendants disclosed their expert witnesses and reports by their respective deadlines. [DN 150 at 1]. No rebuttal reports were provided by the deadline. [*Id.*]. Plaintiffs emailed a second report of their expert, Stiegert, to Defendants on October 9, 2019. [DN 150-1 at 3]. Defendants received the report the day after while en route to Wisconsin to depose Stiegert, whose deposition was scheduled for the next day. [*Id.* at 2]. Defendants now request that the Court strike Stiegert's second report. [DN 149].

### II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, each party must disclose to the other side the identity of any expert witness that the party intends to call at trial. FED. R. CIV. P. 26(a)(2)(A). Any expert disclosures "must be accompanied by a written report . . . if the witness is retained . . . to

provide expert testimony in the case. FED. R. CIV. P. 26(a)(2)(B). A party can also provide a supplemental or rebuttal report. FED. R. CIV. P. 26(e); FED. R. CIV. P. 26(a)(2)(D)(ii). The disclosures must be made "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). If a party fails to make a Rule 26(a) or (e) disclosure, then "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

### III. DISCUSSION

Defendants argue that Stiegert's second report is an untimely rebuttal report. [DN 150 at 2]. They also argue that because the second report prejudices them it must be excluded. [*Id.*]. Plaintiffs respond that the second report is a proper supplemental report that is not prejudicial to Defendants. [DN 154 at 5–8].

**A. Is the Second Report Supplemental or Rebuttal?**

The first question for the Court to answer is whether the second report is a supplemental or rebuttal report. A party who has made an expert testimony disclosure under Rule 26(a) must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A); *see Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *3 (D. Kan. Apr. 30, 2013) (finding that "[c]ourts have made clear . . . that Rule 26(e)(2) does not permit a party to use the supplementing procedure to submit an amended or rebuttal report not based on new information"). On the other hand, a rebuttal report is "intended solely to contradict or rebut evidence on the same subject matter identified by another party." FED. R. CIV. P. 26(a)(2)(D)(ii).

Here, Plaintiffs suggest that they were simply trying to inform the Defendants as to how Stiegert would respond to the criticism of his opinions levied by the Defendants' experts. While that

thought is commendable, the second report seems to go beyond that. The Court does not have access to the reports of Defendants' experts, but it seems, from reading Stiegert's second report, that he at times seeks to rebut the theories and opinions of the defense experts, rather than simply responding to their criticisms of him. Thus, portions of his report constitute rebuttal testimony but this is a very fine line.

### B. Should the Court exclude the report?

The question then becomes whether exclusion of the report is required. The test for exclusion under 37(c) is "very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (internal quotation marks and citation omitted). The potentially sanctioned party bears the burden of proving that their noncompliance with the disclosure rules was substantially justified or harmless. *Roberts ex rel Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citations omitted). The Court considers five factors to assess whether a party's untimely disclosure is substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclosure the evidence." *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citation omitted).

Considering the factors discussed above, Plaintiffs' untimely disclosure is harmless. Since there is no trial date set, the situation can be easily cured by modifying the scheduling order in this case. Additional time for discovery will be allowed and all other deadlines shall be extended.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' motion to strike the second report or, in the alternative, be permitted to take another deposition and file

responsive reports is **DENIED IN PART AND GRANTED IN PART**. The second report will not be stricken, and the matter is referred to the Magistrate Judge to modify the scheduling order accordingly.

Joseph H. McKinley Jr., Senior Judge
United States District Court

December 2, 2019

cc: counsel of record
    Magistrate Judge H. Brent Brennenstuhl