## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO: 4:15-CV-00077-JHM**

**CHARLES MORRIS, et al.**                                                                **PLAINTIFFS**

**V.**

**TYSON CHICKEN, INC., et al.**                                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to Seal Financial Information [DN 176] and Defendants' Motion for Leave to File Exhibit 2 Under Seal [DN 195]. Fully briefed, the matter is ripe for decision. For the following reasons, both motions are **GRANTED**.

### I.    BACKGROUND

Defendants' expert, Jason Anderson, reviewed Plaintiffs' tax returns and various financial statements. [DN 174-3 at 1]. When Plaintiffs moved to exclude Anderson's testimony, they included Anderson's report with some redacted financial information. [DN 174-3].[1] For its motion currently before the Court, Plaintiffs have included as an exhibit an unredacted version of Anderson's report. [DN 176-2]. Plaintiffs seek leave to seal their financial information in the report. [DN 176 at 1]. Defendants seek leave to file Anderson's report under seal for the reasons included Plaintiffs' Motion for Leave to Seal Financial Information. [DN 195].

### II.    LEGAL STANDARD

Federal Rule of Civil Procedure 5.2(d) allows courts to order that a filing be made under seal without redaction. Local Rule 5.6 also permits a party to move to file a document under seal. The Sixth Circuit "recognize[s] . . . a 'strong presumption in favor of openness' as to court records."

---

[1] Defendants have also filed a redacted version of Anderson's report. [DN 194-2].

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). The party that seeks to seal the records bears the heavy burden of overcoming that presumption where "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citations omitted). "To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citation omitted). "Where a party can show a compelling reason for sealing, the party must then show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason." *Id.* at 637 (citation omitted). "To do so, the party must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (citation omitted). If a district court opts to seal court records, "it must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (citation omitted).

### III. DISCUSSION

Plaintiffs argue that the financial information in Anderson's report that they seek to seal is the type of information where the privacy interests outweigh the public's right to know. [DN 176 at 3]. They also contend that they have narrowly tailored their request to only personal financial data. [*Id.* at 4].

"Courts have recognized the strong interest in keeping personal financial records from public view." *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 784 (S.D. Ohio 2018), *aff'd*, 954 F.3d 852 (6th Cir. 2020) (collecting cases). Here, Plaintiffs have shown a compelling interest in shielding from the public their personal financial information contained in Anderson's report. The interest in sealing personal financial information outweighs the public's interest in accessing the

information. *See Wedgewood Ltd. P'ship I v. Twp. of Liberty, Ohio*, No. CIV.A. 2:04-CV-1069, 2008 WL 4273084, at *2 (S.D. Ohio Sept. 11, 2008) (finding "testimony relating to plaintiff's private income and financial data is also deserving of protection if not otherwise publicly disclosed"). Finally, the information Plaintiffs seek to seal is narrowly tailored because they have only redacted their personal financial information. [DN 174-3]. Because Plaintiffs have overcome their burden, Anderson's report may be filed under seal.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Seal Financial Information [DN 176] and Defendants' Motion for Leave to File Exhibit 2 Under Seal [DN 195] are **GRANTED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

May 22, 2020

cc: counsel of record