# Exhibit 32

# Plaintiffs' Answers to Defendants First Interrogatories

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| CHARLES MORRIS, *et at.* | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | Case No. 4:15-cv-00077 |
| v. | ) | |
| | ) | Judge: Honorable Joseph H. McKinley |
| TYSON CHICKEN, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT TYSON CHICKEN, INC.'S FIRST INTERROGATORIES TO PLAINTIFF DOUG BROWN**

Comes now Plaintiff. Doug Brown. by and through counsel. and states that he is responding to the discovery requests within the purpose and meaning of the Federal Rules of Civil Procedure. Plaintiff states that he has made a reasonably diligent effort and inquiry to obtain the information sought and has supplied the information which has been procured. Plaintiff does not represent that the information supplied or the documents furnished are every single document or every bit of information that may have been in existence at any one particular time. Plaintiff states that the discovery requests are being answered within the parameters of the reasonable interpretation of the request and understandably by a reasonable person or entity.

**GENERAL OBJECTIONS**

1. Each of the following objections are specifically incorporated by reference into each of the following responses.

2. Plaintiff objects to each Interrogatory to the extent it is vague, ambiguous and/or confusing.

3. Plaintiff objects to each Interrogatory to the extent it seeks information and/or documentation that is not reasonably relevant to the subject matter in the pending action nor is reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each Interrogatory to the extent it is overly broad and unduly burdensome.

5. Plaintiff objects to each Interrogatory to the extent that the burden of deriving or ascertaining the documents is substantially the same for Defendant as to Plaintiff.

6. Plaintiff objects to each Interrogatory to the extent it may be construed as seeking information and/or documentation that invades the attorney/client, work product, trial preparation and consulting expert privileges or protections, spousal privilege, or any other privilege that may apply.

7. Plaintiff objects to each Interrogatory to the extent it seeks to impose discovery obligations upon Plaintiff beyond those provided in the Federal Rules of Civil Procedure.

8. Plaintiff objects to Defendants' Instruction No. 1 because it is overly broad, including, but not limited to calling on Plaintiff to uncover what is the knowledge of all entities and individuals who act and *purport* to act on Plaintiff's behalf. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and produce the information he can uncover after a reasonable search of materials within his possession, custody, or control. reasonable search.

9. Plaintiff objects to Defendants' Instruction No. 2 to the extent it seeks to impose any obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure.

10. Plaintiff objects to the Defendants' Definitions because they are overly broad vague and ambiguous.

11. Plaintiff objects to the Defendants' Definitions No. 5 and 6 to the extent they call for attorney-client communications or other privileged communications, such as communications protected by the work product or spousal privilege.

12. Plaintiff objects to Defendants' Definition No. 10 to the extent it seeks to impose any discovery obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and conduct a reasonable search.

13. Plaintiff specifically reserves the right to supplement these responses and objections.

14. Plaintiff further objects to Defendant's requests for each of the additional specific reasons stated herein.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify any and all written agreements you entered into with Defendant Tyson. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is overly broad and unduly burdensome, particularly because much of the information requested is in the sole possession of Defendants. Subject to and without waiver of those objections, Plaintiff states as follows, please refer to the contracts produced in response to Requests for Production of Documents for details regarding the contracts executed between Plaintiff and Tyson. Plaintiff further states that Plaintiff has entered into numerous written contracts and/or amendments with Tyson for the growing of broilers. Plaintiff does not believe he has a copy of all contracts signed with Tyson, but believes Tyson has copies of each. Thus, Plaintiff cannot possibly remember the**

**date of every agreement and all parties who signed them. Plaintiff believes his first contract was signed around May 1997 with Hudson Foods (predecessor to Tyson) and the most recent contract amendment was signed in approximately late 2010 or early 2011 with Tyson.**

INTERROGATORY NO. 2: Identify any and all written agreements you entered into with any entities other than Tyson for the purpose of growing chickens. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Subject to and without waiver of those objections, Plaintiff states that Plaintiff entered into a written contract with Hudson Foods (predecessor to Tyson) around May 1997 but has not entered into any written agreements with entities other than Hudson and Tyson for the purpose of growing chickens.**

INTERROGATORY NO. 3: Identify all oral agreements you contend you have entered into with Tyson. For each agreement, identify the date it was entered, the terms of the alleged agreement, the parties to the agreement, and the individuals who allegedly made such an agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Plaintiff also specifically objects because the request may call for a legal conclusion. Subject to and without waiver of those objections, Plaintiffs states that Plaintiff has been growing for Tyson for over 15 years and believes there are frequent oral agreements between Tyson employees and Plaintiff. For example, Tyson orally agrees with Plaintiff as to when chickens will be picked up or delivered or when feed will be picked up or delivered. Plaintiff cannot possibly recall the date, terms, and parties to each such agreement.**

INTERROGATORY NO. 4: Identify, by its business name, address, farm location, and/or common name, each chicken house you have ever owned, leased, or used for the purpose of growing chickens. For each chicken house identified, identify all chicken processing entities

for which the house has been utilized by you to grow chickens, the start and, if appropriate, end dates of such use, and the approximate square footage of each house.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, Plaintiff states that Plaintiff has three farms as identified below:**

**1. Doug Brown Number 1 (#5032): 525 Fox Road, Dawson Springs, Kentucky, used by Hudson from 1997 until Tyson acquired Hudson and has been used by Tyson since that date, includes 4 houses which are each 43 feet x 460 feet.**

**2. Doug Brown Number 2 (#5098): 815 Charleston Road, Dawson Springs, Kentucky, built in 1999 and used solely by Tyson, includes 4 houses which are each 43 feet x 460 feet.**

**3. Doug Brown Number 3 (#5184): 815 Charleston Road, Dawson Springs, Kentucky, built in 2009 and used solely by Tyson, includes 2 houses which are 55 feet x 500 feet.**

**Plaintiff has never operated other houses for the purpose of growing chickens.**

INTERROGATORY NO. 5: Identify all employees, independent contractors, laborers, and/or workers of any kind whom you have ever employed for the purpose of growing chickens on your behalf. For each person identified, state their name, last known address and phone numbers, dates of their retention on your behalf, and if no longer providing services, the reason for their resignation or departure, and a description of the services they provided.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Subject to and without waiver of those objections, Plaintiff states that he does not remember each employee he has employed over the past 18+ years but lists the following to the best of his recollection:**

**1. Jeffrey Walker**
**Last Known Address: Fox Road, Dawson Springs, Kentucky**
**Employed: Approximately 4 years**
**Reason For Departure – Still Employed by Plaintiff**
**Job Description: farm help**

**2. Roy Dunbar**
**Last Known Address: Dawson Springs, Kentucky**
**Employed: Approximately 10 years (part time)**
**Reason For Departure – Still Employed by Plaintiff**
**Job Description: farm help**

3. **Terry Littlepage**
**Last Known Address: Dawson Springs, Kentucky**
**Employed: Approximately 1.5 years (part time)**
**Reason For Departure – Still Employed by Plaintiff**
**Job Description: farm help**

4. **Jewel Clark**
**Last Known Address: Madisonville, Kentucky**
**Employed: As needed from approximately 2006-2008**
**Job Description: farm help**
**Reason for Departure – Do not recall**

5. **Michael Brown (son)**
**Last Known Address: Deceased**
**Employed: As needed from 1997-2013**
**Reason for Departure: Death**
**Job Description: farm help**

6. **Greg Holt**
**Last Known Address: Dawson Springs, Kentucky**
**Employed: Less than 1 week**
**Reason For Departure – Did not like chicken farming**
**Job Description: farm help**

INTERROGATORY NO. 6: Identify each and every social media or other Internet website to which you posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim you raise in this lawsuit. Include an identification of the Internet address, date(s), and substance of each posting you have made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, Plaintiff construes "social media or other Internet website" to mean Facebook, Twitter, LinkedIn, or online discussion forums. Plaintiff believes that in late 2015 he commented on a public Facebook post which involved a discussion regarding employment with Tyson. To the best of his recollection, he believes he posted a comment which had the substance of saying, "Go ahead and go work for this Christian based company and you will see what it is like." Plaintiff does not know the internet address of where this was posted. Plaintiff does not recall posting any other information on social media (as defined above) about Tyson, its employees, or any claim related to this lawsuit.**

INTERROGATORY NO. 7: Identify any person who or entity that has a financial interest in your farm and/or chicken operations, including all partners, silent partners, minority and majority owners, stockholders, investors, and financial backers. For each person or entity

identified, state their name, last known address and phone number, the dates their interests began and, if applicable, terminated, and the amounts and nature of their financial interests.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers Defendant to Plaintiffs' document production. Subject to and without waiver of the objections, Plaintiff further states, Plaintiff's farm is owned by Doug Brown and his wife, Jonnetta Brown. The following are the individuals/entities whom have held an interest in the farm:**

1. **Farmers Bank, Henderson, Kentucky, initial loan was in 1996 to purchase first farm for approximately $520,000.**
2. **First Financial Bank, Elizabethtown, Kentucky, took over initial loan and supplied additional funds, total note was for approximately $650,000.**
3. **Refinanced $580,000 from First Financial to Farm Credit (Madisonville, Kentucky) in approximately January 3, 2002 and took out additional $260,000.**
4. **January 13, 2005 took out an additional $60,250 for upgrades.**
5. **January 11, 2008 took out an additional $125,000 for brooders and upgrading to computer controllers.**
6. **October 13, 2008 took out an additional $136,000 and $514,000 to build his super houses and to upgrade tunnel fans in his old houses which was required to increase wind speed.**

INTERROGATORY NO. 8: Identify all documents, mortgages, leases, contracts, promissory notes, guarantees, and related documents that relate to any loans, debt, or money obtained by you and in relation to your chicken operations, whether for start-up, ongoing operations, or any other financial matter.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, please refer to response to Interrogatory No. 7 and Plaintiffs' document production. Plaintiff further states he has been growing for Tyson for over 15 years and cannot possibly recall all documents related to any funds received in connection with his operation.**

INTERROGATORY NO. 9: Identify each and every claim or suit, apart from this lawsuit, that you have ever made or filed against any person or entity or that has been made or

filed against you, including the name of the case, jurisdiction, the identity of any other parties, and the nature of the case and claims made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request calls for a legal conclusion. Subject to and without waiver of those objections, Plaintiff states, none.**

INTERROGATORY NO. 10: If you have ever been arrested for, charged with, or convicted of any felony or misdemeanor, state the date, jurisdiction, nature, and disposition of each such arrest, charge, or conviction.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, that this request is not applicable.**

INTERROGATORY NO. 11: Have you or your farming or chicken operations ever been the subject of any administrative or governmental investigation or related action? If so, identify when that investigation or action occurred, describe the nature of the action, the outcome of the action, and the court or administrative caption and number associated with the action.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, no.**

INTERROGATORY NO. 12: Identify any and all experts you may call at the trial of this matter and, for each expert identified, provide the subject matter about which he or she will testify.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff objects to this interrogatory on the basis that it is premature and violates Plaintiff's privileges, including, but not limited to, the attorney-client privilege and work product privilege. Subject to and without waiving those objections, Plaintiff agrees to provide this information in accordance with the Scheduling Order previously entered by the Court.**

INTERROGATORY NO. 13: Identify by name. address. and phone number all persons you believe may have information relating to the claims and defenses in this matter and/or who may have witnessed any events relating to the claims and defenses raised in this matter. For each such person. describe what information or events of which you believe they have knowledge.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, ambiguous and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, the following individuals are believed to have knowledge of Plaintiff's farm, its operations under the contract with Tyson, Defendants' operations, or the operation of entities related to Defendants or other integrators. Plaintiff has not listed addresses or phone numbers for the individuals under Tyson's control. For anyone else listed, their addresses have previously been disclosed herein.**

- **All employees identified in Interrogatory No. 5**
- **All individuals identified in Plaintiffs' disclosures**
- **All individuals identified in Defendants' disclosures**
- **Jennifer Parks – Tyson technician**
- **Ruben Bruce – Tyson technician**
- **Beau McGuire – Tyson technician**
- **James Catlin – Tyson technician**
- **Regina Kopping – Tyson technician**
- **Jared Shelton – Tyson manager**
- **Jim Bob Baldwin – delivers chicks**
- **Mike Brown – delivers chicks**
- **Neil Barfield – Tyson technician**
- **Jim Gottsponer – Tyson manager**
- **Kenny Bartley – Tyson manager**
- **David Dickey – Tyson manager**
- **David Mears – Tyson manager**
- **Allen Chambers – Tyson manager**
- **Steve Keys – Tyson Manager**
- **Allen Wise – Tyson manager**
- **Morris Heel – Tyson Manager**
- **Kevin Terrance – Tyson manager**
- **Cecilia Hanner – Tyson employee**
- **Mike Bonner – Hatchery**
- **All individuals identified in Plaintiffs' document production**
- **All individuals identified in Defendants' document production**
- **All individuals identified in Defendants' interrogatory responses**

INTERROGATORY NO. 14: Identify any oral or written statements you contend any current or former Tyson employee has said, made, or provided to you at any time that relates to your claims in this case. For each statement identified, describe the statement made and identify the date on which the statement was made, the person who made the statement, where it was heard or received, any witnesses to the statement, and whether it was oral or written.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory as overbroad and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states he has been growing for Tyson for over 15 years and cannot possibly remember all statements made by any employee that could relate to claims in this lawsuit as statements by Tyson employees are made frequently. Plaintiff refers Defendant to any and all documents produced in response to Defendants' Requests for Production of Documents and to any and all statements identified in the Complaint. By way of example only, Plaintiff lists the following statement(s):**

- **In approximately 2008 while discussions were happening regarding the potential of building super houses on his farm, Steve Keys told Plaintiff (while meeting at Doug Brown Number 2) that when he built the super houses he would get 35,000 birds per house per flock. Plaintiff relied on this statement when deciding to build his two super houses. Plaintiff has never gotten that many birds placed in his super houses for any given flock.**
- **Plaintiff remembers a conversation he had with Steve Keys in which Keys assured Plaintiff that Tyson takes care of its people so there was no reason to worry about how Tyson's system could be used to disadvantage growers.**
- **Prior to 2009, Plaintiff had discussion with Tyson employees about replacing the heaters in his houses. Allen Wise told Plaintiff that if he was going to upgrade the heaters then they had to be brooders or he would not get birds from Tyson. He was also told that if he were to put in radiant brooders, he would no longer have to place extra food trays out for the chicks. In reliance upon these statements Plaintiff borrowed $72,000 to upgrade his heaters to radiant brooders. After this upgrade new management came into Tyson who changed their mind. Plaintiff was told he still had to place extra trays out and is also aware that other growers did not have brooders whom were still allowed to grow for Tyson. Kenny Underwood witnessed this sequence of events. After this upgrade and during the time that many Perdue farmers were switching to Tyson, Steve Keys told Plaintiff that, "If you can get enough BTUs, if you can get enough by candles, we don't care what type of heat you have." Again, this was after Plaintiff was forced to put in brooders.**
- **Plaintiff visited Tyson's Robard's Kentucky plant around 2013-2014 and was told by Cecelia Hanner that he was grower of the year, but Kenny Bartley did not want to give the award that year because Kenny did not like Plaintiff.**

- In early 2015 (winter) there was a significant amount of snowfall and Tyson feed truck drivers were not able to deliver feed on time. Plaintiff was out of feed for approximately 24-36 hours straight which caused the birds to scratch each other, resulting in high condemn. Plaintiff spoke to Jared Shelton on the phone about the condemn rates because the feed outage was out of his control and was told by Mr. Shelton that Tyson would not compensate him for the high condemn because it was an act of God and the weather was not Tyson's fault.
- Plaintiff remembers a specific issue with a feed outage which occurred during the first few years in which Jennifer Parks was working for Tyson. Plaintiff called the feed mill because he was out of food and was told that food would be there by 9:00 p.m. that night. At 11:00 p.m. feed was still not present so he called the mill and was told that feed would be there the next day. Feed again did not arrive the entire next day, so Plaintiff called and told Jennifer Parks that if there was not feed on his farm by 7:00 a.m. the following day that he would call a news station to report on the matter. Within 30 minutes Plaintiff received a call from the feed mill saying feed was on its way out to his farm.
- In February 2016 Plaintiff was given a load of feed that was represented to him as being 55,460 pounds, although Jared Shelton had told him that they were having problems with scales at the weighlory because the temperature was so cold. Plaintiff felt there was no way that he was given as much food as he was told because the birds could not eat that much food as fast as they ate the shipment Plaintiff received. Neil (technician), David Dickey and Jim Gottsponer all came to Plaintiff's farm and told Plaintiff they would not compensate him for overcharging Plaintiff for the feed he received because their paperwork said that much feed was on that truck. Although normally at the top of settlements, Plaintiff settled fifth that week because of his feed conversion.
- Plaintiff refers Defendants to any and all documents in their production that relate to statements made by Tyson employees and to the recollections of Defendants' own employees.

As demonstrated by the specific statement(s) above, it would be impossible to recount all instances of statements made by Tyson employees that could relate to claims in this lawsuit.

INTERROGATORY NO. 15: Identify any document or record you may offer into evidence during the trial of this matter.

RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature and in violation of Plaintiff's privilege, including the attorney-client privilege and work product privilege. Subject to and without waiving said objections, Plaintiff refers Defendants to all documents exchanged during this

**litigation as those that could be offered into evidence during the trial of this matter, subject to the Federal Rules of Evidence. Plaintiff agrees to provide an exhibit list in accordance with pre-trial orders and/or Scheduling Orders entered by this Court.**

INTERROGATORY NO. 16: Provide a computation of the total damages you claim you are owed in this lawsuit, and specifically indicate the methodology used by you in calculating this total.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature as discovery is in its early stages and much of the documentation needed to answer this Interrogatory is in the sole control of Defendants. Plaintiff agrees to supplement this Interrogatory as more information becomes available.**

**/s/ John Whitfield, Esq.**
**John C. Whitfield**
**For All Objections**

This the 22nd day of April, 2016.

Respectfully Submitted,

/s/ John Whitfield, Esq.
John Whitfield, Esq. (KBA# 76410)
Caroline Ramsey Taylor (KBA# 95634)
**WHITFIELD, BRYSON & MASON LLP**
19 North Main Street
Madisonville, KY 42431
Telephone: (270) 821-0656
Fax: (270) 825-1163
Email: john@wbmllp.com
caroline@wbmllp.com

Gary E. Mason, Esq.
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 640-1160
Fax: (202) 429-2294
Email: gary@wbmllp.com

J. Dudley Butler, Esq.
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Dr.
Benton, MS 39039
Telephone: (662) 673-0091
Fax: (662) 673-0091
Email: jdb@farmandranchlaw.com

David S. Muraskin
**PUBLIC JUSTICE, P.C.**
1620 L St. NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Fax: (202) 232-7203
Email: dmuraskin@publicjustice.net

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I mailed the foregoing document on April 22, 2016 to the following counsel of record:

Robert T. Adams
Mark C. Tatum
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
Email: mtatum@shb.com
Email: rtadams@shb.com

and

Marc Wells
209 West Main Street
P.O. Box 644
Princeton, Kentucky 42445
Telephone: 270-365-5576
Facsimile: 270-365-5578
Email: marcwells.atty@yahoo.com

***Attorneys for Defendants***

/s/ John Whitfield, Esq.
John C. Whitfield

***Attorney for Plaintiffs***

**VERIFICATION**

I, Doug Brown of 525 Fox Road, Dawson Springs, KY 42408, do declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

On this the 21 day of April, 2016.

Doug Brown
Douglas Ray Brown (Apr 21, 2016)

Doug Brown

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| CHARLES MORRIS, *et at.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:15-cv-00077 |
| v. | ) | |
| | ) | Judge: Honorable Joseph H. McKinley |
| TYSON CHICKEN, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT TYSON CHICKEN, INC.'S FIRST INTERROGATORIES TO PLAINTIFF CHRISTOPHER BURCH**

Comes now Plaintiff, Christopher Burch, by and through counsel, and states that he is responding to the discovery requests within the purpose and meaning of the Federal Rules of Civil Procedure. Plaintiff states that he has made a reasonably diligent effort and inquiry to obtain the information sought and has supplied the information which has been procured. Plaintiff does not represent that the information supplied or the documents furnished are every single document or every bit of information that may have been in existence at any one particular time. Plaintiff states that the discovery requests are being answered within the parameters of the reasonable interpretation of the request and understandably by a reasonable person or entity.

**GENERAL OBJECTIONS**

1. Each of the following objections are specifically incorporated by reference into each of the following responses.

2. Plaintiff objects to each Interrogatory to the extent it is vague, ambiguous and/or confusing.

3. Plaintiff objects to each Interrogatory to the extent it seeks information and/or documentation that is not reasonably relevant to the subject matter in the pending action nor is reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each Interrogatory to the extent it is overly broad and unduly burdensome.

5. Plaintiff objects to each Interrogatory to the extent that the burden of deriving or ascertaining the documents is substantially the same for Defendant as to Plaintiff.

6. Plaintiff objects to each Interrogatory to the extent it may be construed as seeking information and/or documentation that invades the attorney/client, work product, trial preparation and consulting expert privileges or protections, spousal privilege, or any other privilege that may apply.

7. Plaintiff objects to each Interrogatory to the extent it seeks to impose discovery obligations upon Plaintiff beyond those provided in the Federal Rules of Civil Procedure.

8. Plaintiff objects to Defendants' Instruction No. 1 because it is overly broad, including, but not limited to calling on Plaintiff to uncover what is the knowledge of all entities and individuals who act and *purport* to act on Plaintiff's behalf. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and produce the information he can uncover after a reasonable search of materials in his possession, custody and control.

9. Plaintiff objects to Defendants' Instruction No. 2 to the extent it seeks to impose any obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure.

10. Plaintiff objects to the Defendants' Definitions because they are overly broad vague and ambiguous.

11. Plaintiff objects to the Defendants' Definitions No. 5 and 6 to the extent they call for attorney-client communications or other privileged communications, such as communications protected by the work product or spousal privilege.

12. Plaintiff objects to Defendants' Definition No. 10 to the extent it seeks to impose any discovery obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and conduct a reasonable search.

13. Plaintiff specifically reserves the right to supplement these responses and objections.

14. Plaintiff further objects to Defendant's requests for each of the additional specific reasons stated herein.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify any and all written agreements you entered into with Defendant Tyson. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is overly broad and unduly burdensome, particularly because much of the information requested is in the sole possession of Defendants. Subject to and without waiver of those objections, Plaintiff states as follows: Plaintiff has entered into numerous written contracts and/or amendments with Tyson for the growing of broilers. Plaintiff does not believe he has a copy of the contracts signed with Tyson, but believes Tyson has copies of each. Thus, Plaintiff cannot possibly remember the date of every agreement and all parties who signed them. Plaintiff believes the first contract was signed with Tyson in December 2005. Plaintiff believes he signed other contracts and/or amendments with Tyson during his tenure of growing with Tyson which ended in June 2015.**

INTERROGATORY NO. 2: Identify any and all written agreements you entered into with any entities other than Tyson for the purpose of growing chickens. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Subject to and without waiver of those objections, Plaintiff states that Plaintiff entered into a contract with Perdue in June 2015. Plaintiff has not entered into written agreements with any other entities for the purpose of growing chickens.**

INTERROGATORY NO. 3: Identify all oral agreements you contend you have entered into with Tyson. For each agreement, identify the date it was entered, the terms of the alleged agreement, the parties to the agreement, and the individuals who allegedly made such an agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Plaintiff also specifically objects because the request may call for a legal conclusion. Subject to and without waiver of those objections, Plaintiffs states that Plaintiff has grown for Tyson for 10 years and believes there are frequent oral agreements between Tyson employees and Plaintiff. For example, Tyson orally agrees with Plaintiff as to when chickens will be picked up or delivered or when feed will be picked up or delivered. Plaintiff cannot possibly recall the date, terms, and parties to each such agreement.**

INTERROGATORY NO. 4: Identify, by its business name, address, farm location, and/or common name, each chicken house you have ever owned, leased, or used for the purpose of growing chickens. For each chicken house identified, identify all chicken processing entities for which the house has been utilized by you to grow chickens, the start and, if appropriate, end dates of such use, and the approximate square footage of each house.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, Plaintiff states that Plaintiff has**

**one farm called Burch Poultry (Tyson #5136). This farm has 4 houses, although one of his houses burned down in approximately June 2013 and had to be rebuilt. The address of the farm is 500 Leslie Smith Lane, Calhoun, Kentucky. Plaintiff began operating this farm in 2005 under a contract with Tyson. Tyson used these houses until June 2015 when they were taken over by Perdue. All of Plaintiff's houses are approximately 43 feet x 460 feet.**

**Plaintiff has never operated other houses for the purpose of growing chickens.**

INTERROGATORY NO. 5: Identify all employees, independent contractors, laborers, and/or workers of any kind whom you have ever employed for the purpose of growing chickens on your behalf. For each person identified, state their name, last known address and phone numbers, dates of their retention on your behalf, and if no longer providing services, the reason for their resignation or departure, and a description of the services they provided.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections Subject to and without waiver of those objections, Plaintiff states he has never employed anyone to help with growing chickens.**

INTERROGATORY NO. 6: Identify each and every social media or other Internet website to which you posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim you raise in this lawsuit. Include an identification of the Internet address, date(s), and substance of each posting you have made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, Plaintiff construes "social media or other Internet website" to mean Facebook, Twitter, LinkedIn, or online discussion forums. Plaintiff has not posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim raised in this lawsuit on any such site.**

INTERROGATORY NO. 7: Identify any person who or entity that has a financial interest in your farm and/or chicken operations, including all partners, silent partners, minority and majority owners, stockholders, investors, and financial backers. For each person or entity

identified, state their name, last known address and phone number, the dates their interests began and, if applicable, terminated, and the amounts and nature of their financial interests.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, Plaintiff further states, the following are the individuals/entities whom have held an interest in the farm:**

1. **Wells Fargo, located in Iowa, loan taken out in approximately June 2005 for the purchase of Plaintiffs' farm for approximately $552,000. This was later paid off by a refinance with BB&T (below).**
2. **BB&T, Owensboro, Plaintiff refinanced his farm in approximately 2009-2010 in the amount of $430,000 which also paid off the Wells Fargo loan.**
3. **BB&T, Owensboro, Plaintiff took out an additional approximately $100,000 which was used to rebuild the house that burned and perform upgrades on his farm. This was consolidated with the other BB&T loan, both which are still outstanding.**

INTERROGATORY NO. 8: Identify all documents, mortgages, leases, contracts, promissory notes, guarantees, and related documents that relate to any loans, debt, or money obtained by you and in relation to your chicken operations, whether for start-up, ongoing operations, or any other financial matter.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, please refer to response to Interrogatory No. 7. Plaintiff further states he grew for Tyson for 10 years and cannot possibly recall all documents related to any funds received in connection with his operation.**

INTERROGATORY NO. 9: Identify each and every claim or suit, apart from this lawsuit, that you have ever made or filed against any person or entity or that has been made or filed against you, including the name of the case, jurisdiction, the identity of any other parties, and the nature of the case and claims made.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request calls for a legal conclusion. Subject to and without waiver of those objections, Plaintiff states, none.**

INTERROGATORY NO. 10: If you have ever been arrested for, charged with, or convicted of any felony or misdemeanor, state the date, jurisdiction, nature, and disposition of each such arrest, charge, or conviction.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states that he plead guilty to a DUI in Daviess County in 2009.**

INTERROGATORY NO. 11: Have you or your farming or chicken operations ever been the subject of any administrative or governmental investigation or related action? If so, identify when that investigation or action occurred, describe the nature of the action, the outcome of the action, and the court or administrative caption and number associated with the action.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, no.**

INTERROGATORY NO. 12: Identify any and all experts you may call at the trial of this matter and, for each expert identified, provide the subject matter about which he or she will testify.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff objects to this interrogatory on the basis that it is premature and violates Plaintiff's privileges, including, but not limited to, the attorney-client privilege and work product privilege. Subject to and without waiving those objections, Plaintiff agrees to provide this information in accordance with the Scheduling Order previously entered by the Court.**

INTERROGATORY NO. 13: Identify by name, address, and phone number all persons you believe may have information relating to the claims and defenses in this matter and/or who

may have witnessed any events relating to the claims and defenses raised in this matter. For each such person, describe what information or events of which you believe they have knowledge.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, ambiguous and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, the following individuals are believed to have knowledge of Plaintiff's farm, its operations under the contract with Tyson, Defendants' operations, or the operation of entities related to Defendants or other integrators. Plaintiff has not listed addresses or phone numbers for the individuals under Tyson's control. For anyone else listed, their addresses have previously been disclosed herein.**

- **All employees identified in Interrogatory No. 5**
- **All individuals identified in Plaintiffs' disclosures**
- **All individuals identified in Defendants' disclosures**
- **Neil – Tyson Technician**
- **Wayne Hendrix – Tyson Technician**
- **Beau – Tyson Technician**
- **Eric Brown – Tyson Technician**
- **Ruban Bruce – Tyson Technician**
- **Jennifer – Tyson Technician**
- **Jared Shelton – Tyson Manager**
- **Jim Gottsponer – Tyson Manager**
- **Kenny Bartley – Tyson Manager**
- **All individuals identified in Plaintiffs' document production**
- **All individuals identified in Defendants' document production**
- **All individuals identified in Defendants' interrogatory responses**

INTERROGATORY NO. 14: Identify any oral or written statements you contend any current or former Tyson employee has said, made, or provided to you at any time that relates to your claims in this case. For each statement identified, describe the statement made and identify the date on which the statement was made, the person who made the statement, where it was heard or received, any witnesses to the statement, and whether it was oral or written.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory as overbroad and unduly burdensome. He grew for Tyson for 10 years and cannot possibly remember all statements made by any employee that could relate to claims in this lawsuit as statements by Tyson employees are made frequently. Subject to and without waiver of those objections, Plaintiff refers Defendant to any and all documents produced in response to Defendants' Requests for Production of Documents and to any and all**

**statements identified in the Complaint. By way of example only, Plaintiff lists the following statement(s):**

- **Plaintiff remembers multiple Tyson technicians telling him that the outcome of a flock "depends on the birds you get."**
- **Approximately 4 years ago (when the Georgia-08 became a problem) Plaintiff had 3 bad flocks in a row and his technician at the time, Eric Brown, told Plaintiff that it was his fault. Approximately 6 months later Plaintiff was told by Neil Barfield while eating lunch with him at Subway that Georgia-08 was found on his farm from testing done surrounding the bad flocks. Plaintiff went to the Tyson plant and met with Kenny Bartley and Jared Shelton who ended up compensating him $1,000 because of the problems with his past flocks.**
- **Plaintiff told Beau that he wanted to put scales on his feed bins and was told by Beau that "it would not be in his best interests to do that."**
- **During Plaintiff's second to last flock he was told by his technician Eric that his chickens would be caught on Monday night. At 3:00 a.m. Monday night/Tuesday morning Plaintiff called Tyson's headquarters and was told they were not going to catch his chickens that night but would be caught the next night (Tuesday) which caused his birds to be taken off feed for an extended period of time. Tyson paid Plaintiff $120 which was to cover 10 hours of his time for waiting on the catch crew to never come.**
- **Plaintiff refers Defendants to any and all documents in their production that relate to statements made by Tyson employees and to the recollections of Defendants' own employees.**

**As demonstrated by the specific statement(s) above, it would be impossible to recount all instances of statements made by Tyson employees that could relate to claims in this lawsuit.**

<u>INTERROGATORY NO. 15:</u> Identify any document or record you may offer into evidence during the trial of this matter.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature and in violation of Plaintiff's privilege, including the attorney-client privilege and work product privilege. Subject to and without waiving said objections, Plaintiff refers Defendants to all documents exchanged during this litigation as those that could be offered into evidence during the trial of this matter, subject to the Federal Rules of Evidence. Plaintiff agrees to provide an exhibit list in accordance with pre-trial orders and/or Scheduling Orders entered by this Court.**

INTERROGATORY NO. 16: Provide a computation of the total damages you claim you are owed in this lawsuit, and specifically indicate the methodology used by you in calculating this total.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature as discovery is in its early stages and much of the documentation needed to answer this Interrogatory is in the sole control of Defendants. Plaintiff agrees to supplement this Interrogatory as more information becomes available.**

**/s/ John Whitfield, Esq.**
**John C. Whitfield**
**For All Objections**

This the 22nd day of April, 2016.

Respectfully Submitted,

/s/ John Whitfield, Esq.
John Whitfield, Esq. (KBA# 76410)
Caroline Ramsey Taylor (KBA# 95634)
**WHITFIELD, BRYSON & MASON LLP**
19 North Main Street
Madisonville, KY 42431
Telephone: (270) 821-0656
Fax: (270) 825-1163
Email: john@wbmllp.com
caroline@wbmllp.com

Gary E. Mason, Esq.
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 640-1160
Fax: (202) 429-2294
Email: gary@wbmllp.com

J. Dudley Butler, Esq.
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Dr.
Benton, MS 39039
Telephone: (662) 673-0091
Fax: (662) 673-0091
Email: jdb@farmandranchlaw.com

David S. Muraskin
**PUBLIC JUSTICE, P.C.**
1620 L St. NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Fax: (202) 232-7203
Email: dmuraskin@publicjustice.net

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I mailed the foregoing document on April 22nd, 2016 to the following counsel of record:

Robert T. Adams
Mark C. Tatum
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
Email: mtatum@shb.com
Email: rtadams@shb.com

and

Marc Wells
209 West Main Street
P.O. Box 644
Princeton, Kentucky 42445
Telephone: 270-365-5576
Facsimile: 270-365-5578
Email: marcwells.atty@yahoo.com

***Attorneys for Defendants***

/s/ John Whitfield, Esq.
John C. Whitfield, Esq.

***Attorney for Plaintiffs***

**VERIFICATION**

I, Christopher Burch of 1423 Bazel Young Road, Calhoun, KY 42327, do declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

On this the 14 day of April, 2016.

Christopher S. Burch (Apr 14, 2016)

Christopher Burch

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| CHARLES MORRIS, *et at.* | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:15-cv-00077 |
| v. | ) | |
| | ) | Judge: Honorable Joseph H. McKinley |
| TYSON CHICKEN, INC., *et al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT TYSON CHICKEN, INC.'S FIRST INTERROGATORIES TO PLAINTIFF DENNIS CLAPP**

Comes now Plaintiff, Dennis Clapp, by and through counsel, and states that he is responding to the discovery requests within the purpose and meaning of the Federal Rules of Civil Procedure. Plaintiff states that he has made a reasonably diligent effort and inquiry to obtain the information sought and has supplied the information which has been procured. Plaintiff does not represent that the information supplied or the documents furnished are every single document or every bit of information that may have been in existence at any one particular time. Plaintiff states that the discovery requests are being answered within the parameters of the reasonable interpretation of the request and understandably by a reasonable person or entity.

## GENERAL OBJECTIONS

1. Each of the following objections are specifically incorporated by reference into each of the following responses.

2. Plaintiff objects to each Interrogatory to the extent it is vague, ambiguous and/or confusing.

3. Plaintiff objects to each Interrogatory to the extent it seeks information and/or documentation that is not reasonably relevant to the subject matter in the pending action nor is reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each Interrogatory to the extent it is overly broad and unduly burdensome.

5. Plaintiff objects to each Interrogatory to the extent that the burden of deriving or ascertaining the documents is substantially the same for Defendant as to Plaintiff.

6. Plaintiff objects to each Interrogatory to the extent it may be construed as seeking information and/or documentation that invades the attorney/client, work product, trial preparation and consulting expert privileges or protections, spousal privilege, or any other privilege that may apply.

7. Plaintiff objects to each Interrogatory to the extent it seeks to impose discovery obligations upon Plaintiff beyond those provided in the Federal Rules of Civil Procedure.

8. Plaintiff objects to Defendants' Instruction No. 1 because it is overly broad, including, but not limited to calling on Plaintiff to uncover what is the knowledge of all entities and individuals who act and *purport* to act on Plaintiff's behalf. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and produce the information he can uncover after a reasonable search of materials in his possession, custody and control.

9. Plaintiff objects to Defendants' Instruction No. 2 to the extent it seeks to impose any obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure.

10. Plaintiff objects to the Defendants' Definitions because they are overly broad vague and ambiguous.

11. Plaintiff objects to the Defendants' Definitions No. 5 and 6 to the extent they call for attorney-client communications or other privileged communications, such as communications protected by the work product or spousal privilege.

12. Plaintiff objects to Defendants' Definition No. 10 to the extent it seeks to impose any discovery obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and conduct a reasonable search.

13. Plaintiff specifically reserves the right to supplement these responses and objections.

14. Plaintiff further objects to Defendant's requests for each of the additional specific reasons stated herein.

**INTERROGATORIES**

INTERROGATORY NO. 1: Identify any and all written agreements you entered into with Defendant Tyson. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is overly broad and unduly burdensome, particularly because much of the information requested is in the sole possession of Defendants. Subject to and without waiver of those objections, Plaintiff states as follows, please refer to the contracts produced in response to Requests for Production of Documents for details regarding the contracts executed between Plaintiff and Tyson. Plaintiff further states that Plaintiff has entered into numerous written contracts and amendments with Tyson for the growing of broilers. Plaintiff does not believe he has a copy of all contracts signed with Tyson, but believes Tyson has copies of each. Thus, Plaintiff cannot possibly remember the date of every agreement and all parties who signed them. Plaintiff believes the first contract was signed with Hudson (Tyson's predecessor) in 1999 and the most recent contract with Tyson was signed in approximately 2014.**

INTERROGATORY NO. 2: Identify any and all written agreements you entered into with any entities other than Tyson for the purpose of growing chickens. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Subject to and without waiver of those objections, Plaintiff states that Plaintiff initially entered into a contract with Hudson, Tyson's predecessor, in 1999. Plaintiff believes Tyson acquired Hudson sometime there after. Plaintiff has not entered into written agreements with any other entities for the purpose of growing chickens.**

INTERROGATORY NO. 3: Identify all oral agreements you contend you have entered into with Tyson. For each agreement, identify the date it was entered, the terms of the alleged agreement, the parties to the agreement, and the individuals who allegedly made such an agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Plaintiff also specifically objects because the request may call for a legal conclusion. Subject to and without waiver of those objections, Plaintiffs states that Plaintiff has been growing for Tyson for approximately 15 years and believes there are frequent oral agreements between Tyson employees and Plaintiff. For example, Tyson orally agrees with Plaintiff as to when chickens will be picked up or delivered or when feed will be picked up or delivered. Plaintiff cannot possibly recall the date, terms, and parties to each such agreement.**

INTERROGATORY NO. 4: Identify, by its business name, address, farm location, and/or common name, each chicken house you have ever owned, leased, or used for the purpose of growing chickens. For each chicken house identified, identify all chicken processing entities for which the house has been utilized by you to grow chickens, the start and, if appropriate, end dates of such use, and the approximate square footage of each house.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous.**

**Subject to and without waiver of those objections, Plaintiff states that Plaintiff has one farm called Dennis & Susan Clapp DBA Hilltop Poultry. This farm has 8 houses. The address of the farm is 570 Hollis Lane, Madisonville, Kentucky. Plaintiff began operating this farm in 1999 under a contract with Hudson which was later taken over by Tyson. All of Plaintiff's houses are approximately 510 feet x 43 feet.**

**Plaintiff has never operated other houses for the purpose of growing chickens.**

INTERROGATORY NO. 5: Identify all employees, independent contractors, laborers, and/or workers of any kind whom you have ever employed for the purpose of growing chickens on your behalf. For each person identified, state their name, last known address and phone numbers, dates of their retention on your behalf, and if no longer providing services, the reason for their resignation or departure, and a description of the services they provided.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections Subject to and without waiver of those objections, Plaintiff states:**

1. **Jose Ramirez**
   **Last Known Address: 571 Hollis Lane, Madisonville, Kentucky**
   **Employed: Approximately November 2014-Present**
   **Job Description: Farm Manager**
2. **Fransisco**
   **Last Known Address: 571 Hollis Lane, Madisonville, Kentucky**
   **Employed: Approximately November 2013-November 2014**
   **Reason For Initial Departure – New Job**
   **Job Description: farm help**
3. **Justimino Castro Paco**
   **Last Known Address: 571 Hollis Lane, Madisonville, Kentucky**
   **Employed: Approximately 1 year**
   **Reason For Departure – Let go for reasons unrelated to job**
   **Job Description: farm help**

INTERROGATORY NO. 6: Identify each and every social media or other Internet website to which you posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim you raise in this lawsuit. Include an identification of the Internet address, date(s), and substance of each posting you have made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly**

**broad and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, Plaintiff construes "social media or other Internet website" to mean Facebook, Twitter, LinkedIn, or online discussion forums. Plaintiff has not posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim raised in this lawsuit on any such site.**

INTERROGATORY NO. 7: Identify any person who or entity that has a financial interest in your farm and/or chicken operations, including all partners, silent partners, minority and majority owners, stockholders, investors, and financial backers. For each person or entity identified, state their name, last known address and phone number, the dates their interests began and, if applicable, terminated, and the amounts and nature of their financial interests.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers Defendant to Plaintiffs' document production. Plaintiff further states, Plaintiff's farm is held in his name. There is a current lawsuit pending in Hopkins County, Kentucky between Plaintiff and his brother, Jimmy Clapp, regarding an alleged partnership agreement between the brothers. The suit has yet to be resolved. Other than the pending suit, the following are the individuals/entities who have held an interest in the farm:**

1. **John Hancock, see loan documentation and/or tax returns attached to Requests for Production for exact amounts.**
2. **Farm Credit, see loan documentation and/or tax returns attached to Requests for Production for exact amounts.**
3. **First United Bank, Madisonville, Kentucky, currently has a line of credit.**

INTERROGATORY NO. 8: Identify all documents, mortgages, leases, contracts, promissory notes, guarantees, and related documents that relate to any loans, debt, or money obtained by you and in relation to your chicken operations, whether for start-up, ongoing operations, or any other financial matter.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, please refer to response to Interrogatory No. 7 and Plaintiffs' document production. Plaintiff further states he has been growing for Tyson for approximately 15 years**

**and cannot possibly recall all documents related to any funds received in connection with his operation.**

INTERROGATORY NO. 9: Identify each and every claim or suit, apart from this lawsuit, that you have ever made or filed against any person or entity or that has been made or filed against you, including the name of the case, jurisdiction, the identity of any other parties, and the nature of the case and claims made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request calls for a legal conclusion. Subject to and without waiver of those objections, Plaintiff states:**

1. **Jimmy Clapp v. Dennis Clapp: contract dispute currently pending in Hopkins County, Kentucky.**
2. **Dennis Clapp v. Jamie Von Damar: divorce filed in Marshall County, Kentucky, approximately 26 years ago.**

INTERROGATORY NO. 10: If you have ever been arrested for, charged with, or convicted of any felony or misdemeanor, state the date, jurisdiction, nature, and disposition of each such arrest, charge, or conviction.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states that this request is not applicable.**

INTERROGATORY NO. 11: Have you or your farming or chicken operations ever been the subject of any administrative or governmental investigation or related action? If so, identify when that investigation or action occurred, describe the nature of the action, the outcome of the action, and the court or administrative caption and number associated with the action.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Without waiver of those objections, Plaintiff states, no.**

INTERROGATORY NO. 12: Identify any and all experts you may call at the trial of this matter and, for each expert identified, provide the subject matter about which he or she will testify.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff objects to this interrogatory on the basis that it is premature and violates Plaintiff's privileges, including, but not limited to, the attorney-client privilege and work product privilege. Subject to and without waiving those objections, Plaintiff agrees to provide this information in accordance with the Scheduling Order previously entered by the Court.**

INTERROGATORY NO. 13: Identify by name, address, and phone number all persons you believe may have information relating to the claims and defenses in this matter and/or who may have witnessed any events relating to the claims and defenses raised in this matter. For each such person, describe what information or events of which you believe they have knowledge.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, ambiguous and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, the following individuals are believed to have knowledge of Plaintiff's farm, its operations under the contract with Tyson, Defendants' operations, or the operation of entities related to Defendants or other integrators. Plaintiff has not listed addresses or phone numbers for the individuals under Tyson's control. For anyone else listed, their addresses have previously been disclosed herein.**

- **All employees identified in Interrogatory No. 5**
- **All individuals identified in Plaintiffs' disclosures**
- **All individuals identified in Defendants' disclosures**
- **Neil – Tyson Technician**
- **Regina – Tyson Technician**
- **Jennifer – Tyson Technician**
- **Beau – Tyson Technician**
- **Eric Brown – Tyson Technician**
- **Vince Galloway – Tyson Technician**
- **Joe Duckworth – Tyson Technician**
- **Ruban – Tyson Technician**
- **Jim Bob – delivers chicks**
- **David Dickey – Tyson Manager**
- **Jim Gottsponer – Tyson Manager**
- **All individuals identified in Plaintiffs' document production**

- **All individuals identified in Defendants' document production**
- **All individuals identified in Defendants' interrogatory responses**

INTERROGATORY NO. 14: Identify any oral or written statements you contend any current or former Tyson employee has said, made, or provided to you at any time that relates to your claims in this case. For each statement identified, describe the statement made and identify the date on which the statement was made, the person who made the statement, where it was heard or received, any witnesses to the statement, and whether it was oral or written.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory as overbroad and unduly burdensome. He has been growing for Tyson for approximately 15 years and cannot possibly remember all statements made by any employee that could relate to claims in this lawsuit as statements by Tyson employees are made frequently. Subject to and without waiver of those objections, Plaintiff refers Defendant to any and all documents produced in response to Defendants' Requests for Production of Documents and to any and all statements identified in the Complaint. By way of example only, Plaintiff lists the following statement(s):**

- **In February 2014, there were issues with the chickens getting diseases and Plaintiff was told by Joel Savenfield that he was 90% sure that Tyson brought in the GA-08 problem to the farms because of the Tyson trucks carrying carcasses from other Tyson facilities. This was spoken to Plaintiff while on his farm.**
- **In February 2016, Plaintiff went to the Tyson hatchery. He had a conversation with Ben (believed to be the hatchery manager) about the imbrex machine because it did not seem to be working properly. Ben believed that the bottle should be clear all the time but the solution used had turned the bottle a milky color so the sensor would not pick up when the bottle was empty, thus the bottle was used even though it was empty so certain eggs did not getting the proper initial vaccine.**
- **In 2014 Plaintiff was told by Jim Bob that something happened at the hatchery to cause 21,300 birds to die in one week. This was an oral conversation that happened on Plaintiff's farm.**
- **Plaintiff refers Defendants to any and all documents in their production that relate to statements made by Tyson employees and to the recollections of Defendants' own employees.**

**As demonstrated by the specific statement(s) above, it would be impossible to recount all instances of statements made by Tyson employees that could relate to claims in this lawsuit.**

INTERROGATORY NO. 15: Identify any document or record you may offer into evidence during the trial of this matter.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature and in violation of Plaintiff's privilege, including the attorney-client privilege and work product privilege. Subject to and without waiving said objections, Plaintiff refers Defendants to all documents exchanged during this litigation as those that could be offered into evidence during the trial of this matter, subject to the Federal Rules of Evidence. Plaintiff agrees to provide an exhibit list in accordance with pre-trial orders and/or Scheduling Orders entered by this Court.**

INTERROGATORY NO. 16: Provide a computation of the total damages you claim you are owed in this lawsuit, and specifically indicate the methodology used by you in calculating this total.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature as discovery is in its early stages and much of the documentation needed to answer this Interrogatory is in the sole control of Defendants. Plaintiff agrees to supplement this Interrogatory as more information becomes available.**

**/s/ John Whitfield, Esq.**
**John C. Whitfield**
**For All Objections**

This the 22nd day of April, 2016.

Respectfully Submitted,

/s/ John Whitfield, Esq.
John Whitfield, Esq. (KBA# 76410)
Caroline Ramsey Taylor (KBA# 95634)
**WHITFIELD, BRYSON & MASON LLP**
19 North Main Street
Madisonville, KY 42431
Telephone: (270) 821-0656
Fax: (270) 825-1163
Email: john@wbmllp.com
caroline@wbmllp.com

Gary E. Mason, Esq.
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 640-1160
Fax: (202) 429-2294
Email: gary@wbmllp.com

J. Dudley Butler, Esq.
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Dr.
Benton, MS 39039
Telephone: (662) 673-0091
Fax: (662) 673-0091
Email: jdb@farmandranchlaw.com

David S. Muraskin
**PUBLIC JUSTICE, P.C.**
1620 L St. NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Fax: (202) 232-7203
Email: dmuraskin@publicjustice.net

***Attorneys for Plaintiffs***

## Certificate of Service

I hereby certify that I mailed the foregoing document on April 22, 2016 to the following counsel of record:

Robert T. Adams
Mark C. Tatum
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
Email: mtatum@shb.com
Email: rtadams@shb.com

and

Marc Wells
209 West Main Street
P.O. Box 644
Princeton, Kentucky 42445
Telephone: 270-365-5576
Facsimile: 270-365-5578
Email: marcwells.atty@yahoo.com

***Attorneys for Defendants***

/s/ John Whitfield, Esq.
John C. Whitfield

***Attorney for Plaintiffs***

**VERIFICATION**

I, Dennis Clapp of 570 Hollis Lane, Madisonville, Kentucky, do declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

On this the 5th day of April, 2016.

Dennis D Clapp
Dennis Clapp

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| CHARLES MORRIS, *et al.* | ) | |
| Plaintiffs, | ) | Case No. 4:15-cv-00077 |
| v. | ) | Judge: Honorable Joseph H. McKinley |
| TYSON CHICKEN, INC., *et al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT TYSON CHICKEN, INC.'S FIRST INTERROGATORIES TO PLAINTIFF KEITH CRABTREE**

Comes now Plaintiff, Keith Crabtree, by and through counsel, and states that he is responding to the discovery requests within the purpose and meaning of the Federal Rules of Civil Procedure. Plaintiff states that he has made a reasonably diligent effort and inquiry to obtain the information sought and has supplied the information which has been procured. Plaintiff does not represent that the information supplied or the documents furnished are every single document or every bit of information that may have been in existence at any one particular time. Plaintiff states that the discovery requests are being answered within the parameters of the reasonable interpretation of the request and understandably by a reasonable person or entity.

## GENERAL OBJECTIONS

1. Each of the following objections are specifically incorporated by reference into each of the following responses.

2. Plaintiff objects to each Interrogatory to the extent it is vague, ambiguous and/or confusing.

3. Plaintiff objects to each Interrogatory to the extent it seeks information and/or documentation that is not reasonably relevant to the subject matter in the pending action nor is reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each Interrogatory to the extent it is overly broad and unduly burdensome.

5. Plaintiff objects to each Interrogatory to the extent that the burden of deriving or ascertaining the documents is substantially the same for Defendant as to Plaintiff.

6. Plaintiff objects to each Interrogatory to the extent it may be construed as seeking information and/or documentation that invades the attorney/client, work product, trial preparation and consulting expert privileges or protections, spousal privilege, or any other privilege that may apply.

7. Plaintiff objects to each Interrogatory to the extent it seeks to impose discovery obligations upon Plaintiff beyond those provided in the Federal Rules of Civil Procedure.

8. Plaintiff objects to Defendants' Instruction No. 1 because it is overly broad, including, but not limited to calling on Plaintiff to uncover what is the knowledge of all entities and individuals who act and *purport* to act on Plaintiff's behalf. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and produce the information he can uncover after a reasonable search of materials in his possession, custody and control.

9. Plaintiff objects to Defendants' Instruction No. 2 to the extent it seeks to impose any obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure.

10. Plaintiff objects to the Defendants' Definitions because they are overly broad vague and ambiguous.

11. Plaintiff objects to the Defendants' Definitions No. 5 and 6 to the extent they call for attorney-client communications or other privileged communications, such as communications protected by the work product or spousal privilege.

12. Plaintiff objects to Defendants' Definition No. 10 to the extent it seeks to impose any discovery obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and conduct a reasonable search.

13. Plaintiff specifically reserves the right to supplement these responses and objections.

14. Plaintiff further objects to Defendant's requests for each of the additional specific reasons stated herein.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify any and all written agreements you entered into with Defendant Tyson. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is overly broad and unduly burdensome, particularly because much of the information requested is in the sole possession of Defendants. Subject to and without waiver of those objections, Plaintiff states as follows, please refer to the contracts produced in response to Defendants' Requests for Production of Documents for details regarding the contracts executed between Plaintiff and Tyson. Plaintiff further states that Plaintiff has entered into numerous written contracts and amendments with Tyson for the growing of broilers. Plaintiff does not believe he has a copy of all contracts signed with Tyson, but believes Tyson has copies of each. Thus, Plaintiff cannot possibly remember the date of every agreement and all parties who signed them. Plaintiff believes the first contract was signed in August 2010 and the most recent contract amendment was signed in approximately late 2015.**

INTERROGATORY NO. 2: Identify any and all written agreements you entered into with any entities other than Tyson for the purpose of growing chickens. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Subject to and without waiver of those objections, Plaintiff states that he entered into a contract with Perdue in January 2006 for the purpose of growing chickens. He does not believe any subsequent Perdue contracts were signed prior to signing with Tyson in 2010.**

INTERROGATORY NO. 3: Identify all oral agreements you contend you have entered into with Tyson. For each agreement, identify the date it was entered, the terms of the alleged agreement, the parties to the agreement, and the individuals who allegedly made such an agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Plaintiff also specifically objects because the request may call for a legal conclusion. Subject to and without waiver of those objections, Plaintiffs states that Plaintiff has been growing for Tyson for over 5 years and believes there are frequent oral agreements between Tyson employees and Plaintiff. For example, Tyson orally agrees with Plaintiff as to when chickens will be picked up or delivered or when feed will be picked up or delivered. Plaintiff cannot possibly recall the date, terms, and parties to each such agreement.**

INTERROGATORY NO. 4: Identify, by its business name, address, farm location, and/or common name, each chicken house you have ever owned, leased, or used for the purpose of growing chickens. For each chicken house identified, identify all chicken processing entities for which the house has been utilized by you to grow chickens, the start and, if appropriate, end dates of such use, and the approximate square footage of each house.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous.**

**Subject to and without waiver of those objections, Plaintiff states that Plaintiff owns two farms named as Crabtree Farms (#5198) and K&C (#5192). K&C is located at 2000 Hwy. 797, Calhoun, Kentucky 42327. Purdue used the houses at K&C from January 2006-July 2010. Tyson used the houses at K&C from August 2010 to present. K&C has 4 houses which are each 40 feet x 500 feet. Crabtree Farms is also located at 2000 Hwy. 797, Calhoun, Kentucky 42327. Tyson is the only integrator who has used these houses as they were built and began operation in October 2011. There are 2 houses on Crabtree Farms which measure 56 feet by 510 feet each.**

**Plaintiff also leased two houses located at Highway 81 during 2009-2010 which were operated by Perdue. These houses were 40 feet by 500 feet and owned by Judy Brackett.**

**Plaintiff has not operated other houses for the purpose of growing chickens.**

INTERROGATORY NO. 5: Identify all employees, independent contractors, laborers, and/or workers of any kind whom you have ever employed for the purpose of growing chickens on your behalf. For each person identified, state their name, last known address and phone numbers, dates of their retention on your behalf, and if no longer providing services, the reason for their resignation or departure, and a description of the services they provided.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections Subject to and without waiver of those objections, Plaintiff states:**

1. **Elija Murphy**
   **Last Known Address: Sacramento**
   **Employed on an as needed, part time basis in 2012**
   **Job Description: Farm Help**
2. **David Pagan**
   **Last Known Address: Owensboro**
   **Employed on an as needed, part time basis in 2011**
   **Job Description: Farm Help**

INTERROGATORY NO. 6: Identify each and every social media or other Internet website to which you posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim you raise in this lawsuit. Include an identification of the Internet address, date(s), and substance of each posting you have made.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, Plaintiff construes "social media or other Internet website" to mean Facebook, Twitter, LinkedIn, or online discussion forums. Plaintiff has not posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim raised in this lawsuit on any such site.**

<u>INTERROGATORY NO. 7:</u> Identify any person who or entity that has a financial interest in your farm and/or chicken operations, including all partners, silent partners, minority and majority owners, stockholders, investors, and financial backers. For each person or entity identified, state their name, last known address and phone number, the dates their interests began and, if applicable, terminated, and the amounts and nature of their financial interests.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers Defendant to Plaintiffs' document production. Plaintiff further states, Plaintiff's farm is owned by Keith and Christin Crabtree. Please see the tax returns and financial statements produced in response to Requests for Production of documents for full details regarding these loans. The following are the individuals/entities whom have held an interest in the farm:**

1. **Farm Credit, Owensboro, held the first mortgage when farms were purchased in approximately 2006, financial interest was approximately $500,000 which has been paid off.**
2. **BB&T, Owensboro, loan secured to build new super-houses for Tyson in the summer of 2010, financial interest approximately $1,100,000 which was paid off with loan through First Security (below).**
3. **Tyson also secures the loans on Plaintiff's super-houses as Plaintiff gets approximately $20,100/year for building the super-houses.**
4. **First Security, Calhoun, Kentucky branch, refinanced in approximately April 2015 for approximately $775,000, a portion of which is still outstanding.**

<u>INTERROGATORY NO. 8:</u> Identify all documents, mortgages, leases, contracts, promissory notes, guarantees, and related documents that relate to any loans, debt, or money obtained by you and in relation to your chicken operations, whether for start-up, ongoing operations, or any other financial matter.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, please refer to response to Interrogatory No. 7 and Plaintiffs' document production. Plaintiff further states he has been growing for Tyson for over 5 years and cannot possibly recall all documents related to any funds received in connection with his operation.**

<u>INTERROGATORY NO. 9:</u> Identify each and every claim or suit, apart from this lawsuit, that you have ever made or filed against any person or entity or that has been made or filed against you, including the name of the case, jurisdiction, the identity of any other parties, and the nature of the case and claims made.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request calls for a legal conclusion. Subject to and without waiver of those objections, Plaintiff states:**

**Keith Crabtree v. Vanessa Payne, divorce filed in McLean County in approximately 1999.**

<u>INTERROGATORY NO. 10:</u> If you have ever been arrested for, charged with, or convicted of any felony or misdemeanor, state the date, jurisdiction, nature, and disposition of each such arrest, charge, or conviction.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, that this request is not applicable.**

<u>INTERROGATORY NO. 11:</u> Have you or your farming or chicken operations ever been the subject of any administrative or governmental investigation or related action? If so, identify when that investigation or action occurred, describe the nature of the action, the outcome of the action, and the court or administrative caption and number associated with the action.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal**

**conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, no.**

INTERROGATORY NO. 12: Identify any and all experts you may call at the trial of this matter and, for each expert identified, provide the subject matter about which he or she will testify.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff objects to this interrogatory on the basis that it is premature and violates Plaintiff's privileges, including, but not limited to, the attorney-client privilege and work product privilege. Subject to and without waiving those objections, Plaintiff agrees to provide this information in accordance with the Scheduling Order previously entered by the Court.**

INTERROGATORY NO. 13: Identify by name, address, and phone number all persons you believe may have information relating to the claims and defenses in this matter and/or who may have witnessed any events relating to the claims and defenses raised in this matter. For each such person, describe what information or events of which you believe they have knowledge.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, ambiguous and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, the following individuals are believed to have knowledge of Plaintiff's farm, its operations under the contract with Tyson, Defendants' operations, or the operation of entities related to Defendants or other integrators. Plaintiff has not listed addresses or phone numbers as for the individuals under Tyson's control. For anyone else listed, their addresses have previously been disclosed herein.**

- **All employees identified in Interrogatory No. 5**
- **All individuals identified in Plaintiffs' disclosures**
- **All individuals identified in Defendants' disclosures**
- **Ruben – Tyson technician**
- **John Snell – Tyson technician**
- **Beau McGuire – Tyson technician**
- **Eric Brown – Tyson technician**
- **James Catlin – Tyson technician**
- **Jared Shelton – Tyson manager**
- **Kenny Bartlett – Tyson manager**
- **All individuals identified in Plaintiffs' document production**
- **All individuals identified in Defendants' document production**
- **All individuals identified in Defendants' interrogatory responses**

INTERROGATORY NO. 14: Identify any oral or written statements you contend any current or former Tyson employee has said, made, or provided to you at any time that relates to your claims in this case. For each statement identified, describe the statement made and identify the date on which the statement was made, the person who made the statement, where it was heard or received, any witnesses to the statement, and whether it was oral or written.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory as overbroad and unduly burdensome. He has been growing for Tyson for over 5 years and cannot possibly remember all statements made by any employee that could relate to claims in this lawsuit as statements by Tyson employees are made frequently. Subject to and without waiver of those objections, Plaintiff refers Defendant to any and all documents produced in response to Defendants' Requests for Production of Documents. By way of example only, Plaintiff lists the following statement(s):**

- **In the fall of 2015, Plaintiff had a flock of birds where 12% of them were condemned at the plant. Plaintiff was told by Beau (technician) that his birds had Arkansas-99 because he had posted (dissected) 10 birds 10 days prior and there were no problems with them. This was told to Plaintiff while on his farm.**
- **In February 2014, there was a gas shortage and a lot of the farms were not able to get gas. Plaintiff was able to get gas on his farm. Tyson forced him to take birds with only a 7 day layout so his houses were not able to be properly prepared. Plaintiff asked Jared Shelton if he could get a 5 flock average (average pay of his past 5 flocks as opposed to the tournament system for that flock) because his flock did not do as well because of the short layout. Jared Shelton told him that he could not get a 5 flock average. This conversation took place while on Plaintiff's farm.**
- **Plaintiff had a conversation with Jim Gottsponer and Jared Shelton because he was consistently getting 10,000 more chicks per flock in his houses than other people. This happened for approximately 3-4 years. Plaintiff told these individuals he wanted the same amount of chicks as everyone else. Plaintiff was told that Tyson had the square footage wrong on his house (listed as 86,000 sq. ft.), which is why he was getting extra birds.**
- **Jared Shelton informed Plaintiff that Tyson made no effort to ensure that flocks were placed with growers at a consistent rate.**
- **Plaintiff refers Defendants to any and all documents in their production that relate to statements made by Tyson employees and to the recollections of Defendants' own employees.**

**As demonstrated by the specific statement(s) above, it would be impossible to recount all instances of statements made by Tyson employees that could relate to claims in this lawsuit.**

INTERROGATORY NO. 15: Identify any document or record you may offer into evidence during the trial of this matter.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature and in violation of Plaintiff's privilege, including the attorney-client privilege and work product privilege. Subject to and without waiving said objections, Plaintiff refers Defendants to all documents exchanged during this litigation as those that could be offered into evidence during the trial of this matter, subject to the Federal Rules of Evidence. Plaintiff agrees to provide an exhibit list in accordance with pre-trial orders and/or Scheduling Orders entered by this Court.**

INTERROGATORY NO. 16: Provide a computation of the total damages you claim you are owed in this lawsuit, and specifically indicate the methodology used by you in calculating this total.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature as discovery is in its early stages and much of the documentation needed to answer this Interrogatory is in the sole control of Defendants. Plaintiff agrees to supplement this Interrogatory as more information becomes available.**

**/s/ John Whitfield, Esq.**
**John C. Whitfield**
**For All Objections**

This the 22nd day of April, 2016.

Respectfully Submitted.

/s/ John Whitfield, Esq.
John Whitfield, Esq. (KBA# 76410)
Caroline Ramsey Taylor (KBA# 95634)
**WHITFIELD, BRYSON & MASON LLP**
19 North Main Street
Madisonville, KY 42431
Telephone: (270) 821-0656
Fax: (270) 825-1163
Email: john@wbmllp.com
caroline@wbmllp.com

Gary E. Mason, Esq.
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 640-1160
Fax: (202) 429-2294
Email: gary@wbmllp.com

J. Dudley Butler, Esq.
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Dr.
Benton, MS 39039
Telephone: (662) 673-0091
Fax: (662) 673-0091
Email: jdb@farmandranchlaw.com

David S. Muraskin
**PUBLIC JUSTICE, P.C.**
1620 L St. NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Fax: (202) 232-7203
Email: dmuraskin@publicjustice.net

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I mailed the foregoing document on April 22, 2016 to the following counsel of record:

Robert T. Adams
Mark C. Tatum
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
Email: mtatum@shb.com
Email: rtadams@shb.com

and

Marc Wells
209 West Main Street
P.O. Box 644
Princeton, Kentucky 42445
Telephone: 270-365-5576
Facsimile: 270-365-5578
Email: marcwells.atty@yahoo.com

***Attorneys for Defendants***

/s/ John Whitfield, Esq.
John C. Whitfield, Esq.

***Attorney for Plaintiffs***

**VERIFICATION**

I, Keith Crabtree of 2000 HWY 797, Calhoun, KY 42327, do declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

On this the 22 day of April, 2016.

[signature]

Keith Crabtree

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CHARLES MORRIS, *et at.*

Plaintiffs,

v.

TYSON CHICKEN, INC., *et al.*,

Defendants.

Case No. 4:15-cv-00077

Judge: Honorable Joseph H. McKinley

## PLAINTIFF'S ANSWERS TO DEFENDANT TYSON CHICKEN, INC.'S FIRST INTERROGATORIES TO PLAINTIFF LOI HONG

Comes now Plaintiff, Loi Hong, by and through counsel, and states that he is responding to the discovery requests within the purpose and meaning of the Federal Rules of Civil Procedure. Plaintiff states that he has made a reasonably diligent effort and inquiry to obtain the information sought and has supplied the information which has been procured. Plaintiff does not represent that the information supplied or the documents furnished are every single document or every bit of information that may have been in existence at any one particular time. Plaintiff states that the discovery requests are being answered within the parameters of the reasonable interpretation of the request and understandably by a reasonable person or entity.

## GENERAL OBJECTIONS

1. Each of the following objections are specifically incorporated by reference into each of the following responses.

2. Plaintiff objects to each Interrogatory to the extent it is vague, ambiguous and/or confusing.

3. Plaintiff objects to each Interrogatory to the extent it seeks information and/or documentation that is not reasonably relevant to the subject matter in the pending action nor is reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each Interrogatory to the extent it is overly broad and unduly burdensome.

5. Plaintiff objects to each Interrogatory to the extent that the burden of deriving or ascertaining the documents is substantially the same for Defendant as to Plaintiff.

6. Plaintiff objects to each Interrogatory to the extent it may be construed as seeking information and/or documentation that invades the attorney/client, work product, trial preparation and consulting expert privileges or protections, spousal privilege, or any other privilege that may apply.

7. Plaintiff objects to each Interrogatory to the extent it seeks to impose discovery obligations upon Plaintiff beyond those provided in the Federal Rules of Civil Procedure.

8. Plaintiff objects to Defendants' Instruction No. 1 because it is overly broad, including, but not limited to calling on Plaintiff to uncover what is the knowledge of all entities and individuals who act and *purport* to act on Plaintiff's behalf. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and produce the information he can uncover after a reasonable search of materials in his possession, custody and control.

9. Plaintiff objects to Defendants' Instruction No. 2 to the extent it seeks to impose any obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure.

10. Plaintiff objects to the Defendants' Definitions because they are overly broad vague and ambiguous.

11. Plaintiff objects to the Defendants' Definitions No. 5 and 6 to the extent they call for attorney-client communications or other privileged communications, such as communications protected by the work product or spousal privilege.

12. Plaintiff objects to Defendants' Definition No. 10 to the extent it seeks to impose any discovery obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and conduct a reasonable search.

13. Plaintiff specifically reserves the right to supplement these responses and objections.

14. Plaintiff further objects to Defendant's requests for each of the additional specific reasons stated herein.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify any and all written agreements you entered into with Defendant Tyson. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is overly broad and unduly burdensome, particularly because much of the information requested is in the sole possession of Defendants. Subject to and without waiver of those objections, Plaintiff refers Defendants to his document production. Plaintiff has entered into numerous written contracts and/or amendments with Tyson for the growing of broilers. Plaintiff does not believe he has a copy of all of the contracts signed with Tyson, but believes Tyson has copies of each. Thus, Plaintiff cannot possibly remember the date of every agreement and all parties who signed them. Plaintiff believes the first contract was signed with Tyson in September 2013 and his most recent was signed in October or November 2015.**

INTERROGATORY NO. 2: Identify any and all written agreements you entered into with any entities other than Tyson for the purpose of growing chickens. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Subject to and without waiver of those objections, Plaintiff states that Plaintiff has not entered into contracts with any entities other than Tyson for the purpose of growing chickens.**

INTERROGATORY NO. 3: Identify all oral agreements you contend you have entered into with Tyson. For each agreement, identify the date it was entered, the terms of the alleged agreement, the parties to the agreement, and the individuals who allegedly made such an agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Plaintiff also specifically objects because the request may call for a legal conclusion. Subject to and without waiver of those objections, Plaintiffs states that Plaintiff has grown for Tyson for over 2 years and believes there are frequent oral agreements between Tyson employees and Plaintiff. For example, Tyson orally agrees with Plaintiff as to when chickens will be picked up or delivered or when feed will be picked up or delivered. Plaintiff cannot possibly recall the date, terms, and parties to each such agreement.**

INTERROGATORY NO. 4: Identify, by its business name, address, farm location, and/or common name, each chicken house you have ever owned, leased, or used for the purpose of growing chickens. For each chicken house identified, identify all chicken processing entities for which the house has been utilized by you to grow chickens, the start and, if appropriate, end dates of such use, and the approximate square footage of each house.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, Plaintiff states that Plaintiff has**

**one farm known as H&L Farm (Tyson # 5210), 2330 Coffman Schoolhouse Road, Sacramento, Kentucky. Plaintiff began operating this farm in September 2013 which has been used to grow chickens for Tyson from that date to present. Plaintiff has 8 houses on this farm and each house is 43 feet x 510 feet.**

**Plaintiff has never operated other houses for the purpose of growing chickens.**

INTERROGATORY NO. 5: Identify all employees, independent contractors, laborers, and/or workers of any kind whom you have ever employed for the purpose of growing chickens on your behalf. For each person identified, state their name, last known address and phone numbers, dates of their retention on your behalf, and if no longer providing services, the reason for their resignation or departure, and a description of the services they provided.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections Subject to and without waiver of those objections, Plaintiff lists the following employees:**

1. **Nhan Le**
   **Last Known Address: 2330 Coffman Schoolhouse Road, Sacramento, Kentucky**
   **Employed: Approximately September 2014-present**
   **Reason for Leaving: N/A**
   **Description of Job: Farm Help**
2. **Hoang Pham**
   **Last Known Address: 2330 Coffman Schoolhouse Road, Sacramento, Kentucky**
   **Employed: Approximately September 2013-September 2014**
   **Reason for Leaving: Moved**
   **Description of Job: Farm Help**

INTERROGATORY NO. 6: Identify each and every social media or other Internet website to which you posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim you raise in this lawsuit. Include an identification of the Internet address, date(s), and substance of each posting you have made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, Plaintiff construes "social media or other Internet website" to mean Facebook, Twitter, LinkedIn, or online discussion forums. Plaintiff has not posted**

**information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim raised in this lawsuit on any such site.**

INTERROGATORY NO. 7: Identify any person who or entity that has a financial interest in your farm and/or chicken operations, including all partners, silent partners, minority and majority owners, stockholders, investors, and financial backers. For each person or entity identified, state their name, last known address and phone number, the dates their interests began and, if applicable, terminated, and the amounts and nature of their financial interests.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, Plaintiff refers Defendants to his document production and further states, the following are the individuals/entities whom have held an interest in the farm:**

1. **Le Nguyen, Georgia, silent partner, interest from September 2013-November 2015.**
2. **First Financial Bank, Arkansas, initial loan in September 2013 for approximately $1,115,000, paid off by BB&T refinance (below).**
3. **BB&T, Owensboro, Kentucky, refinanced First Financial Bank loan in October or November 2015 for a total of $1,100,000 and paid off First Financial Bank loan. A portion of this loan is still outstanding.**

INTERROGATORY NO. 8: Identify all documents, mortgages, leases, contracts, promissory notes, guarantees, and related documents that relate to any loans, debt, or money obtained by you and in relation to your chicken operations, whether for start-up, ongoing operations, or any other financial matter.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, please refer to response to Interrogatory No. 7. Plaintiff further states he has grown for Tyson for over 2 years and cannot possibly recall all documents related to any funds received in connection with his operation.**

INTERROGATORY NO. 9: Identify each and every claim or suit, apart from this lawsuit, that you have ever made or filed against any person or entity or that has been made or

filed against you, including the name of the case, jurisdiction, the identity of any other parties, and the nature of the case and claims made.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request calls for a legal conclusion. Subject to and without waiver of those objections, Plaintiff states he was divorced from his ex-wife in 2003 or 2004 which would have been filed in California. There was a restraining order that was entered surrounding this case around the same time.**

<u>INTERROGATORY NO. 10:</u> If you have ever been arrested for, charged with, or convicted of any felony or misdemeanor, state the date, jurisdiction, nature, and disposition of each such arrest, charge, or conviction.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, not applicable.**

<u>INTERROGATORY NO. 11:</u> Have you or your farming or chicken operations ever been the subject of any administrative or governmental investigation or related action? If so, identify when that investigation or action occurred, describe the nature of the action, the outcome of the action, and the court or administrative caption and number associated with the action.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, no.**

<u>INTERROGATORY NO. 12:</u> Identify any and all experts you may call at the trial of this matter and, for each expert identified, provide the subject matter about which he or she will testify.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff objects to this interrogatory on the basis that it is premature and violates Plaintiff's privileges, including, but not limited to, the attorney-client privilege and**

**work product privilege. Subject to and without waiving those objections, Plaintiff agrees to provide this information in accordance with the Scheduling Order previously entered by the Court.**

INTERROGATORY NO. 13: Identify by name, address, and phone number all persons you believe may have information relating to the claims and defenses in this matter and/or who may have witnessed any events relating to the claims and defenses raised in this matter. For each such person, describe what information or events of which you believe they have knowledge.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, ambiguous and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, the following individuals are believed to have knowledge of Plaintiff's farm, its operations under the contract with Tyson, Defendants' operations, or the operation of entities related to Defendants or other integrators. Plaintiff has not listed addresses or phone numbers for those individuals under Tyson's control. For anyone else listed, their addresses have previously been disclosed herein.**

- **All employees identified in Interrogatory No. 5**
- **All individuals identified in Plaintiffs' disclosures**
- **All individuals identified in Defendants' disclosures**
- **Beau – Tyson Technician**
- **James Catlin – Tyson Technician**
- **Bruce Rubin – Tyson Technician**
- **Jennifer – Tyson Technician**
- **Eric – Tyson Technician**
- **Jared Shelton – Tyson Manager**
- **David Mears – Tyson Manager**
- **Jim Gottsponer – Tyson Manager**
- **All individuals identified in Plaintiffs' document production**
- **All individuals identified in Defendants' document production**
- **All individuals identified in Defendants' interrogatory responses**

INTERROGATORY NO. 14: Identify any oral or written statements you contend any current or former Tyson employee has said, made, or provided to you at any time that relates to your claims in this case. For each statement identified, describe the statement made and identify the date on which the statement was made, the person who made the statement, where it was heard or received, any witnesses to the statement, and whether it was oral or written.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory as overbroad and unduly burdensome. He grew for Tyson for over 2 years and cannot possibly remember all statements made by any employee that could relate to claims in this lawsuit as statements by Tyson employees are made frequently. Subject to and without waiving those objections, Plaintiff refers Defendant to any and all documents produced in response to Defendants' Requests for Production of Documents. By way of example only, Plaintiff lists the following statement(s):**

- **In approximately March 2015, (during flock #8) there was a bad storm and Tyson did not bring Plaintiff any feed. Plaintiff's chickens were out of feed for approximately 1 week. Originally Plaintiff was given an extra $2,000 to make up for the lack of feed and subsequent settlement. Plaintiff then met with Jim Gottsponer because he did not feel that was a fair amount and was given an extra $14,000 because of the prolonged feed outage.**
- **Plaintiff refers Defendants to any and all documents in their production that relate to statements made by Tyson employees and to the recollections of Defendants' own employees.**

**As demonstrated by the specific statement(s) above, it would be impossible to recount all instances of statements made by Tyson employees that could relate to claims in this lawsuit.**

INTERROGATORY NO. 15: Identify any document or record you may offer into evidence during the trial of this matter.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature and in violation of Plaintiff's privilege, including the attorney-client privilege and work product privilege. Subject to and without waiving said objections, Plaintiff refers Defendants to all documents exchanged during this litigation as those that could be offered into evidence during the trial of this matter, subject to the Federal Rules of Evidence. Plaintiff agrees to provide an exhibit list in accordance with pre-trial orders and/or Scheduling Orders entered by this Court.**

INTERROGATORY NO. 16: Provide a computation of the total damages you claim you are owed in this lawsuit, and specifically indicate the methodology used by you in calculating this total.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature as discovery is in its early stages and much of the documentation needed**

**to answer this Interrogatory is in the sole control of Defendants. Plaintiff agrees to supplement this Interrogatory as more information becomes available.**

**/s/ John Whitfield, Esq.**
**John C. Whitfield**
**For All Objections**

This the 22nd day of April, 2016.

Respectfully Submitted,

/s/ John Whitfield, Esq.
John Whitfield, Esq. (KBA# 76410)
Caroline Ramsey Taylor (KBA# 95634)
**WHITFIELD, BRYSON & MASON LLP**
19 North Main Street
Madisonville, KY 42431
Telephone: (270) 821-0656
Fax: (270) 825-1163
Email: john@wbmllp.com
caroline@wbmllp.com

Gary E. Mason, Esq.
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 640-1160
Fax: (202) 429-2294
Email: gary@wbmllp.com

J. Dudley Butler, Esq.
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Dr.
Benton, MS 39039
Telephone: (662) 673-0091
Fax: (662) 673-0091
Email: jdb@farmandranchlaw.com

David S. Muraskin
**PUBLIC JUSTICE, P.C.**
1620 L St. NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Fax: (202) 232-7203
Email: dmuraskin@publicjustice.net

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I mailed the foregoing document on April 22, 2016 to the following counsel of record:

Robert T. Adams
Mark C. Tatum
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
Email: mtatum@shb.com
Email: rtadams@shb.com

and

Marc Wells
209 West Main Street
P.O. Box 644
Princeton, Kentucky 42445
Telephone: 270-365-5576
Facsimile: 270-365-5578
Email: marcwells.atty@yahoo.com

***Attorneys for Defendants***

/s/ John Whitfield, Esq.
John C. Whitfield
Attorney for Plaintiffs

**VERIFICATION**

I, Loi Hong of 2330 Coffman Schoolhouse Road, Sacramento, Kentucky, do declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

On this the 07 day of April, 2016.

________________________

Loi Hong

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| CHARLES MORRIS, *et at.* | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:15-cv-00077 |
| v. | ) | |
| | ) | Judge: Honorable Joseph H. McKinley |
| TYSON CHICKEN, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF'S ANSWERS TO DEFENDANT TYSON CHICKEN, INC.'S FIRST INTERROGATORIES TO PLAINTIFF CALVIN LEISURE**

---

Comes now Plaintiff, Calvin Leisure, by and through counsel, and states that he is responding to the discovery requests within the purpose and meaning of the Federal Rules of Civil Procedure. Plaintiff states that he has made a reasonably diligent effort and inquiry to obtain the information sought and has supplied the information which has been procured. Plaintiff does not represent that the information supplied or the documents furnished are every single document or every bit of information that may have been in existence at any one particular time. Plaintiff states that the discovery requests are being answered within the parameters of the reasonable interpretation of the request and understandably by a reasonable person or entity.

**GENERAL OBJECTIONS**

1. Each of the following objections are specifically incorporated by reference into each of the following responses.

2. Plaintiff objects to each Interrogatory to the extent it is vague, ambiguous and/or confusing.

3. Plaintiff objects to each Interrogatory to the extent it seeks information and/or documentation that is not reasonably relevant to the subject matter in the pending action nor is reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each Interrogatory to the extent it is overly broad and unduly burdensome.

5. Plaintiff objects to each Interrogatory to the extent that the burden of deriving or ascertaining the documents is substantially the same for Defendant as to Plaintiff.

6. Plaintiff objects to each Interrogatory to the extent it may be construed as seeking information and/or documentation that invades the attorney/client, work product, trial preparation and consulting expert privileges or protections, spousal privilege, or any other privilege that may apply.

7. Plaintiff objects to each Interrogatory to the extent it seeks to impose discovery obligations upon Plaintiff beyond those provided in the Federal Rules of Civil Procedure.

8. Plaintiff objects to Defendants' Instruction No. 1 because it is overly broad, including, but not limited to calling on Plaintiff to uncover what is the knowledge of all entities and individuals who act and *purport* to act on Plaintiff's behalf. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and produce the information he can uncover after a reasonable search of materials in his possession, custody and control.

9. Plaintiff objects to Defendants' Instruction No. 2 to the extent it seeks to impose any obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure.

10. Plaintiff objects to the Defendants' Definitions because they are overly broad vague and ambiguous.

11. Plaintiff objects to the Defendants' Definitions No. 5 and 6 to the extent they call for attorney-client communications or other privileged communications, such as communications protected by the work product or spousal privilege.

12. Plaintiff objects to Defendants' Definition No. 10 to the extent it seeks to impose any discovery obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and conduct a reasonable search.

13. Plaintiff specifically reserves the right to supplement these responses and objections.

14. Plaintiff further objects to Defendant's requests for each of the additional specific reasons stated herein.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify any and all written agreements you entered into with Defendant Tyson. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is overly broad and unduly burdensome, particularly because much of the information requested is in the sole possession of Defendants. Subject to and without waiver of those objections, Plaintiff refers Defendants to his document production and also states that Plaintiff has entered into numerous written contracts and/or amendments with Tyson for the growing of broilers. Plaintiff does not believe he has a copy of all of the contracts signed with Tyson, but believes Tyson has copies of each. Thus, Plaintiff cannot possibly remember the date of every agreement and all parties who signed them. Plaintiff believes the first contract was signed with Tyson in 2008 and his most recent was signed in January 2015.**

INTERROGATORY NO. 2: Identify any and all written agreements you entered into with any entities other than Tyson for the purpose of growing chickens. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Subject to and without waiver of those objections, Plaintiff states that Plaintiff entered into a contract with Perdue in 1996 and believes he signed subsequent contracts and/or amendments with Perdue until he switched to growing with Tyson in 2008.**

INTERROGATORY NO. 3: Identify all oral agreements you contend you have entered into with Tyson. For each agreement, identify the date it was entered, the terms of the alleged agreement, the parties to the agreement, and the individuals who allegedly made such an agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Plaintiff also specifically objects because the request may call for a legal conclusion. Subject to and without waiver of those objections, Plaintiffs states that Plaintiff has grown for Tyson for over 7 years and believes there are frequent oral agreements between Tyson employees and Plaintiff. For example, Tyson orally agrees with Plaintiff as to when chickens will be picked up or delivered or when feed will be picked up or delivered. Plaintiff cannot possibly recall the date, terms, and parties to each such agreement.**

INTERROGATORY NO. 4: Identify, by its business name, address, farm location, and/or common name, each chicken house you have ever owned, leased, or used for the purpose of growing chickens. For each chicken house identified, identify all chicken processing entities for which the house has been utilized by you to grow chickens, the start and, if appropriate, end dates of such use, and the approximate square footage of each house.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous.**

**Subject to and without waiver of those objections, Plaintiff states that Plaintiff has two farms as follows:**

1. **Leisure Farms (Tyson #5186): 5797 62 Hwy. W., Beaver Dam, Kentucky. Plaintiff began operating this farm in 2009 with Tyson who has continued to use these houses since that date. This farm has two houses which are 55 feet x 500 feet.**
2. **Calvin Leisure Farms (Tyson #5171): 3775 State Route 85 East, Centertown, Kentucky. Plaintiff began operations of this farm in 1996 with Perdue who used this farm until Plaintiff switched to Tyson in approximately 2008. This farm currently has three houses (lost 1 to a fire) which measure 40 feet x 500 feet.**

**Plaintiff has not operated other houses for the purpose of growing chickens.**

INTERROGATORY NO. 5: Identify all employees, independent contractors, laborers, and/or workers of any kind whom you have ever employed for the purpose of growing chickens on your behalf. For each person identified, state their name, last known address and phone numbers, dates of their retention on your behalf, and if no longer providing services, the reason for their resignation or departure, and a description of the services they provided.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections Subject to and without waiver of those objections, Plaintiff lists the following employees:**

1. **Ricky Leisure Jr.**
   **Last Known Address: McHenry, Kentucky**
   **Employed: 6 months beginning approximately January 2014**
   **Reason for Leaving: Mutual**
   **Description of Job: Farm Help**
2. **Adan Aguilar**
   **Last Known Address: Calvin Leisure Farms, Centertown, Kentucky**
   **Employed: Approximately 1 year beginning August 2014**
   **Reason for Leaving: Unsatisfied with work**
   **Description of Job: Farm Help**

INTERROGATORY NO. 6: Identify each and every social media or other Internet website to which you posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim you raise in this lawsuit. Include an identification of the Internet address, date(s), and substance of each posting you have made.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, Plaintiff construes "social media or other Internet website" to mean Facebook, Twitter, LinkedIn, or online discussion forums. Plaintiff has not posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim raised in this lawsuit on any such site.**

INTERROGATORY NO. 7: Identify any person who or entity that has a financial interest in your farm and/or chicken operations, including all partners, silent partners, minority and majority owners, stockholders, investors, and financial backers. For each person or entity identified, state their name, last known address and phone number, the dates their interests began and, if applicable, terminated, and the amounts and nature of their financial interests.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, Plaintiff refers Defendants to his document production and further states, the following are the individuals/entities whom have held an interest in the farm:**

1. **Commonwealth Community Bank/FHA, Hartford, Kentucky, originally taken out in 1994-1995 for initial farm expenses, paid off with refinance from Farm Credit of MidAmerica (below).**
2. **SunTrust/FHA, Atlanta, Georgia, withdrawn in approximately 1997 which has been paid off.**
3. **Farm Credit of MidAmerica/PCA, Owensboro, refinanced in 2008 and is currently outstanding.**

INTERROGATORY NO. 8: Identify all documents, mortgages, leases, contracts, promissory notes, guarantees, and related documents that relate to any loans, debt, or money obtained by you and in relation to your chicken operations, whether for start-up, ongoing operations, or any other financial matter.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, please refer to response to Interrogatory No. 7 and to Plaintiff's document production. Plaintiff further states he has grown for Tyson for over 7 years and**

**cannot possibly recall all documents related to any funds received in connection with his operation.**

INTERROGATORY NO. 9: Identify each and every claim or suit, apart from this lawsuit, that you have ever made or filed against any person or entity or that has been made or filed against you, including the name of the case, jurisdiction, the identity of any other parties, and the nature of the case and claims made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request calls for a legal conclusion. Subject to and without waiver of those objections, Plaintiff states, none.**

INTERROGATORY NO. 10: If you have ever been arrested for, charged with, or convicted of any felony or misdemeanor, state the date, jurisdiction, nature, and disposition of each such arrest, charge, or conviction.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, not applicable.**

INTERROGATORY NO. 11: Have you or your farming or chicken operations ever been the subject of any administrative or governmental investigation or related action? If so, identify when that investigation or action occurred, describe the nature of the action, the outcome of the action, and the court or administrative caption and number associated with the action.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, no.**

INTERROGATORY NO. 12: Identify any and all experts you may call at the trial of this matter and, for each expert identified, provide the subject matter about which he or she will testify.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff objects to this interrogatory on the basis that it is premature and violates Plaintiff's privileges, including, but not limited to, the attorney-client privilege and work product privilege. Subject to and without waiving those objections, Plaintiff agrees to provide this information in accordance with the Scheduling Order previously entered by the Court.**

INTERROGATORY NO. 13: Identify by name, address, and phone number all persons you believe may have information relating to the claims and defenses in this matter and/or who may have witnessed any events relating to the claims and defenses raised in this matter. For each such person, describe what information or events of which you believe they have knowledge.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, ambiguous and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, the following individuals are believed to have knowledge of Plaintiff's farm, its operations under the contract with Tyson, Defendants' operations, or the operation of entities related to Defendants or other integrators. Plaintiff has not listed addresses or phone numbers for the individuals under Tyson's control. For anyone else listed, their addresses have previously been disclosed herein.**

- **All employees identified in Interrogatory No. 5**
- **All individuals identified in Plaintiffs' disclosures**
- **All individuals identified in Defendants' disclosures**
- **Janice Leisure – wife of Plaintiff**
- **James Catlin – Tyson Technician**
- **Wayne Hendrix – Tyson Technician**
- **Ruban Bruce – Tyson Technician**
- **Jared Shelton – Tyson Manager**
- **Jim Gottsponer – Tyson Manager**
- **David Dickey – Tyson Manager**
- **All individuals identified in Plaintiffs' document production**
- **All individuals identified in Defendants' document production**
- **All individuals identified in Defendants' interrogatory responses**

INTERROGATORY NO. 14: Identify any oral or written statements you contend any current or former Tyson employee has said, made, or provided to you at any time that relates to your claims in this case. For each statement identified, describe the statement made and identify

the date on which the statement was made, the person who made the statement, where it was heard or received, any witnesses to the statement, and whether it was oral or written.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory as overbroad and unduly burdensome. He grew for Tyson for over 7 years and cannot possibly remember all statements made by any employee that could relate to claims in this lawsuit as statements by Tyson employees are made frequently. Subject to and without waiving those objections, Plaintiff refers Defendant to any and all documents produced in response to Defendants' Requests for Production of Documents. By way of example only, Plaintiff lists the following statement(s):**

- **Plaintiff found out in approximately September 2015 from his technician, Beau, that Tyson had been paying 100% of cleanouts once a year for other growers but was only paying 50% for his yearly cleanout.**
- **In approximately 2010 Plaintiff was told by one of the feed truck drivers while on Plaintiff's farm that his chickens were being held over night prior to running them on the slaughter and production line.**
- **Plaintiff learned that he received flocks of birds which were so sickly that they had been prescribed preemptive antibiotics, despite Tyson's policy to be antibiotic free.**
- **Plaintiff refers Defendants to any and all documents in their production that relate to statements made by Tyson employees and to the recollections of Defendants' own employees.**

**As demonstrated by the specific statement(s) above, it would be impossible to recount all instances of statements made by Tyson employees that could relate to claims in this lawsuit.**

INTERROGATORY NO. 15: Identify any document or record you may offer into evidence during the trial of this matter.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature and in violation of Plaintiff's privilege, including the attorney-client privilege and work product privilege. Subject to and without waiving said objections, Plaintiff refers Defendants to all documents exchanged during this litigation as those that could be offered into evidence during the trial of this matter, subject to the Federal Rules of Evidence. Plaintiff agrees to provide an exhibit list in accordance with pre-trial orders and/or Scheduling Orders entered by this Court.**

INTERROGATORY NO. 16: Provide a computation of the total damages you claim you are owed in this lawsuit, and specifically indicate the methodology used by you in calculating this total.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature as discovery is in its early stages and much of the documentation needed to answer this Interrogatory is in the sole control of Defendants. Plaintiff agrees to supplement this Interrogatory as more information becomes available.**

**/s/ John Whitfield, Esq.**
**John C. Whitfield**
**For All Objections**

This the 22nd day of April, 2016.

Respectfully Submitted,

/s/ John Whitfield, Esq.
John Whitfield, Esq. (KBA# 76410)
Caroline Ramsey Taylor (KBA# 95634)
**WHITFIELD, BRYSON & MASON LLP**
19 North Main Street
Madisonville, KY 42431
Telephone: (270) 821-0656
Fax: (270) 825-1163
Email: john@wbmllp.com
caroline@wbmllp.com

Gary E. Mason, Esq.
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 640-1160
Fax: (202) 429-2294
Email: gary@wbmllp.com

J. Dudley Butler, Esq.
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Dr.
Benton, MS 39039
Telephone: (662) 673-0091
Fax: (662) 673-0091
Email: jdb@farmandranchlaw.com

David S. Muraskin
**PUBLIC JUSTICE, P.C.**
1620 L St. NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Fax: (202) 232-7203
Email: dmuraskin@publicjustice.net

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I mailed the foregoing document on April 22, 2016 to the following counsel of record:

Robert T. Adams
Mark C. Tatum
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
Email: mtatum@shb.com
Email: rtadams@shb.com

and

Marc Wells
209 West Main Street
P.O. Box 644
Princeton, Kentucky 42445
Telephone: 270-365-5576
Facsimile: 270-365-5578
Email: marcwells.atty@yahoo.com

***Attorneys for Defendants***

/s/ John Whitfield, Esq.
John C. Whitfield

***Attorney for Plaintiffs***

**VERIFICATION**

I, Calvin Leisure of 5797 U.S. Highway 62 W., Beaver Dam, Kentucky, do declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

On this the 21 day of April, 2016.

Calvin Leisure

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| CHARLES MORRIS, *et at.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:15-cv-00077 |
| v. | ) | |
| | ) | Judge: Honorable Joseph H. McKinley |
| TYSON CHICKEN, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF'S ANSWERS TO DEFENDANT TYSON CHICKEN, INC.'S FIRST INTERROGATORIES TO PLAINTIFF CHARLES MORRIS**

---

Comes now Plaintiff, Charles Morris, by and through counsel, and states that he is responding to the discovery requests within the purpose and meaning of the Federal Rules of Civil Procedure. Plaintiff states that he has made a reasonably diligent effort and inquiry to obtain the information sought and has supplied the information which has been procured. Plaintiff does not represent that the information supplied or the documents furnished are every single document or every bit of information that may have been in existence at any one particular time. Plaintiff states that the discovery requests are being answered within the parameters of the reasonable interpretation of the request and understandably by a reasonable person or entity.

**GENERAL OBJECTIONS**

1. Each of the following objections are specifically incorporated by reference into each of the following responses.

2. Plaintiff objects to each Interrogatory to the extent it is vague, ambiguous and/or confusing.

3. Plaintiff objects to each Interrogatory to the extent it seeks information and/or documentation that is not reasonably relevant to the subject matter in the pending action nor is reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each Interrogatory to the extent it is overly broad and unduly burdensome.

5. Plaintiff objects to each Interrogatory to the extent that the burden of deriving or ascertaining the documents is substantially the same for Defendant as to Plaintiff.

6. Plaintiff objects to each Interrogatory to the extent it may be construed as seeking information and/or documentation that invades the attorney/client, work product, trial preparation and consulting expert privileges or protections, spousal privilege, or any other privilege that may apply.

7. Plaintiff objects to each Interrogatory to the extent it seeks to impose discovery obligations upon Plaintiff beyond those provided in the Federal Rules of Civil Procedure.

8. Plaintiff objects to Defendants' Instruction No. 1 because it is overly broad, including, but not limited to calling on Plaintiff to uncover what is the knowledge of all entities and individuals who act and *purport* to act on Plaintiff's behalf. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and produce the information he can uncover after a reasonable search of materials in his possession, custody and control.

9. Plaintiff objects to Defendants' Instruction No. 2 to the extent it seeks to impose any obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure.

10. Plaintiff objects to the Defendants' Definitions because they are overly broad vague and ambiguous.

11. Plaintiff objects to the Defendants' Definitions No. 5 and 6 to the extent they call for attorney-client communications or other privileged communications, such as communications protected by the work product or spousal privilege.

12. Plaintiff objects to Defendants' Definition No. 10 to the extent it seeks to impose any discovery obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and conduct a reasonable search.

13. Plaintiff specifically reserves the right to supplement these responses and objections.

14. Plaintiff further objects to Defendant's requests for each of the additional specific reasons stated herein.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify any and all written agreements you entered into with Defendant Tyson. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is overly broad and unduly burdensome, particularly because much of the information requested is in the sole possession of Defendants. Subject to and without waiver of those objections, Plaintiff states as follows, please refer to the contracts produced in response to Requests for Production of Documents for details regarding the contracts executed between Plaintiff and Tyson. Plaintiff further states that Plaintiff has entered into numerous written contracts and amendments with Tyson for the growing of broilers. Plaintiff does not believe he has a copy of all contracts signed with Tyson, but believes Tyson has copies of each. Thus, Plaintiff cannot possibly remember the date of every agreement and all parties who signed them. Plaintiff believes the first contract was signed in 2008 and the most recent contract and/or amendment was signed in approximately 2013.**

<u>INTERROGATORY NO. 2:</u> Identify any and all written agreements you entered into with any entities other than Tyson for the purpose of growing chickens. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Subject to and without waiver of those objections, Plaintiff states that he entered into contracts with Gold Kist, Inc. to raise chickens in Florida from 1991-2006/2007 for the purpose of growing chickens. Plaintiff does not have in his possession copies of any of these contracts and/or amendments with Gold Kist, Inc.**

<u>INTERROGATORY NO. 3:</u> Identify all oral agreements you contend you have entered into with Tyson. For each agreement, identify the date it was entered, the terms of the alleged agreement, the parties to the agreement, and the individuals who allegedly made such an agreement.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Plaintiff also specifically objects because the request may call for a legal conclusion. Subject to and without waiver of those objections, Plaintiffs states that Plaintiff has been growing for Tyson for over 8 years and believes there are frequent oral agreements between Tyson employees and Plaintiff. For example, Tyson orally agrees with Plaintiff as to when chickens will be picked up or delivered or when feed will be picked up or delivered. Plaintiff cannot possibly recall the date, terms, and parties to each such agreement.**

**Plaintiff does recall a conversation in 2007 (prior to signing a contract with Tyson) wherein he was told that Tyson gives an extra fuel allowance to each eight house farm each year (approximately $15,000/8 house farm). This was told to him while meeting with Michael Sheets, Jimmy Prevatt, Corey Reed, and Jay. This extra fuel allowance was never given to Plaintiff. Plaintiff was also advised he would received five and one-half flocks of birds a year.**

<u>INTERROGATORY NO. 4:</u> Identify, by its business name, address, farm location, and/or common name, each chicken house you have ever owned, leased, or used for the purpose of growing chickens. For each chicken house identified, identify all chicken processing entities

for which the house has been utilized by you to grow chickens, the start and, if appropriate, end dates of such use, and the approximate square footage of each house.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, Plaintiff states that Plaintiff has seven farms which are all operated under the business name of Morvatt Enterprises, LLC.**

1. **Morvatt #1: 1061 Collins Road, Sebree, Kentucky, houses have been used solely by Tyson since Plaintiff's original contract in 2008, includes eight houses which are each 43 feet x 500 feet.**
2. **Morvatt #2: 1097 Collins Road, Sebree, Kentucky, houses have been used solely by Tyson since Plaintiff's original contract in 2008, includes eight houses which are each 43 feet x 500 feet.**
3. **Honeysuckle Lane: 53 Honeysuckle Lane, Sebree, Kentucky, houses have been used solely by Tyson since Plaintiff's original contract in 2008, includes eight houses which are each 43 feet x 500 feet.**
4. **Gravel Pit Road: 1886 Gravel Pit Road, Sebree, Kentucky, houses have been used solely by Tyson since Plaintiff's original contract in 2008, includes eight houses which are each 43 feet x 500 feet.**
5. **BD Luck: 1714 Wrightsburg Road, Sebree, Kentucky, houses have been used solely by Tyson since Plaintiff's original contract in 2008, included eight houses which were each 43 feet x 500 feet however four of those houses were destroyed in a tornedo in approximately 2012 and were not rebuilt.**
6. **Highway 56 North #1: 2500 Highway 56 North, Sebree, Kentucky, houses have been used solely by Tyson since Plaintiff's original contract in 2008, includes eight houses which are each 43 feet x 500 feet.**
7. **Highway 56 North #2: 2500 Highway 56 North, Sebree, Kentucky, houses have been used solely by Tyson since Plaintiff's original contract in 2008, includes eight houses which are each 43 feet x 500 feet.**
8. **Charles & Melissa Morris: Mayo, Florida, houses were used by Gold Kist from approximately 1991-2006, included eight houses, four houses were 36 feet x 320 feet and four houses were 40 feet x 500 feet.**
9. **Don Owens: Mayo, Florida, houses were used by Gold Kist from approximately 1991-2006, included four houses which were 40 feet x 500 feet.**

**Plaintiff has not operated other houses for the purpose of growing chickens.**

INTERROGATORY NO. 5: Identify all employees, independent contractors, laborers, and/or workers of any kind whom you have ever employed for the purpose of growing chickens on your behalf. For each person identified, state their name, last known address and phone

numbers, dates of their retention on your behalf, and if no longer providing services, the reason for their resignation or departure, and a description of the services they provided.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further objects to identifying workers of any kind employed by him in Florida while growing for Gold Kist as irrelevant. Subject to and without waiver of those objections, Plaintiff will supplement this interrogatory and will identify workers employed by him for the purpose of growing chickens since moving to Kentucky and beginning work with Tyson.**

<u>INTERROGATORY NO. 6:</u> Identify each and every social media or other Internet website to which you posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim you raise in this lawsuit. Include an identification of the Internet address, date(s), and substance of each posting you have made.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, Plaintiff construes "social media or other Internet website" to mean Facebook, Twitter, LinkedIn, or online discussion forums. Plaintiff has not posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim raised in this lawsuit on any such site.**

<u>INTERROGATORY NO. 7:</u> Identify any person who or entity that has a financial interest in your farm and/or chicken operations, including all partners, silent partners, minority and majority owners, stockholders, investors, and financial backers. For each person or entity identified, state their name, last known address and phone number, the dates their interests began and, if applicable, terminated, and the amounts and nature of their financial interests.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers Defendant to Plaintiffs' document production. Plaintiff further states, Plaintiff's farm is owned by Morvatt Enterprises, LLC. Please see the tax returns and financial statements produced in response to Requests for Production of documents for full details regarding these loans. The following are the individuals/entities whom have held an interest in Plaintiff's farms which have been used since 2008 to grow chickens for Tyson:**

1. **First Financial Bank, Arkansas, original loan was taken out for the purchase of the houses between 2007-2008 for approximately $3,600,000. Plaintiff used People's State Bank in Lake City, Florida to fund his down payment. This loan was paid off by Rabo Agri Finance in December 2015 (below).**
2. **Plaintiff originally had a partner, James Pervatt, who Plaintiff bought out in 2010.**
3. **Rabo Agri Finance, Evansville, Indiana, refinanced the First Financial Bank loan in December 2015 for $3,400,000. Part of these funds were also used for house upgrades. A portion of this loan is still outstanding.**

INTERROGATORY NO. 8: Identify all documents, mortgages, leases, contracts, promissory notes, guarantees, and related documents that relate to any loans, debt, or money obtained by you and in relation to your chicken operations, whether for start-up, ongoing operations, or any other financial matter.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, please refer to response to Interrogatory No. 7 and Plaintiffs' document production. Plaintiff further states he has been growing for Tyson for over 8 years and cannot possibly recall all documents related to any funds received in connection with his operation.**

INTERROGATORY NO. 9: Identify each and every claim or suit, apart from this lawsuit, that you have ever made or filed against any person or entity or that has been made or filed against you, including the name of the case, jurisdiction, the identity of any other parties, and the nature of the case and claims made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request calls for a legal conclusion. Subject to and without waiver of those objections, Plaintiff states:**

**Plaintiff was divorced from his ex-wife in approximately 2005, and that action was filed in Live Oak, Florida.**

**Morvatt Enterprises, LLC v. United Propane Gas, breach of contract case which is currently pending in McCracken County, Kentucky.**

INTERROGATORY NO. 10: If you have ever been arrested for, charged with, or convicted of any felony or misdemeanor, state the date, jurisdiction, nature, and disposition of each such arrest, charge, or conviction.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states that this request is not applicable.**

INTERROGATORY NO. 11: Have you or your farming or chicken operations ever been the subject of any administrative or governmental investigation or related action? If so, identify when that investigation or action occurred, describe the nature of the action, the outcome of the action, and the court or administrative caption and number associated with the action.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, no.**

INTERROGATORY NO. 12: Identify any and all experts you may call at the trial of this matter and, for each expert identified, provide the subject matter about which he or she will testify.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff objects to this interrogatory on the basis that it is premature and violates Plaintiff's privileges, including, but not limited to, the attorney-client privilege and work product privilege. Subject to and without waiving those objections, Plaintiff agrees to provide this information in accordance with the Scheduling Order previously entered by the Court.**

INTERROGATORY NO. 13: Identify by name, address, and phone number all persons you believe may have information relating to the claims and defenses in this matter and/or who may have witnessed any events relating to the claims and defenses raised in this matter. For each such person, describe what information or events of which you believe they have knowledge.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, ambiguous and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, the following individuals are believed to have knowledge of Plaintiff's farm, its operations under the contract with Tyson, Defendants' operations, or the operation of entities related to Defendants or other integrators. Plaintiff has not listed addresses or phone numbers for the individuals under Tyson's control or have been previously identified. For anyone else listed, their addresses have previously been disclosed herein.**

- **All employees identified in Interrogatory No. 5**
- **All individuals identified in Plaintiffs' disclosures**
- **All individuals identified in Defendants' disclosures**
- **Ruben Bruce – Tyson technician**
- **Neal Barfield – Tyson technician**
- **Beau McGuire – Tyson technician**
- **James Catlin – Tyson technician**
- **Jennifer – Tyson technician**
- **Wayne Hendrix – Tyson technician**
- **Joe Duckworth – Tyson technician**
- **Jared Shelton – Tyson manager**
- **James "Jim Bob" Baldwin – Delivers chicks**
- **Joe Bruce – Hatchery**
- **Brian – Feed mill**
- **Cecelia Hanner – former Tyson employee**
- **Rebecca Bryant – Tyson, accounting department**
- **Steve Keys – Tyson Manager**
- **Allen Chambers – Tyson Manager**
- **David Mears – Tyson Manager**
- **David Dickey – Tyson Manager**
- **Jim Gottsponer – Tyson Manager**
- **All individuals identified in Plaintiffs' document production**
- **All individuals identified in Defendants' document production**
- **All individuals identified in Defendants' interrogatory responses**

<u>INTERROGATORY NO. 14:</u> Identify any oral or written statements you contend any current or former Tyson employee has said, made, or provided to you at any time that relates to your claims in this case. For each statement identified, describe the statement made and identify the date on which the statement was made, the person who made the statement, where it was heard or received, any witnesses to the statement, and whether it was oral or written.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory as overbroad and unduly burdensome. He has been growing for Tyson for over 8 years and cannot possibly remember all statements made by any employee that could relate to claims in this lawsuit as statements by Tyson employees are made frequently. Subject to and without waiver of those objections, Plaintiff refers Defendant to any and all documents produced in response to Defendants' Requests for Production of Documents. By way of example only, Plaintiff lists the following statement(s):**

- **Plaintiff recalls a conversation in 2007 (prior to signing a contract with Tyson) wherein he was told that Tyson gives an extra fuel allowance to each eight house farm each year (approximately $15,000/8 house farm). This was told to him while meeting with Michael Sheets, Jimmy Prevatt, Corey Reed, and Jay. This extra fuel allowance was never given to Plaintiff. Plaintiff was also advised he would receive five and one-half flocks of birds a year. It was explained to Plaintiff that the fuel bonus was an example of Tyson's philosophy to help their farmers out and that institutional commitment should lead farmers to enter into contracts with Tyson.**
- **In 2013 Plaintiff had conferences with Tyson regarding the amount of reclaimed feed that he was getting. While in a meeting with Craig Coberly, Jared Shelton, and Brian (feedmill), Brian admitted that Plaintiff was getting 92% of the reclaimed feed from the Robards plant. Plaintiff was paid a settlement amount for this and signed a confidentiality clause with Tyson. This conversation took place in Craig Coberly's office. Plaintiff's attorney was also present.**
- **In November 2015 Tyson did not reclaim the feed from Plaintiff's 56N farm. Jared Shelton later sent a reclaim truck to reclaim the feed saying that Tyson thought they had already picked up the feed but apparently had not. Plaintiff was paid for the feed, but David Dickey told Plaintiff by phone that they would not adjust the settlements.**
- **In approximately 2012-2013 Plaintiff was told by Neil Barfield when his farm having high condemn that he was causing E.Coli. Plaintiff later found out that this was during the Georgia-08 outbreak.**
- **Ruban Bruce advised Plaintiff that in approximately 2012-2013 he was advised by Kenny Bartley to find everything possible wrong on Plaintiff's farm and to go to Plaintiff's farm together with Beau. This conversation took place at Plaintiff's farm on 56 North.**
- **In February 2016, Plaintiff's farm Morvatt #1 was supposed to get 8 houses of chickens. Plaintiff properly prepped the houses. On the day the houses were to be delivered chickens, Plaintiff only received 5 houses full. On the next day he got another 1.5 houses of chickens. Three days later Plaintiff was brought the remaining chickens for his houses. Plaintiff received a text message from Jim Bob (delivers chickens) saying, "Sorry for the way you got fucked, that was wrong."**
- **Plaintiff was instructed not to cull chickens for the first seven days that they are under Plaintiff's care.**

- **Plaintiff was assured by Tyson supervisor David Mears that Tyson would increase the number of employees inspecting birds delivered to the plant.**
- **Plaintiff refers Defendants to any and all documents in their production that relate to statements made by Tyson employees and to the recollections of Defendants' own employees.**

**As demonstrated by the specific statement(s) above, it would be impossible to recount all instances of statements made by Tyson employees that could relate to claims in this lawsuit.**

INTERROGATORY NO. 15: Identify any document or record you may offer into evidence during the trial of this matter.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature and in violation of Plaintiff's privilege, including the attorney-client privilege and work product privilege. Subject to and without waiving said objections, Plaintiff refers Defendants to all documents exchanged during this litigation as those that could be offered into evidence during the trial of this matter, subject to the Federal Rules of Evidence. Plaintiff agrees to provide an exhibit list in accordance with pre-trial orders and/or Scheduling Orders entered by this Court.**

INTERROGATORY NO. 16: Provide a computation of the total damages you claim you are owed in this lawsuit, and specifically indicate the methodology used by you in calculating this total.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature as discovery is in its early stages and much of the documentation needed to answer this Interrogatory is in the sole control of Defendants. Plaintiff agrees to supplement this Interrogatory as more information becomes available.**

**/s/ John Whitfield, Esq.**
**John C. Whitfield**
**For All Objections**

This the 22nd day of April, 2016.

Respectfully Submitted,

/s/ John Whitfield, Esq.
John Whitfield, Esq. (KBA# 76410)
Caroline Ramsey Taylor (KBA# 95634)
**WHITFIELD, BRYSON & MASON LLP**
19 North Main Street
Madisonville, KY 42431
Telephone: (270) 821-0656
Fax: (270) 825-1163
Email: john@wbmllp.com
caroline@wbmllp.com

Gary E. Mason, Esq.
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 640-1160
Fax: (202) 429-2294
Email: gary@wbmllp.com

J. Dudley Butler, Esq.
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Dr.
Benton, MS 39039
Telephone: (662) 673-0091
Fax: (662) 673-0091
Email: jdb@farmandranchlaw.com

David S. Muraskin
**PUBLIC JUSTICE, P.C.**
1620 L St. NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Fax: (202) 232-7203
Email: dmuraskin@publicjustice.net

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed the foregoing document on April 22, 2016 to the following counsel of record:

Robert T. Adams
Mark C. Tatum
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
Email: mtatum@shb.com
Email: rtadams@shb.com

and

Marc Wells
209 West Main Street
P.O. Box 644
Princeton, Kentucky 42445
Telephone: 270-365-5576
Facsimile: 270-365-5578
Email: marcwells.atty@yahoo.com

***Attorneys for Defendants***

/s/ John Whitfield, Esq.
John C. Whitfield, Esq.

***Attorney for Plaintiffs***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| CHARLES MORRIS, *et at.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:15-cv-00077 |
| v. | ) | |
| | ) | Judge: Honorable Joseph H. McKinley |
| TYSON CHICKEN, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF'S ANSWERS TO DEFENDANT TYSON CHICKEN, INC.'S FIRST INTERROGATORIES TO PLAINTIFF MIKE MURPHY**

---

Comes now Plaintiff, Mike Murphy, by and through counsel, and states that he is responding to the discovery requests within the purpose and meaning of the Federal Rules of Civil Procedure. Plaintiff states that he has made a reasonably diligent effort and inquiry to obtain the information sought and has supplied the information which has been procured. Plaintiff does not represent that the information supplied or the documents furnished are every single document or every bit of information that may have been in existence at any one particular time. Plaintiff states that the discovery requests are being answered within the parameters of the reasonable interpretation of the request and understandably by a reasonable person or entity.

**<u>GENERAL OBJECTIONS</u>**

1. Each of the following objections are specifically incorporated by reference into each of the following responses.

2. Plaintiff objects to each Interrogatory to the extent it is vague, ambiguous and/or confusing.

3. Plaintiff objects to each Interrogatory to the extent it seeks information and/or documentation that is not reasonably relevant to the subject matter in the pending action nor is reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each Interrogatory to the extent it is overly broad and unduly burdensome.

5. Plaintiff objects to each Interrogatory to the extent that the burden of deriving or ascertaining the documents is substantially the same for Defendant as to Plaintiff.

6. Plaintiff objects to each Interrogatory to the extent it may be construed as seeking information and/or documentation that invades the attorney/client, work product, trial preparation and consulting expert privileges or protections, spousal privilege, or any other privilege that may apply.

7. Plaintiff objects to each Interrogatory to the extent it seeks to impose discovery obligations upon Plaintiff beyond those provided in the Federal Rules of Civil Procedure.

8. Plaintiff objects to Defendants' Instruction No. 1 because it is overly broad, including, but not limited to calling on Plaintiff to uncover what is the knowledge of all entities and individuals who act and *purport* to act on Plaintiff's behalf. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and produce the information he can uncover after a reasonable search of materials in his possession, custody and control.

9. Plaintiff objects to Defendants' Instruction No. 2 to the extent it seeks to impose any obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure.

10. Plaintiff objects to the Defendants' Definitions because they are overly broad vague and ambiguous.

11. Plaintiff objects to the Defendants' Definitions No. 5 and 6 to the extent they call for attorney-client communications or other privileged communications, such as communications protected by the work product or spousal privilege.

12. Plaintiff objects to Defendants' Definition No. 10 to the extent it seeks to impose any discovery obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and conduct a reasonable search.

13. Plaintiff specifically reserves the right to supplement these responses and objections.

14. Plaintiff further objects to Defendant's requests for each of the additional specific reasons stated herein.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify any and all written agreements you entered into with Defendant Tyson. For each written agreement, identify the following:

a) The date on which the agreement was executed: and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is overly broad and unduly burdensome, particularly because much of the information requested is in the sole possession of Defendants. Subject to and without waiver of those objections, Plaintiff states as follows, please refer to the contracts produced in response to Requests for Production of Documents for details regarding the contracts executed between Plaintiff and Tyson. Plaintiff further states that Plaintiff has entered into numerous written contracts and amendments with Tyson for the growing of broilers. Plaintiff does not believe he has a copy of all contracts signed with Tyson, but believes Tyson has copies of each. Thus, Plaintiff cannot possibly remember the date of every agreement and all parties who signed them. Plaintiff believes the first contract was signed around December 2006 and the most recent contract amendment was signed in approximately December 2015.**

<u>INTERROGATORY NO. 2:</u> Identify any and all written agreements you entered into with any entities other than Tyson for the purpose of growing chickens. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Subject to and without waiver of those objections, Plaintiff states that Plaintiff has not entered into any written agreements with entities other than Tyson for the purpose of growing chickens.**

<u>INTERROGATORY NO. 3:</u> Identify all oral agreements you contend you have entered into with Tyson. For each agreement, identify the date it was entered, the terms of the alleged agreement, the parties to the agreement, and the individuals who allegedly made such an agreement.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Plaintiff also specifically objects because the request may call for a legal conclusion. Subject to and without waiver of those objections, Plaintiffs states that Plaintiff has been growing for Tyson for almost 10 years and believes there are frequent oral agreements between Tyson employees and Plaintiff. For example, Tyson orally agrees with Plaintiff as to when chickens will be picked up or delivered or when feed will be picked up or delivered. Plaintiff cannot possibly recall the date, terms, and parties to each such agreement.**

<u>INTERROGATORY NO. 4:</u> Identify, by its business name, address, farm location, and/or common name, each chicken house you have ever owned, leased, or used for the purpose of growing chickens. For each chicken house identified, identify all chicken processing entities for which the house has been utilized by you to grow chickens, the start and, if appropriate, end dates of such use, and the approximate square footage of each house.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, Plaintiff states that Plaintiff has**

**two farms named as Murphy 1 (Tyson No. 5147) and Murphy 2 (Tyson No. 5148) that are operated under the business name of Murphy Farms, LLC. Each farm has 6 houses, although Murphy 2 lost one of those houses in November 2010 to a fire and that house has not been rebuilt (leaving 11 houses currently being operated). The address of these farms is 1432 Hwy. 797, Calhoun, Kentucky. Plaintiff purchased these houses in approximately December 2006 and they have always been used by Tyson from the date of Plaintiffs' purchase to the present. All of Plaintiff's houses are approximately 460 feet x 43 feet.**

**Plaintiff has never operated other houses for the purpose of growing chickens.**

INTERROGATORY NO. 5: Identify all employees. independent contractors. laborers. and/or workers of any kind whom you have ever employed for the purpose of growing chickens on your behalf. For each person identified. state their name. last known address and phone numbers. dates of their retention on your behalf. and if no longer providing services. the reason for their resignation or departure. and a description of the services they provided.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections Subject to and without waiver of those objections, Plaintiff states:**

1. **Tonya Murphy (wife)**
   **Last Known Address: 4864 Hwy. 554, Utica, KY 42376**
   **Works as needed**
2. **Aristeo (Teo) Hernandez**
   **Last Known Address: 1434 Hwy. 797, Calhoun, Kentucky**
   **Employed 2/2/2007-03/2008, 03/2013-present**
   **Reason For Initial Departure – Moved**
   **Job Description: farm help**
3. **Randy Hudson**
   **Last Known Address: 1434 Hwy. 797, Calhoun, Kentucky**
   **Employed 02/2007-12/2007**
   **Reason For Departure – Did not work out**
   **Job Description: farm help**
4. **Dewey Clark**
   **Last Known Address: 1434 Hwy. 797, Calhoun, Kentucky**
   **Employed 03/2008-12/2008**
   **Reason For Departure – Did not work out**
   **Job Description: farm help**
5. **Gamaliel Torres**
   **Last Known Address: 1434 Hwy. 797, Calhoun, Kentucky**
   **Employed 12/2009-05/2011**
   **Reason For Departure – Dismissed after disagreement**

**Job Description: farm help**

**6. Kathy Torres**
**Last Known Address: 1434 Hwy. 797, Calhoun, Kentucky**
**Employed 12/2009-05/2011**
**Reason For Departure – Moved**
**Job Description: farm help**

**7. Jennifer Humphrey**
**Last Known Address: 81 State Route 797, Calhoun, Kentucky**
**Employed 07/2012-03/2013**
**Reason For Departure – Laid Off**
**Job Description: farm help**

**8. Consuelo Pineda**
**Last Known Address: 1434 Hwy. 797, Calhoun, Kentucky**
**Employed 03/2013-present**
**Currently Employed**
**Job Description: farm help**

**9. Coy Murphy (son)**
**Last Known Address: 4864 Hwy. 554, Utica, KY 42376**
**Employed as needed since 2006**

**10. Nick Murphy (son)**
**Last Known Address: 4864 Hwy. 554, Utica, KY 42376**
**Employed as needed since 2006**

INTERROGATORY NO. 6: Identify each and every social media or other Internet website to which you posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim you raise in this lawsuit. Include an identification of the Internet address, date(s), and substance of each posting you have made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, Plaintiff construes "social media or other Internet website" to mean Facebook, Twitter, LinkedIn, or online discussion forums. Plaintiff has not posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim raised in this lawsuit on any such site.**

INTERROGATORY NO. 7: Identify any person who or entity that has a financial interest in your farm and/or chicken operations, including all partners, silent partners, minority and majority owners, stockholders, investors, and financial backers. For each person or entity

identified, state their name, last known address and phone number, the dates their interests began and, if applicable, terminated, and the amounts and nature of their financial interests.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Without waiver of those objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers Defendant to Plaintiffs' document production. Plaintiff further states, Plaintiff's farm is owned by Michael Murphy and his wife, Tonya Murphy and is held in the name of Murphy Farms, LLC. The following are the individuals/entities whom have held an interest in the farm:**

1. **Mary & Vince Edwards, 2234 Wintergreen Loop South, Owensboro, KY 42301, initial lien was for $260,000 in approximately December 2006 which was paid off in October 2011 with the BB&T refinance (below).**
2. **Wells Fargo, based in St. Louis, initial loan was for approximately $1,250,000 (see loan documentation attached to Requests for Production for exact amounts) beginning in approximately December 2006, which was paid off in October 2011 with the BB&T refinance (below).**
3. **BB&T, Owensboro branch, $1,172,000 in October 2011, loan is still outstanding.**

INTERROGATORY NO. 8: Identify all documents, mortgages, leases, contracts, promissory notes, guarantees, and related documents that relate to any loans, debt, or money obtained by you and in relation to your chicken operations, whether for start-up, ongoing operations, or any other financial matter.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, please refer to response to Interrogatory No. 7 and Plaintiffs' document production. Plaintiff further states he has been growing for Tyson for almost 10 years and cannot possibly recall all documents related to any funds received in connection with his operation.**

INTERROGATORY NO. 9: Identify each and every claim or suit, apart from this lawsuit, that you have ever made or filed against any person or entity or that has been made or filed against you, including the name of the case, jurisdiction, the identity of any other parties, and the nature of the case and claims made.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request calls for a legal conclusion. Subject to and without waiver of those objections, Plaintiff states, none.**

INTERROGATORY NO. 10: If you have ever been arrested for, charged with, or convicted of any felony or misdemeanor, state the date, jurisdiction, nature, and disposition of each such arrest, charge, or conviction.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states that this request is not applicable.**

INTERROGATORY NO. 11: Have you or your farming or chicken operations ever been the subject of any administrative or governmental investigation or related action? If so, identify when that investigation or action occurred, describe the nature of the action, the outcome of the action, and the court or administrative caption and number associated with the action.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, no.**

INTERROGATORY NO. 12: Identify any and all experts you may call at the trial of this matter and, for each expert identified, provide the subject matter about which he or she will testify.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff objects to this interrogatory on the basis that it is premature and violates Plaintiff's privileges, including, but not limited to, the attorney-client privilege and work product privilege. Subject to and without waiving those objections, Plaintiff agrees to provide this information in accordance with the Scheduling Order previously entered by the Court.**

INTERROGATORY NO. 13: Identify by name, address, and phone number all persons you believe may have information relating to the claims and defenses in this matter and/or who

may have witnessed any events relating to the claims and defenses raised in this matter. For each such person, describe what information or events of which you believe they have knowledge.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, ambiguous and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, the following individuals are believed to have knowledge of Plaintiff's farm, its operations under the contract with Tyson, Defendants' operations, or the operation of entities related to Defendants or other integrators. Plaintiff has not listed addresses or phone numbers for the individuals under Tyson's control. For anyone else listed, their addresses have previously been disclosed herein.**

- **All employees identified in Interrogatory No. 5**
- **All individuals identified in Plaintiffs' disclosures**
- **All individuals identified in Defendants' disclosures**
- **Tonya Murphy**
- **Wayne – Tyson technician**
- **Ruben – Tyson technician**
- **John Snell – Tyson technician**
- **Beau – Tyson technician**
- **Eric Brown – Tyson technician**
- **James – Tyson technician**
- **Jared Shelton – Tyson manager**
- **Jim Bob – delivers chicks**
- **Mike – delivers chicks**
- **Joe Duckworth – Tyson technician**
- **Neil – Tyson technician**
- **Dr. McCarter – veterinarian**
- **Kenny Bartley – Tyson manager**
- **David Dickey – Tyson manager**
- **David Mears – Tyson manager**
- **Allen Chambers – Tyson manager**
- **Kevin Terrance – Tyson manager**
- **Cecilia – Tyson employee**
- **All individuals identified in Plaintiffs' document production**
- **All individuals identified in Defendants' document production**
- **All individuals identified in Defendants' interrogatory responses**

INTERROGATORY NO. 14: Identify any oral or written statements you contend any current or former Tyson employee has said, made, or provided to you at any time that relates to your claims in this case. For each statement identified, describe the statement made and identify

the date on which the statement was made, the person who made the statement, where it was heard or received, any witnesses to the statement, and whether it was oral or written.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory as overbroad and unduly burdensome. He has been growing for Tyson for almost 10 years and cannot possibly remember all statements made by any employee that could relate to claims in this lawsuit as statements by Tyson employees are made frequently. Subject to and without waiver of those objections Plaintiff refers Defendant to any and all documents produced in response to Defendants' Requests for Production of Documents. By way of example only, Plaintiff lists the following statement(s):**

- **In November 2015 Plaintiff had a flock of chickens that were rapidly dying. Tyson Tech John Snell told Plaintiff that he thought the chickens had Arkansas-99 and that he would try to have them tested. This was said orally to Plaintiff while John Snell was on his farm. Plaintiff was later told that his birds were not tested.**
- **Plaintiff has had conversations with Tyson's management, including Kenny Bartley, about feed errors.**
- **Plaintiff refers Defendants to any and all documents in their production that relate to statements made by Tyson employees and to the recollections of Defendants' own employees.**

**As demonstrated by the specific statement(s) above, it would be impossible to recount all instances of statements made by Tyson employees that could relate to claims in this lawsuit.**

INTERROGATORY NO. 15: Identify any document or record you may offer into evidence during the trial of this matter.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature and in violation of Plaintiff's privilege, including the attorney-client privilege and work product privilege. Subject to and without waiving said objections, Plaintiff refers Defendants to all documents exchanged during this litigation as those that could be offered into evidence during the trial of this matter, subject to the Federal Rules of Evidence. Plaintiff agrees to provide an exhibit list in accordance with pre-trial orders and/or Scheduling Orders entered by this Court.**

INTERROGATORY NO. 16: Provide a computation of the total damages you claim you are owed in this lawsuit, and specifically indicate the methodology used by you in calculating this total.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature as discovery is in its early stages and much of the documentation needed to answer this Interrogatory is in the sole control of Defendants. Plaintiff agrees to supplement this Interrogatory as more information becomes available.**

**<u>/s/ John Whitfield, Esq.</u>**
**John C. Whitfield**
**For All Objections**

This the 22nd day of April, 2016.

Respectfully Submitted,

<u>/s/ John Whitfield, Esq.</u>
John Whitfield, Esq. (KBA# 76410)
Caroline Ramsey Taylor (KBA# 95634)
**WHITFIELD BRYSON & MASON LLP**
19 North Main Street
Madisonville, KY 42431
Telephone (270) 821-0656
Fax (270) 825-1163
john@wbmllp.com
caroline@wbmllp.com

Gary E. Mason
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Tel. (202) 640-1160
Fax. (202) 429-2294
gary@wbmllp.com

J. Dudley Butler
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Dr.
Benton, MS 39039
(662) 673-0091 (tel)
(662) 673-0091 (fax)
jdb@farmandranchlaw.com

David S. Muraskin
**PUBLIC JUSTICE, P.C.**
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
fax (202) 232-7203
dmuraskin@publicjustice.net

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed the foregoing document on April 22, 2016 to the following counsels of record:

Robert T. Adams
Mark C. Tatum
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
mtatum@shb.com
rtadams@shb.com

and

Marc Wells
209 West Main Street
P.O. Box 644
Princeton, Kentucky 42445
Telephone: 270-365-5576
Facsimile: 270-365-5578
marcwells.atty@yahoo.com

*Attorneys for Defendants*

/s/ John Whitfield, Esq.
John C. Whitfield
*Attorney for Plaintiffs*

**VERIFICATION**

I, Mike Murphy, of 4864 Highway 554, Utica, Kentucky 42376, do declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

On this the 20 day of April, 2016.

Michael A Murphy
Michael A Murphy (Apr 20, 2016)

Mike Murphy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| CHARLES MORRIS, *et at.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:15-cv-00077 |
| v. | ) | |
| | ) | Judge: Honorable Joseph H. McKinley |
| TYSON CHICKEN, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT TYSON CHICKEN, INC.'S FIRST INTERROGATORIES TO PLAINTIFF JOHN PINKSTON**

Comes now Plaintiff, John Pinkston, by and through counsel, and states that he is responding to the discovery requests within the purpose and meaning of the Federal Rules of Civil Procedure. Plaintiff states that he has made a reasonably diligent effort and inquiry to obtain the information sought and has supplied the information which has been procured. Plaintiff does not represent that the information supplied or the documents furnished are every single document or every bit of information that may have been in existence at any one particular time. Plaintiff states that the discovery requests are being answered within the parameters of the reasonable interpretation of the request and understandably by a reasonable person or entity.

**GENERAL OBJECTIONS**

1. Each of the following objections are specifically incorporated by reference into each of the following responses.

2. Plaintiff objects to each Interrogatory to the extent it is vague, ambiguous and/or confusing.

3. Plaintiff objects to each Interrogatory to the extent it seeks information and/or documentation that is not reasonably relevant to the subject matter in the pending action nor is reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each Interrogatory to the extent it is overly broad and unduly burdensome.

5. Plaintiff objects to each Interrogatory to the extent that the burden of deriving or ascertaining the documents is substantially the same for Defendant as to Plaintiff.

6. Plaintiff objects to each Interrogatory to the extent it may be construed as seeking information and/or documentation that invades the attorney/client, work product, trial preparation and consulting expert privileges or protections, spousal privilege, or any other privilege that may apply.

7. Plaintiff objects to each Interrogatory to the extent it seeks to impose discovery obligations upon Plaintiff beyond those provided in the Federal Rules of Civil Procedure.

8. Plaintiff objects to Defendants' Instruction No. 1 because it is overly broad, including, but not limited to calling on Plaintiff to uncover what is the knowledge of all entities and individuals who act and *purport* to act on Plaintiff's behalf. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and produce the information he can uncover after a reasonable search of materials in his possession, custody and control.

9. Plaintiff objects to Defendants' Instruction No. 2 to the extent it seeks to impose any obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure.

10. Plaintiff objects to the Defendants' Definitions because they are overly broad vague and ambiguous.

11. Plaintiff objects to the Defendants' Definitions No. 5 and 6 to the extent they call for attorney-client communications or other privileged communications, such as communications protected by the work product or spousal privilege.

12. Plaintiff objects to Defendants' Definition No. 10 to the extent it seeks to impose any discovery obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and conduct a reasonable search.

13. Plaintiff specifically reserves the right to supplement these responses and objections.

14. Plaintiff further objects to Defendant's requests for each of the additional specific reasons stated herein.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify any and all written agreements you entered into with Defendant Tyson. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is overly broad and unduly burdensome, particularly because much of the information requested is in the sole possession of Defendants. Subject to and without waiver of those objections, Plaintiff states as follows, please refer to the contracts produced in response to Requests for Production of Documents for details regarding the contracts executed between Plaintiff and Tyson. Plaintiff further states that Plaintiff has entered into numerous written contracts and amendments with Tyson for the growing of broilers. Plaintiff does not believe he has a copy of all contracts signed with Tyson, but believes Tyson has copies of each. Thus, Plaintiff cannot possibly remember the date of every agreement and all parties who signed them. Plaintiff believes the first contract was signed in December 2008 and that he signed a new contract in approximately December 2013 which was amended in approximately January/February 2014.**

INTERROGATORY NO. 2: Identify any and all written agreements you entered into with any entities other than Tyson for the purpose of growing chickens. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is overly broad and unduly burdensome. Subject to and without waiver of those objections, Plaintiff refers Defendant to his document production and further states that Plaintiff has entered into numerous written contracts and amendments with Perdue for the growing of broilers. Thus, Plaintiff cannot possibly remember the date of every agreement and all parties who signed them. Plaintiff believes the first contract with Perdue was signed in January 1998. Plaintiff grew with Perdue for approximately 11 years, up until his first contract with Tyson.**

INTERROGATORY NO. 3: Identify all oral agreements you contend you have entered into with Tyson. For each agreement, identify the date it was entered, the terms of the alleged agreement, the parties to the agreement, and the individuals who allegedly made such an agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Plaintiff also specifically objects because the request may call for a legal conclusion. Subject to and without waiver of those objections, Plaintiffs states that Plaintiff grew for Tyson for over 6 years and believes there are frequent oral agreements between Tyson employees and Plaintiff. For example, Tyson orally agrees with Plaintiff as to when chickens will be picked up or delivered or when feed will be picked up or delivered. Plaintiff cannot possibly recall the date, terms, and parties to each such agreement.**

INTERROGATORY NO. 4: Identify, by its business name, address, farm location, and/or common name, each chicken house you have ever owned, leased, or used for the purpose of growing chickens. For each chicken house identified, identify all chicken processing entities

for which the house has been utilized by you to grow chickens, the start and, if appropriate, end dates of such use, and the approximate square footage of each house.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, Plaintiff states that Plaintiff had one farm named as John Pinkston Farm that was operated by John Pinkston individually. John Pinkston Farm had 4 houses. The address of this farm is 2000 Patterson Road, Sacramento, Kentucky. Plaintiff began operating these houses in approximately January 1998 with Perdue who used them until Tyson took them over around December 2008. All of Plaintiff's houses are approximately 40 feet by 500 feet.**

**Plaintiff has never operated other houses for the purpose of growing chickens.**

INTERROGATORY NO. 5: Identify all employees, independent contractors, laborers, and/or workers of any kind whom you have ever employed for the purpose of growing chickens on your behalf. For each person identified, state their name, last known address and phone numbers, dates of their retention on your behalf, and if no longer providing services, the reason for their resignation or departure, and a description of the services they provided.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Subject to and without waiver of those objections, Plaintiff states:**

1. **Angel Gonzales**
   **Last Known Address: Calhoun, Kentucky**
   **Employed Part Time – beginning fall 2012 or 2013 through Apr. 2015**
   **Reason For Departure – Sold Farms**
   **Job Description: farm help**
2. **Betsy Holskey**
   **Last Known Address: Sacramento, Kentucky**
   **Employed – 6 months in approximately 2003**
   **Reason For Departure – New Job**
   **Job Description: farm help**
3. **Reece Revlet**
   **Last Known Address: Sacramento, Kentucky**
   **Employed – during Perdue's use of farm**
   **Reason For Departure – Personal Reasons**
   **Job Description: farm help**
4. **Molly (last name unknown)**
   **Last Known Address: Poplar Grove, Kentucky**

**Employed – intermittently (see tax returns for dates)**
**Reason For Departure – New Job**
**Job Description: farm help**

5. **Sarah Harris**
**Last Known Address: Branch Schoolhouse Road, Sacramento, KY**
**Employed – Early part of Tyson's use (see tax returns)**
**Reason For Departure – New Job**
**Job Description: farm help**

6. **Amanda Harris**
**Last Known Address: Unknown**
**Employed – intermittently (see tax returns for dates)**
**Reason For Departure – Unknown**
**Job Description: farm help**

INTERROGATORY NO. 6: Identify each and every social media or other Internet website to which you posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim you raise in this lawsuit. Include an identification of the Internet address, date(s), and substance of each posting you have made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, Plaintiff construes "social media or other Internet website" to mean Facebook, Twitter, LinkedIn, or online discussion forums. Plaintiff has not posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim raised in this lawsuit on any such site.**

INTERROGATORY NO. 7: Identify any person who or entity that has a financial interest in your farm and/or chicken operations, including all partners, silent partners, minority and majority owners, stockholders, investors, and financial backers. For each person or entity identified, state their name, last known address and phone number, the dates their interests began and, if applicable, terminated, and the amounts and nature of their financial interests.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers Defendant to Plaintiffs' document production. Subject to and without waiver of the objections, Plaintiff further states that Plaintiff's chicken farm was owned individually by John Pinkston and his wife**

**Brenda Pinkston but was sold in April 2015, thus, no one currently has a financial interest in his chicken farm. In an effort to fully comply with this request, Plaintiff states that Plaintiff's farm consists of more than chicken houses, as he also raises cows and crops. Thus, all loans that were outstanding covered all aspects of his farm and not only his chicken houses. The following are the individuals/entities whom have held an interest in the farm:**

**Production Credit, branches used were located in Madisonville, Kentucky and Henderson, Kentucky, initial loan was for approximately $560,000 in approximately October 1997. Plaintiff took out additional funds under this loan of approximately $40,000 in approximately 2003 for upgrades to his chicken houses. He also believes he took out another (approximately) $85,000 for other upgrades during Perdue's use of his chicken houses. In 2008 he built a pond for additional water for his chicks which added about $23,000 to this loan. Around 2007-2008 he also took out an additional amount for other upgrades. These loans were paid off prior to selling his chicken houses in April 2015.**

INTERROGATORY NO. 8: Identify all documents, mortgages, leases, contracts, promissory notes, guarantees, and related documents that relate to any loans, debt, or money obtained by you and in relation to your chicken operations, whether for start-up, ongoing operations, or any other financial matter.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, please refer to response to Interrogatory No. 7 and Plaintiffs' document production. Plaintiff further states he grew chickens for over 6 years and cannot possibly recall all documents related to any funds received in connection with his operation.**

INTERROGATORY NO. 9: Identify each and every claim or suit, apart from this lawsuit, that you have ever made or filed against any person or entity or that has been made or filed against you, including the name of the case, jurisdiction, the identity of any other parties, and the nature of the case and claims made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request calls for a legal conclusion. Subject to and without waiver of those objections, Plaintiff states, none.**

INTERROGATORY NO. 10: If you have ever been arrested for, charged with, or convicted of any felony or misdemeanor, state the date, jurisdiction, nature, and disposition of each such arrest, charge, or conviction.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states that this request is not applicable.**

INTERROGATORY NO. 11: Have you or your farming or chicken operations ever been the subject of any administrative or governmental investigation or related action? If so, identify when that investigation or action occurred, describe the nature of the action, the outcome of the action, and the court or administrative caption and number associated with the action.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, no.**

INTERROGATORY NO. 12: Identify any and all experts you may call at the trial of this matter and, for each expert identified, provide the subject matter about which he or she will testify.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff objects to this interrogatory on the basis that it is premature and violates Plaintiff's privileges, including, but not limited to, the attorney-client privilege and work product privilege. Subject to and without waiving those objections, Plaintiff agrees to provide this information in accordance with the Scheduling Order previously entered by the Court.**

INTERROGATORY NO. 13: Identify by name, address, and phone number all persons you believe may have information relating to the claims and defenses in this matter and/or who may have witnessed any events relating to the claims and defenses raised in this matter. For each such person, describe what information or events of which you believe they have knowledge.

**RESPONSE:** **Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, ambiguous and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, the following individuals are believed to have knowledge of Plaintiff's farm, its operations under the contract with Tyson, Defendants' operations, or the operation of entities related to Defendants or other integrators. Plaintiff has not listed addresses or phone numbers for the individuals under Tyson's control. For anyone else listed, their addresses have previously been disclosed herein.**

- **All employees identified in Interrogatory No. 5**
- **All individuals identified in Plaintiffs' disclosures**
- **All individuals identified in Defendants' disclosures**
- **Wayne – Tyson technician**
- **Ruben Bruce – Tyson technician**
- **James Catlin – Tyson technician**
- **Jared Shelton – Tyson manager**
- **Jim Bob – delivers chicks**
- **Dr. McCarter – veterinarian**
- **Kenny Bartley – Tyson manager**
- **David Dickey – Tyson manager**
- **Craig Mobley (unsure of last name) – former Tyson complex manager**
- **James Gottsponer – Tyson manager**
- **Steve Key – Tyson manager**
- **Cecilia – Tyson employee**
- **All individuals identified in Plaintiffs' document production**
- **All individuals identified in Defendants' document production**
- **All individuals identified in Defendants' interrogatory responses**

INTERROGATORY NO. 14: Identify any oral or written statements you contend any current or former Tyson employee has said, made, or provided to you at any time that relates to your claims in this case. For each statement identified, describe the statement made and identify the date on which the statement was made, the person who made the statement, where it was heard or received, any witnesses to the statement, and whether it was oral or written.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory as overbroad and unduly burdensome. He has been growing for Tyson for over 6 years and cannot possibly remember all statements made by any employee that could relate to claims in this lawsuit as statements by Tyson employees are made frequently. Subject to and without waiver of those objections, Plaintiff refers Defendant to any and all**

**documents produced in response to Defendants' Requests for Production of Documents. By way of example only, Plaintiff lists the following statement(s):**

- **Close in time to October 2014, Plaintiff was discussing with Kenny Bartley the new pay policy in a new contract he was being forced while at the Tyson plant. Mr. Bartley was showing Plaintiff how the pay policy worked and told Plaintiff that the good part of the new pay policy is that Mr. Bartley can do with it what he wants (indicating that he could manipulate the numbers).**
- **Around November/December 2014 Plaintiff was discussing the new contracts (and new pay policy) with Jared Shelton while at John Pinkston Farm and was told by Mr. Shelton that Plaintiff had to sign the new pay policy or he would not get chickens.**
- **Around December 2013 Plaintiff was told by Jared Shelton, Ruban (Tyson Technician) and James (Tyson technician) that when he went on the new pay scale they would not use the average of the past 6 flocks to determine a grower's pay. Some time later Mr. Shelton denied making that comment. At the same time, Ruban drove up and Plaintiff asked Ruban in front of Mr. Shelton whether that was Ruban's understanding (that the past 6 flocks would not be used). Ruban stated, "Yes, that is the way I understood it." Mr. Shelton continued to deny his statements.**
- **During one visit with Tyson Technician Wayne, Wayne told Plaintiff that everyone knows that there is one flock per farmer per year that you (the farmer) will not make money on. This was said to Plaintiff while he and Wayne were inside their respective trucks parked on Plaintiff's farm.**
- **Around the time Kenny Bartley was fired, Plaintiff was told by Cecelia (former Tyson employee) that Plaintiff was going to see a big increase in his settlements after Kenny Bartley was fired. This was told orally to Plaintiff by phone.**
- **In 2014 Plaintiff had an exceptional flock of chickens. Plaintiff was told by James Gottsponer that his flock was experimental and so he was taken out of the tournament because his flock did so well. Mr. Gottsponer told Plaintiff that they did something to the flock and felt like it was only fair to take Plaintiff out of the tournament. Mr. Gottsponer told Plaintiff that he had told Ruban (Tyson technician) not to tell Plaintiff about it so that they could get an accurate reading against other growers' flocks.**
- **Plaintiff refers Defendants to any and all documents in their production that relate to statements made by Tyson employees and to the recollections of Defendants' own employees.**

**As demonstrated by the specific statement(s) above, it would be impossible to recount all instances of statements made by Tyson employees that could relate to claims in this lawsuit.**

INTERROGATORY NO. 15: Identify any document or record you may offer into evidence during the trial of this matter.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature and in violation of Plaintiff's privilege, including the attorney-client privilege and work product privilege. Subject to and without waiving said objections, Plaintiff refers Defendants to all documents exchanged during this litigation as those that could be offered into evidence during the trial of this matter, subject to the Federal Rules of Evidence. Plaintiff agrees to provide an exhibit list in accordance with pre-trial orders and/or Scheduling Orders entered by this Court.**

<u>INTERROGATORY NO. 16:</u> Provide a computation of the total damages you claim you are owed in this lawsuit, and specifically indicate the methodology used by you in calculating this total.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature as discovery is in its early stages and much of the documentation needed to answer this Interrogatory is in the sole control of Defendants. Plaintiff agrees to supplement this Interrogatory as more information becomes available.**

**<u>/s/ John Whitfield, Esq.</u>**
**John C. Whitfield**
**For All Objections**

This the 22nd day of April, 2016.

Respectfully Submitted,

<u>/s/ John Whitfield, Esq.</u>
John Whitfield, Esq. (KBA# 76410)
Caroline Ramsey Taylor (KBA# 95634)
**WHITFIELD, BRYSON & MASON LLP**
19 North Main Street
Madisonville, KY 42431
Telephone: (270) 821-0656
Fax: (270) 825-1163
Email: john@wbmllp.com
caroline@wbmllp.com

Gary E. Mason, Esq.
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 640-1160
Fax: (202) 429-2294
Email: gary@wbmllp.com

J. Dudley Butler, Esq.
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Dr.
Benton, MS 39039
Telephone: (662) 673-0091
Fax: (662) 673-0091
Email: jdb@farmandranchlaw.com

David S. Muraskin
**PUBLIC JUSTICE, P.C.**
1620 L St. NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Fax: (202) 232-7203
Email: dmuraskin@publicjustice.net

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I mailed the foregoing document on April 22, 2016 to the following counsel of record:

Robert T. Adams
Mark C. Tatum
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
Email: mtatum@shb.com
Email: rtadams@shb.com

and

Marc Wells
209 West Main Street
P.O. Box 644
Princeton, Kentucky 42445
Telephone: 270-365-5576
Facsimile: 270-365-5578
Email: marcwells.atty@yahoo.com

***Attorneys for Defendants***

/s/ John Whitfield, Esq.
John C. Whitfield, Esq.

***Attorney for Plaintiffs***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| CHARLES MORRIS, *et at.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:15-cv-00077 |
| v. | ) | |
| | ) | Judge: Honorable Joseph H. |
| TYSON CHICKEN, INC., *et al.*, | ) | McKinley |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF'S ANSWERS TO DEFENDANT TYSON CHICKEN, INC.'S FIRST INTERROGATORIES TO PLAINTIFFS MORGAN RICKARD & SONDRA RICKARD**

---

Come now Plaintiffs, Morgan Rickard and Sondra Rickard, by and through counsel, and states that they are responding to the discovery requests within the purpose and meaning of the Federal Rules of Civil Procedure. Plaintiffs state that they have made a reasonably diligent effort and inquiry to obtain the information sought and have supplied the information which has been procured. Plaintiffs do not represent that the information supplied or the documents furnished are every single document or every bit of information that may have been in existence at any one particular time. Plaintiffs state that the discovery requests are being answered within the parameters of the reasonable interpretation of the request and understandably by a reasonable person or entity.

**GENERAL OBJECTIONS**

1. Each of the following objections are specifically incorporated by reference into each of the following responses.

2. Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous and/or

confusing.

3. Plaintiffs object to each Interrogatory to the extent it seeks information and/or documentation that is not reasonably relevant to the subject matter in the pending action nor is reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiffs object to each Interrogatory to the extent it is overly broad and unduly burdensome.

5. Plaintiffs object to each Interrogatory to the extent that the burden of deriving or ascertaining the documents is substantially the same for Defendant as to Plaintiffs.

6. Plaintiffs object to each Interrogatory to the extent it may be construed as seeking information and/or documentation that invades the attorney/client, work product, trial preparation and consulting expert privileges or protections, spousal privilege, or any other privilege that may apply.

7. Plaintiffs object to each Interrogatory to the extent it seeks to impose discovery obligations upon Plaintiffs beyond those provided in the Federal Rules of Civil Procedure.

8. Plaintiffs object to Defendants' Instruction No. 1 because it is overly broad, including, but not limited to calling on Plaintiffs to uncover what is the knowledge of all entities and individuals who act and *purport* to act on Plaintiffs' behalf. Plaintiffs will comply with their obligations under the Federal Rules of Civil Procedure and produce the information they can uncover after a reasonable search of materials in his possession, custody and control.

9. Plaintiffs object to Defendants' Instruction No. 2 to the extent it seeks to impose any obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiffs will comply with their obligations under the Federal Rules of Civil Procedure.

10. Plaintiffs object to the Defendants' Definitions because they are overly broad

vague and ambiguous.

11. Plaintiffs object to the Defendants' Definitions No. 5 and 6 to the extent they call for attorney-client communications or other privileged communications, such as communications protected by the work product or spousal privilege.

12. Plaintiffs object to Defendants' Definition No. 10 to the extent it seeks to impose any discovery obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiffs will comply with his obligations under the Federal Rules of Civil Procedure and conduct a reasonable search.

13. Plaintiffs specifically reserve the right to supplement these responses and objections.

14. Plaintiffs further object to Defendant's requests for each of the additional specific reasons stated herein.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify any and all written agreements you entered into with Defendant Tyson. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiffs incorporates by reference each of their General Objections. Plaintiffs further specifically object that this request is overly broad and unduly burdensome, particularly because much of the information requested is in the sole possession of Defendants. Subject to and without waiver of those objections, Plaintiffs refer Defendants to Plaintiffs' produced documents. Plaintiffs further state they have entered into numerous written contracts and/or amendments with Tyson for the growing of broilers. Plaintiffs do not believe they have a copy of all of the contracts signed with Tyson, but believes Tyson has copies of each. Thus, Plaintiffs cannot possibly remember the date of every agreement and all parties who signed them. Plaintiffs believe the first contract was signed with Tyson in December 2008 and that there has been other contracts and/or amendments with Tyson since that date.**

INTERROGATORY NO. 2: Identify any and all written agreements you entered into with any entities other than Tyson for the purpose of growing chickens. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiffs incorporate by reference each of their General Objections. Subject to and without waiver of those objections, Plaintiffs state that Plaintiffs entered into a contract with Perdue in 1997 and believes subsequent contracts and/or amendments were signed with Perdue until they switched to growing chickens for Tyson in 2008.**

INTERROGATORY NO. 3: Identify all oral agreements you contend you have entered into with Tyson. For each agreement, identify the date it was entered, the terms of the alleged agreement, the parties to the agreement, and the individuals who allegedly made such an agreement.

**RESPONSE: Plaintiffs incorporate by reference each of their General Objections. Plaintiffs further specifically object that this request is vague, ambiguous, overly broad and unduly burdensome. Plaintiffs also specifically object because the request may call for a legal conclusion. Subject to and without waiver of those objections, Plaintiffs state that Plaintiffs have grown for Tyson for over 7 years and believe there are frequent oral agreements between Tyson employees and Plaintiffs. For example, Tyson orally agrees with Plaintiffs as to when chickens will be picked up or delivered or when feed will be picked up or delivered. Plaintiffs cannot possibly recall the date, terms, and parties to each such agreement.**

INTERROGATORY NO. 4: Identify, by its business name, address, farm location, and/or common name, each chicken house you have ever owned, leased, or used for the purpose of growing chickens. For each chicken house identified, identify all chicken processing entities for which the house has been utilized by you to grow chickens, the start and, if appropriate, end dates of such use, and the approximate square footage of each house.

**<u>RESPONSE:</u> Plaintiffs incorporate by reference each of their General Objections. Plaintiffs further specifically object that this request is vague and ambiguous. Subject to and without waiver of those objections, Plaintiffs state that Plaintiffs have four farms as follows:**

**1. Wishbone: Owned by Morgan Rickard, Branch Schoolhouse Road, Sacramento, Kentucky, began being used for growing chickens by Perdue in 1998 and used by Perdue continuously until switched to Tyson in late 2008, used by Tyson since late 2008 to present. Wishbone has four houses which are each 40 feet x 500 feet.**

**2. Branch: Owned by Sondra Rickard, 1361 Branch Schoolhouse Road, Sacramento, Kentucky, used by Perdue from 2000 until late 2008 when taken over by Tyson and used by Tyson continuously since that date. Branch has four houses which are each 40 feet x 500 feet.**

**3. SMR Chickens: Owned by Rickard Farms, LLC, 1615 Branch Schoolhouse Road, Sacramento, Kentucky, used by Perdue from 2003 to late 2008 when taken over by Tyson and used by Tyson continuously since that date. SMR Chickens has four houses which are each 40 feet x 500 feet, although two of these houses went down March 5, 2015 due to snow.**

**4. ICU Chickens: Owned by ICU, LLC, 1359 Branch Schoolhouse Road, Sacramento, Kentucky, used by Tyson only starting November 5, 2010 to present. ICU Chickens has four houses which are each 55 feet by 500 feet.**

**Plaintiffs have never operated other houses for the purpose of growing chickens.**

<u>INTERROGATORY NO. 5:</u> Identify all employees, independent contractors, laborers, and/or workers of any kind whom you have ever employed for the purpose of growing chickens on your behalf. For each person identified, state their name, last known address and phone numbers, dates of their retention on your behalf, and if no longer providing services, the reason for their resignation or departure, and a description of the services they provided.

**<u>RESPONSE:</u> Plaintiffs incorporate by reference each of their General Objections Subject to and without waiver of those objections, Plaintiffs list the following employees:**

**1. Margie G. Harberson**
**Last Known Address: Rumsey**
**Employed: 2/25/2000-2009**
**Reason for Leaving: Took Another Job**
**Description of Job: Farm Help**

**2. Reese Revelett**
**Last Known Address: Sacramento**

**Employed: 4/28/2006-8/31/2006**
**Reason for Leaving: Took Another Job**
**Description of Job: Farm Help**

**3. James Harris**
**Last Known Address: Unknown**
**Employed: 10/5/2006-8/24/2009**
**Reason for Leaving: Let Go**
**Description of Job: Farm Help**

**4. Amanda Harris**
**Last Known Address: Sacramento**
**Employed: 4/24/2007-8/24/2009**
**Reason for Leaving: Let Go**
**Description of Job: Farm Help**

**5. Mollie Kirby**
**Last Known Address: Unknown**
**Employed: 10/16/2006-5/28/2008**
**Reason for Leaving: Took Another Job**
**Description of Job: Farm Help**

**6. Tara Williams**
**Last Known Address: Sacramento**
**Employed: 6/28/2004-4/1/2009**
**Reason for Leaving: Took Another Job**
**Description of Job: Farm Help**

**7. Angelina Sokolowski**
**Last Known Address: Unknown**
**Employed: 2/10/2010-6/11/2011**
**Reason for Leaving: Left with Hanne (#8)**
**Description of Job: Farm Help**

**8. Hanne Seitz**
**Last Known Address: Unknown**
**Employed: 6/16/2011-9/21/2011**
**Reason for Leaving: Let Go**
**Description of Job: Farm Help**

**9. Dustin Marsala**
**Last Known Address: Unknown**
**Employed: 4/26/2011-8/2012 (approximate)**
**Reason for Leaving: Let Go**
**Description of Job: Farm Help**

**10. Josue Rangel**
**Last Known Address: Unknown**
**Employed: 2/1/2011-9/22/2012**
**Reason for Leaving: Let Go**
**Description of Job: Farm Help**

**11. Angel Gonzales**
**Last Known Address: Unknown**
**Employed: 7/22/2011-9/22/12**

**Reason for Leaving: Let Go**
**Description of Job: Farm Help**

**12. Felipe Bautista**
**Last Known Address: Unknown**
**Employed: 6/5/2012-9/22/2012**
**Reason for Leaving: Let Go**
**Description of Job: Farm Help**

**13. Nina Anderson**
**Last Known Address: Sacramento, KY**
**Employed: 2/1/2009-11/2/2011**
**Reason for Leaving: Raise Children**
**Description of Job: Farm Help**

**14. Scott Anderson**
**Last Known Address: Sacramento, KY**
**Employed: 5/10/2010-2/11/2015**
**Reason for Leaving: Took Another Job**
**Description of Job: Farm Help**

**15. Carter Humphrey**
**Last Known Address: Unknown**
**Employed: 4/21/2012-11/17/2014**
**Reason for Leaving: Took Another Job**
**Description of Job: Farm Help**

**16. Joshua Rickard**
**Last Known Address: Dixon, KY**
**Employed: As needed**
**Reason for Leaving: N/A**
**Description of Job: Farm Help**

**17. Michael Harris**
**Last Known Address: Sacramento, KY**
**Employed: 7/23/2004-2/25/11, 2/11/2013-present**
**Reason for Leaving: Different job, N/A**
**Description of Job: Farm Help**

**18. Daniel Wills**
**Last Known Address: Branch Schoolhouse Road, Sacramento, KY**
**Employed: 8/18/2014-present**
**Reason for Leaving: N/A**
**Description of Job: Farm Help**

**18. Mark Williams**
**Last Known Address: Branch Schoolhouse Road, Sacramento, KY**
**Employed: 3/2/2015-present**
**Reason for Leaving: N/A**
**Description of Job: Farm Help**

INTERROGATORY NO. 6: Identify each and every social media or other Internet website to which you posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim you raise in this lawsuit. Include an identification of the Internet address, date(s), and substance of each posting you have made.

**RESPONSE: Plaintiffs incorporate by reference each of their General Objections. Plaintiffs further specifically object that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, Plaintiffs state, Plaintiffs construe "social media or other Internet website" to mean Facebook, Twitter, LinkedIn, or online discussion forums. Plaintiffs have not posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim raised in this lawsuit on any such site.**

INTERROGATORY NO. 7: Identify any person who or entity that has a financial interest in your farm and/or chicken operations, including all partners, silent partners, minority and majority owners, stockholders, investors, and financial backers. For each person or entity identified, state their name, last known address and phone number, the dates their interests began and, if applicable, terminated, and the amounts and nature of their financial interests.

**RESPONSE: Plaintiffs incorporate by reference each of their General Objections. Plaintiffs further specifically object that this request is vague and ambiguous. Subject to and without waiver of those objections, Plaintiffs refer Defendants to their document production. Plaintiffs further state, the following are the individuals/entities whom have held an interest in their farms:**

1. **Farm Credit, Henderson, Kentucky, held lien from approximately 1997-2010.**
2. **BB&T, Owensboro, Kentucky, used for building new houses in 2010.**
3. **Independence Bank and First Security Bank have also loaned money to Plaintiffs' for equipment purchases during the operation of Plaintiffs' farms for chicken production.**

INTERROGATORY NO. 8: Identify all documents, mortgages, leases, contracts, promissory notes, guarantees, and related documents that relate to any loans, debt, or money obtained by you and in relation to your chicken operations, whether for start-up, ongoing operations, or any other financial matter.

**<u>RESPONSE:</u> Plaintiffs incorporate by reference each of their General Objections. Plaintiffs further specifically object that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, please refer to response to Interrogatory No. 7 and Plaintiffs' document production. Plaintiffs further state they have grown for Tyson for over 7 years and cannot possibly recall all documents related to any funds received in connection with their operation.**

<u>INTERROGATORY NO. 9:</u> Identify each and every claim or suit, apart from this lawsuit, that you have ever made or filed against any person or entity or that has been made or filed against you, including the name of the case, jurisdiction, the identity of any other parties, and the nature of the case and claims made.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request calls for a legal conclusion. Subject to and without waiver of those objections, Plaintiff states:**

**Morgan Rickard: Involved in class action regarding Avandia (medication for diabetes) in approximately 2012-2013 which he believes was filed in St. Louis, Missouri. Morgan Rickard was also involved in two divorces, one in approximately 1985 and the other in 1989, both filed in McLean County, Kentucky.**

**Sondra Rickard: Involved in two prior divorces in approximately 1985 and 1991, both filed in Daviess County, Kentucky.**

<u>INTERROGATORY NO. 10:</u> If you have ever been arrested for, charged with, or convicted of any felony or misdemeanor, state the date, jurisdiction, nature, and disposition of each such arrest, charge, or conviction.

**<u>RESPONSE:</u> Plaintiffs incorporate by reference each of their General Objections. Plaintiffs further specifically object because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiffs state, not applicable.**

<u>INTERROGATORY NO. 11:</u> Have you or your farming or chicken operations ever been the subject of any administrative or governmental investigation or related action? If so, identify

when that investigation or action occurred, describe the nature of the action, the outcome of the action, and the court or administrative caption and number associated with the action.

**RESPONSE: Plaintiffs incorporate by reference each of their General Objections. Plaintiffs further specifically object because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiffs state, no.**

INTERROGATORY NO. 12: Identify any and all experts you may call at the trial of this matter and, for each expert identified, provide the subject matter about which he or she will testify.

**RESPONSE: Plaintiffs incorporate by reference each of their General Objections. Plaintiffs object to this interrogatory on the basis that it is premature and violates Plaintiffs' privileges, including, but not limited to, the attorney-client privilege and work product privilege. Subject to and without waiving those objections, Plaintiffs agree to provide this information in accordance with the Scheduling Order previously entered by the Court.**

INTERROGATORY NO. 13: Identify by name, address, and phone number all persons you believe may have information relating to the claims and defenses in this matter and/or who may have witnessed any events relating to the claims and defenses raised in this matter. For each such person, describe what information or events of which you believe they have knowledge.

**RESPONSE: Plaintiffs incorporate by reference each of their General Objections. Plaintiffs further specifically object because this request is vague, ambiguous and unduly burdensome. Without waiver of those objections, Plaintiffs state, the following individuals are believed to have knowledge of Plaintiffs' farm, its operations under the contract with Tyson, Defendants' operations, or the operation of entities related to Defendants or other integrators. Plaintiffs have not listed addresses or phone numbers for those individuals under Tyson's control. For anyone else listed, their addresses have previously been disclosed herein.**

- **All employees identified in Interrogatory No. 5**
- **All individuals identified in Plaintiffs' disclosures**
- **All individuals identified in Defendants' disclosures**
- **Neal Barfield – Tyson Technician**
- **Beau McGuire – Tyson Technician**
- **Jennifer – Tyson Technician**

- **James Catlin – Tyson Technician**
- **Ruban Bruce – Tyson Technician**
- **Jim Gottsponer – Tyson Manager**
- **David Dickey – Tyson Manager**
- **David Mears – Tyson Manager**
- **Steve Key – Tyson Manager**
- **Jared Shelton – Tyson Manager**
- **Kenny Bartley – Tyson Manager**
- **Craig Copley – Tyson Manager**
- **Cecelia Hanner – Tyson employee**
- **Jim Bob – Delivers Chicks**
- **Audrey – Plant Worker**
- **Shanna Fancher – Plant Manager**
- **Eric Williams – Cousin of Plaintiff (Morgan) and partner in cleanout business**
- **All individuals identified in Plaintiffs' document production**
- **All individuals identified in Defendants' document production**
- **All individuals identified in Defendants' interrogatory responses**

INTERROGATORY NO. 14: Identify any oral or written statements you contend any current or former Tyson employee has said, made, or provided to you at any time that relates to your claims in this case. For each statement identified, describe the statement made and identify the date on which the statement was made, the person who made the statement, where it was heard or received, any witnesses to the statement, and whether it was oral or written.

**RESPONSE: Plaintiffs incorporate by reference each of their General Objections. Plaintiffs further specifically object to this interrogatory as overbroad and unduly burdensome. They have grown for Tyson for over 7 years and cannot possibly remember all statements made by any employee that could relate to claims in this lawsuit as statements by Tyson employees are made frequently. Subject to and without waiving those objections, Plaintiffs refer Defendant to any and all documents produced in response to Requests for Production of Documents. By way of example only, Plaintiffs list the following statement(s):**

- **Morgan Rickard has multiple voice recordings which include statements made by Tyson employees which are being produced in response to Defendants Requests for Production of Documents.**
- **Morgan Rickard went to the Tyson plant in approximately 2012-2013 to watch his birds run through the slaughter and processing line. Audrey (worker at Tyson plant) told Morgan Rickard that if no one (meaning none of the growers) was there watching then they do not hang a paper towel to**

**indicate when someone else's birds are running, instead Tyson simply relies on a timer to determine whose birds are being run.**

- **In approximately the fall 2013 (around the time Kenny Bartley was fired), Cecelia Hanner told Morgan Rickard by phone that he should watch his numbers after Kenny was fired as he was going to go right back to the top.**
- **When discussing Tyson's proposed new pay scale, Kenny Bartley told Morgan Rickard that if he was on the new pay scale that it is easier because he (Kenny) and the accountant can adjust the figures any way they want.**
- **Around 2012 Morgan Rickard was told by his technician, James Catlin, that there should be absolutely no culling the last two weeks a flock is at his house. This was told to him while at Wishbone House No. 1.**
- **Morgan Rickard remembers his technician, James Catlin, talking to him about a time when one of his farms ran out of feed and Tyson delivered the feed to the wrong farm (one without birds).**
- **Morgan Rickard remembers a conversation with Jim Gottsponer approximately a year and a half ago by phone where Mr. Rickard called on a Sunday because he was out of feed and was told that there were no feed truck drivers with hours left so he would have to wait until Monday to get feed.**
- **Jim Gottsponer was at a farm on Charles Morris' farm and talked about how nice the houses were. Mr. Morris offered to sell him some of the houses and Jim Gottsponer told Charles that he would only be interested in buying any farms for $.40-.50 on the dollar. This was said in the presence of Charles Morris, Morgan Rickard, and Jared Shelton.**
- **David Mears told Morgan Rickard that he was doing "too good a job" because he was growing the chickens so fast that they were having leg problems and/or kinky back. This was spoken in approximately June, July or August 2015. During this exchange the following people were also present: Jim Gottsponer, Sondra Rickard, Michael Harris (employee of Rickard), Mark Williams (employee of Rickard) and Daniel Willis (employee of Rickard).**
- **Late February/early March 2016 Morgan Rickard began having discussions with his technician James Catlin about cake that was under the fans in his houses. This condition was never brought up in the past and never seemed to be a problem. However, Mr. Catlin advised Mr. Rickard via a service note of the changes that needed to occur in his house prior to placing birds. Mr. Rickard had not had time to clean the houses but Tyson wanted to place birds with him. Thus, Jim Gottsponer sent Mr. Rickard a text message telling him that Tyson would place birds as long as he took full responsibility for their health. Mr. Rickard advised he would not do so.**
- **In approximately September-October 2014 Morgan Rickard was having problems with his birds not eating. Tyson employees originally blamed the bird's lack of eating on Mr. Rickard's water supply (which had not changed). Mr. Rickard later learned from Jared Shelton that the fat in the feed is purchased from about five different places, depending on who is the cheapest supplier, and that the birds were not eating because they did not like the fat in the feed.**

- **Morgan Rickard remembers complaining to David Dickey about having to cull so many birds because of their health condition and Mr. Dickey responded that they sell For Sale signs down at the hardware store and so if Mr. Rickard was not happy with the chicken business just sell the houses.**
- **Morgan Rickard had conversations with the veterinarian Dr. McCarter and David Dickey about the problem with kinky backs. Dr. McCarter told him that the cause is from a bacteria that grows in the chickens and can rupture, causing the bacteria to spread to either the chicken's backs or legs. At that point, there is nothing the farmer can do. He was advised that Tyson knows they have a problem but that they do not know how to fix it. Dr. McCarter told him that he previously spoke to Tyson and Tyson will not change the feed to try to help, but that if they try to slow the growth of the birds down that it is possible the disease will not be as bad. Mr. Rickard was advised that it is just the luck of the draw whether the chickens will have the problems or not.**
- **Morgan Rickard has had multiple conversations with Tyson's management, including Kenny Bartley, about feed errors. During one of these conversations Tyson agreed to pay Mr. Rickard some money due to the feed errors but asked him to sign a confidentiality clause.**
- **Morgan Rickard had a conversation with Jim Gottsponer where Mr. Gottsponer admitted that the average pay to growers at the Robards plant is not $2.47 per pound but much less. Gottsponer explained that Tyson artificially inflated the figure to $2.47 (a figure told to other perspective growers) by including money Tyson paid growers to fix damage Tyson caused to growers' facilities and other remuneration that could not be considered compensation for the grower's birds.**
- **Jim Gottsponer said to Morgan Rickard that if growers are dumb enough to build chicken houses, let them build them and face the consequences.**
- **Plaintiff refers Defendants to any and all documents in their production that relate to statements made by Tyson employees and to the recollections of Defendants' own employees.**

**As demonstrated by the specific statement(s) above, it would be impossible to recount all instances of statements made by Tyson employees that could relate to claims in this lawsuit.**

INTERROGATORY NO. 15: Identify any document or record you may offer into evidence during the trial of this matter.

**RESPONSE: Plaintiffs incorporate by reference each of their General Objections. Plaintiffs further specifically object to this interrogatory on the basis that it is premature and in violation of Plaintiffs' privilege, including the attorney-client privilege and work product privilege. Subject to and without waiving said objections, Plaintiffs refer Defendants to all documents exchanged during this litigation as those that could be offered into evidence during the trial of this matter,**

**subject to the Federal Rules of Evidence. Plaintiffs agree to provide an exhibit list in accordance with pre-trial orders and/or Scheduling Orders entered by this Court.**

INTERROGATORY NO. 16: Provide a computation of the total damages you claim you are owed in this lawsuit, and specifically indicate the methodology used by you in calculating this total.

**RESPONSE: Plaintiffs incorporate by reference each of their General Objections. Plaintiffs further specifically object to this interrogatory on the basis that it is premature as discovery is in its early stages and much of the documentation needed to answer this Interrogatory is in the sole control of Defendants. Plaintiffs agree to supplement this Interrogatory as more information becomes available.**

**/s/ John Whitfield, Esq.**
**John C. Whitfield**
**For All Objections**

This the 22nd day of April, 2016.

Respectfully Submitted,

/s/ John Whitfield, Esq.
John Whitfield, Esq. (KBA# 76410)
Caroline Ramsey Taylor (KBA# 95634)
**WHITFIELD, BRYSON & MASON LLP**
19 North Main Street
Madisonville, KY 42431
Telephone: (270) 821-0656
Fax: (270) 825-1163
Email: john@wbmllp.com
caroline@wbmllp.com

Gary E. Mason, Esq.
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 640-1160
Fax: (202) 429-2294
Email: gary@wbmllp.com

J. Dudley Butler, Esq.
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Dr.
Benton, MS 39039
Telephone: (662) 673-0091
Fax: (662) 673-0091
Email: jdb@farmandranchlaw.com

David S. Muraskin
**PUBLIC JUSTICE, P.C.**
1620 L St. NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Fax: (202) 232-7203
Email: dmuraskin@publicjustice.net

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I mailed the foregoing document on April 22, 2016 to the following counsel of record:

Robert T. Adams
Mark C. Tatum
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
Email: mtatum@shb.com
Email: rtadams@shb.com

and

Marc Wells
209 West Main Street
P.O. Box 644
Princeton, Kentucky 42445
Telephone: 270-365-5576
Facsimile: 270-365-5578
Email: marcwells.atty@yahoo.com

***Attorneys for Defendants***

/s/ John Whitfield, Esq.
John C. Whitfield

***Attorney for Plaintiffs***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| CHARLES MORRIS, *et at.* | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | Case No. 4:15-cv-00077 |
| v. | ) | |
| | ) | Judge: Honorable Joseph H. McKinley |
| TYSON CHICKEN, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT TYSON CHICKEN, INC.'S FIRST INTERROGATORIES TO PLAINTIFF TIM VINCENT**

Comes now Plaintiff, Tim Vincent, by and through counsel, and states that he is responding to the discovery requests within the purpose and meaning of the Federal Rules of Civil Procedure. Plaintiff states that he has made a reasonably diligent effort and inquiry to obtain the information sought and has supplied the information which has been procured. Plaintiff does not represent that the information supplied or the documents furnished are every single document or every bit of information that may have been in existence at any one particular time. Plaintiff states that the discovery requests are being answered within the parameters of the reasonable interpretation of the request and understandably by a reasonable person or entity.

**GENERAL OBJECTIONS**

1. Each of the following objections are specifically incorporated by reference into each of the following responses.

2. Plaintiff objects to each Interrogatory to the extent it is vague, ambiguous and/or confusing.

3. Plaintiff objects to each Interrogatory to the extent it seeks information and/or documentation that is not reasonably relevant to the subject matter in the pending action nor is reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each Interrogatory to the extent it is overly broad and unduly burdensome.

5. Plaintiff objects to each Interrogatory to the extent that the burden of deriving or ascertaining the documents is substantially the same for Defendant as to Plaintiff.

6. Plaintiff objects to each Interrogatory to the extent it may be construed as seeking information and/or documentation that invades the attorney/client, work product, trial preparation and consulting expert privileges or protections, spousal privilege, or any other privilege that may apply.

7. Plaintiff objects to each Interrogatory to the extent it seeks to impose discovery obligations upon Plaintiff beyond those provided in the Federal Rules of Civil Procedure.

8. Plaintiff objects to Defendants' Instruction No. 1 because it is overly broad, including, but not limited to calling on Plaintiff to uncover what is the knowledge of all entities and individuals who act and *purport* to act on Plaintiff's behalf. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and produce the information he can uncover after a reasonable search of materials in his possession, custody and control.

9. Plaintiff objects to Defendants' Instruction No. 2 to the extent it seeks to impose any obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure.

10. Plaintiff objects to the Defendants' Definitions because they are overly broad vague and ambiguous.

11. Plaintiff objects to the Defendants' Definitions No. 5 and 6 to the extent they call for attorney-client communications or other privileged communications, such as communications protected by the work product or spousal privilege.

12. Plaintiff objects to Defendants' Definition No. 10 to the extent it seeks to impose any discovery obligation beyond the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff will comply with his obligations under the Federal Rules of Civil Procedure and conduct a reasonable search.

13. Plaintiff specifically reserves the right to supplement these responses and objections.

14. Plaintiff further objects to Defendant's requests for each of the additional specific reasons stated herein.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify any and all written agreements you entered into with Defendant Tyson. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is overly broad and unduly burdensome, particularly because much of the information requested is in the sole possession of Defendants. Subject to and without waiver of those objections, Plaintiff states as follows, please refer to the contracts produced in response to Requests for Production of Documents for details regarding the contracts executed between Plaintiff and Tyson. Plaintiff further states that Plaintiff has entered into numerous written contracts and/or amendments with Tyson for the growing of broilers. Plaintiff does not believe he has a copy of all contracts signed with Tyson, but believes Tyson has copies of each. Thus, Plaintiff cannot possibly remember the date of every agreement and all parties who signed them. Plaintiff believes his first contract was signed around March 1997 with Hudson Foods (predecessor to Tyson). Plaintiff also believes he signed contracts with Tyson in 2009 and again in 2010.**

INTERROGATORY NO. 2: Identify any and all written agreements you entered into with any entities other than Tyson for the purpose of growing chickens. For each written agreement, identify the following:

a) The date on which the agreement was executed; and

b) All parties to the agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Subject to and without waiver of those objections, Plaintiff states that Plaintiff entered into a written contract with Hudson Foods (predecessor to Tyson) around March 1997. Plaintiff entered into a written agreement with Perdue in the spring 2006.**

INTERROGATORY NO. 3: Identify all oral agreements you contend you have entered into with Tyson. For each agreement, identify the date it was entered, the terms of the alleged agreement, the parties to the agreement, and the individuals who allegedly made such an agreement.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Plaintiff also specifically objects because the request may call for a legal conclusion. Subject to and without waiver of those objections, Plaintiffs states that Plaintiff has been growing for Tyson for over 15 years and believes there are frequent oral agreements between Tyson employees and Plaintiff. For example, Tyson orally agrees with Plaintiff as to when chickens will be picked up or delivered or when feed will be picked up or delivered. Plaintiff cannot possibly recall the date, terms, and parties to each such agreement.**

**Plaintiff does believe that he has an oral agreement with Tyson which occurred in approximately 2012 for Plaintiff's spray business to spray pesticide in each chicken house that services the Robards' complex. Plaintiff's spray business is known as Poultry Specialty Services. This agreement was made between Plaintiff and Kenny Bartley.**

INTERROGATORY NO. 4: Identify, by its business name, address, farm location, and/or common name, each chicken house you have ever owned, leased, or used for the purpose of growing chickens. For each chicken house identified, identify all chicken processing entities

for which the house has been utilized by you to grow chickens, the start and, if appropriate, end dates of such use, and the approximate square footage of each house.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, Plaintiff states that Plaintiff has two farms as identified below:**

**1. TLC Poultry, LLC: 1835 Brooks Schoolhouse Road, Calhoun, Kentucky, used by Hudson from 1997 until Tyson acquired Hudson and was used by Tyson since that date up until the spring of 2006 when this farm was taken over by Perdue. Tyson this reacquired use of this farm in approximately 2009. This farm includes 4 houses which are each 43 feet x 460 feet.**

**2. Rooster Ridge: Operated under the business name of TLC Poultry, LLC, Highway 431, Livermore, Kentucky, used from 2006-2009 by Perdue and then sold, included 4 houses which are each 43 feet x 510 feet.**

**Plaintiff has never operated other houses for the purpose of growing chickens.**

INTERROGATORY NO. 5: Identify all employees, independent contractors, laborers, and/or workers of any kind whom you have ever employed for the purpose of growing chickens on your behalf. For each person identified, state their name, last known address and phone numbers, dates of their retention on your behalf, and if no longer providing services, the reason for their resignation or departure, and a description of the services they provided.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections Subject to and without waiver of those objections, Plaintiff states that he does not remember each employee he has employed over the past 18+ years but lists the following to the best of his recollection:**

**1. Chad Bridges**
**Last Known Address: Utica, Kentucky**
**Employed: Approximately 2008-2009**
**Reason For Departure – Plaintiff sold farm**
**Job Description: farm help**

**2. Daniel Brady**
**Last Known Address: Hardinsburg, Kentucky**
**Employed: Approximately 2008**
**Reason For Departure – Moved**
**Job Description: farm help**

3. **Richie Blakely**
**Last Known Address: Calhoun, Kentucky**
**Employed: Approximately 6 months between 2006-2007**
**Reason For Departure – Health issues**
**Job Description: farm help**

INTERROGATORY NO. 6: Identify each and every social media or other Internet website to which you posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim you raise in this lawsuit. Include an identification of the Internet address, date(s), and substance of each posting you have made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, Plaintiff construes "social media or other Internet website" to mean Facebook, Twitter, LinkedIn, or online discussion forums. Plaintiff has not posted information concerning Defendants, Tyson, any current or former employee of Tyson, or any claim raised in this lawsuit on any such site.**

INTERROGATORY NO. 7: Identify any person who or entity that has a financial interest in your farm and/or chicken operations, including all partners, silent partners, minority and majority owners, stockholders, investors, and financial backers. For each person or entity identified, state their name, last known address and phone number, the dates their interests began and, if applicable, terminated, and the amounts and nature of their financial interests.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague and ambiguous. Subject to and without waiver of those objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers Defendant to Plaintiffs' document production. Plaintiff further states, Plaintiff's farm is owned by TLC Poultry, LLC. The following are the individuals/entities who have held an interest in the farm:**

1. **Old National Bank, Henderson, Kentucky, used for initial loan to build 4 houses in 1997, note was for approximately $500,000 and was paid off by Farm Credit note (below) in approximately 2001.**
2. **Farm Credit, Owensboro, Kentucky, refinanced in 2001 and paid off Old National Bank loan. Also took out additional approximately $50,000 in 2006 for upgrades to switch to Perdue and another $600,000 to buy second farm. Plaintiff's second farm was sold and this loan was paid off in 2009.**

3. **Farm Credit, Owensboro, Kentucky, currently has a $100,000 line of credit for farm operations.**

INTERROGATORY NO. 8: Identify all documents, mortgages, leases, contracts, promissory notes, guarantees, and related documents that relate to any loans, debt, or money obtained by you and in relation to your chicken operations, whether for start-up, ongoing operations, or any other financial matter.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects that this request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiver of those objections, please refer to response to Interrogatory No. 7 and Plaintiffs' document production. Plaintiff further states he has been growing for Tyson for over 15 years and cannot possibly recall all documents related to any funds received in connection with his operation.**

INTERROGATORY NO. 9: Identify each and every claim or suit, apart from this lawsuit, that you have ever made or filed against any person or entity or that has been made or filed against you, including the name of the case, jurisdiction, the identity of any other parties, and the nature of the case and claims made.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request calls for a legal conclusion. Subject to and without waiver of those objections, Plaintiff states that he was divorced in approximately 1984 from his ex-wife which was filed in Muhlenberg County, Kentucky.**

INTERROGATORY NO. 10: If you have ever been arrested for, charged with, or convicted of any felony or misdemeanor, state the date, jurisdiction, nature, and disposition of each such arrest, charge, or conviction.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states that in 1987 Plaintiff was convicted of a felony in the Western District of Kentucky.**

INTERROGATORY NO. 11: Have you or your farming or chicken operations ever been the subject of any administrative or governmental investigation or related action? If so, identify when that investigation or action occurred, describe the nature of the action, the outcome of the action, and the court or administrative caption and number associated with the action.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, unlikely to lead to the discovery of admissible relevant evidence, is unduly burdensome, calls for a legal conclusion, and was propounded for an improper purpose. Subject to and without waiver of those objections, Plaintiff states, no.**

INTERROGATORY NO. 12: Identify any and all experts you may call at the trial of this matter and, for each expert identified, provide the subject matter about which he or she will testify.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff objects to this interrogatory on the basis that it is premature and violates Plaintiff's privileges, including, but not limited to, the attorney-client privilege and work product privilege. Subject to and without waiving those objections, Plaintiff agrees to provide this information in accordance with the Scheduling Order previously entered by the Court.**

INTERROGATORY NO. 13: Identify by name, address, and phone number all persons you believe may have information relating to the claims and defenses in this matter and/or who may have witnessed any events relating to the claims and defenses raised in this matter. For each such person, describe what information or events of which you believe they have knowledge.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects because this request is vague, ambiguous and unduly burdensome. Subject to and without waiver of those objections, Plaintiff states, the following individuals are believed to have knowledge of Plaintiff's farm, its operations under the contract with Tyson, Defendants' operations, or the operation of entities related to Defendants or other integrators. Plaintiff has not listed addresses or phone numbers for the individuals under Tyson's control. For anyone else listed, their addresses have previously been disclosed herein.**

- **All employees identified in Interrogatory No. 5**
- **All individuals identified in Plaintiffs' disclosures**

- **All individuals identified in Defendants' disclosures**
- **Ruben Bruce – Tyson technician**
- **James Catlin – Tyson technician**
- **Jared Shelton – Tyson manager**
- **Jim Gottsponer – Tyson manager**
- **Kenny Bartley – Tyson manager**
- **David Dickey – Tyson manager**
- **David Mears – Tyson manager**
- **Cecilia Hanner – Tyson employee**
- **All individuals identified in Plaintiffs' document production**
- **All individuals identified in Defendants' document production**
- **All individuals identified in Defendants' interrogatory responses**

INTERROGATORY NO. 14: Identify any oral or written statements you contend any current or former Tyson employee has said, made, or provided to you at any time that relates to your claims in this case. For each statement identified, describe the statement made and identify the date on which the statement was made, the person who made the statement, where it was heard or received, any witnesses to the statement, and whether it was oral or written.

**RESPONSE: Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory as overbroad and unduly burdensome. He has been growing for Tyson for over 15 years and cannot possibly remember all statements made by any employee that could relate to claims in this lawsuit as statements by Tyson employees are made frequently. Subject to and without waiving those objections, Plaintiff refers Defendant to any and all documents produced in response to Defendants' Requests for Production of Documents. By way of example only, Plaintiff lists the following statement(s):**

- **In the summer of 2015 Plaintiff went to the Robards, Kentucky plant to watch his birds run. While there he asked the manager of processing how they know what birds are his. She told him that the birds are on the timer and that "it's a guess."**
- **Plaintiff refers Defendants to any and all documents in their production that relate to statements made by Tyson employees and to the recollections of Defendants' own employees.**

**As demonstrated by the specific statement(s) above, it would be impossible to recount all instances of statements made by Tyson employees that could relate to claims in this lawsuit.**

<u>INTERROGATORY NO. 15:</u> Identify any document or record you may offer into evidence during the trial of this matter.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature and in violation of Plaintiff's privilege, including the attorney-client privilege and work product privilege. Subject to and without waiving said objections, Plaintiff refers Defendants to all documents exchanged during this litigation as those that could be offered into evidence during the trial of this matter, subject to the Federal Rules of Evidence. Plaintiff agrees to provide an exhibit list in accordance with pre-trial orders and/or Scheduling Orders entered by this Court.**

<u>INTERROGATORY NO. 16:</u> Provide a computation of the total damages you claim you are owed in this lawsuit, and specifically indicate the methodology used by you in calculating this total.

**<u>RESPONSE:</u> Plaintiff incorporates by reference each of his General Objections. Plaintiff further specifically objects to this interrogatory on the basis that it is premature as discovery is in its early stages and much of the documentation needed to answer this Interrogatory is in the sole control of Defendants. Plaintiff agrees to supplement this Interrogatory as more information becomes available.**

**<u>/s/ John Whitfield, Esq.</u>**
**John C. Whitfield**
**For All Objections**

This the 22nd day of April, 2016.

Respectfully Submitted,

<u>/s/ John Whitfield, Esq.</u>
John Whitfield, Esq. (KBA# 76410)
Caroline Ramsey Taylor (KBA# 95634)
**WHITFIELD, BRYSON & MASON LLP**
19 North Main Street
Madisonville, KY 42431
Telephone: (270) 821-0656
Fax: (270) 825-1163
Email: john@wbmllp.com
caroline@wbmllp.com

Gary E. Mason, Esq.
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW. Suite 605
Washington, D.C. 20036
Telephone: (202) 640-1160
Fax: (202) 429-2294
Email: gary@wbmllp.com

J. Dudley Butler, Esq.
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Dr.
Benton, MS 39039
Telephone: (662) 673-0091
Fax: (662) 673-0091
Email: jdb@farmandranchlaw.com

David S. Muraskin
**PUBLIC JUSTICE, P.C.**
1620 L St. NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Fax: (202) 232-7203
Email: dmuraskin@publicjustice.net

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I mailed the foregoing document on April 22, 2016 to the following counsel of record:

Robert T. Adams
Mark C. Tatum
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
Email: mtatum@shb.com
Email: rtadams@shb.com

and

Marc Wells
209 West Main Street
P.O. Box 644
Princeton, Kentucky 42445
Telephone: 270-365-5576
Facsimile: 270-365-5578
Email: marcwells.atty@yahoo.com

***Attorneys for Defendants***

/s/ John Whitfield, Esq.
John C. Whitfield

***Attorney for Plaintiffs***

**VERIFICATION**

I, Timothy Vincent of 1835 Brooks Schoolhouse Road, Calhoun, Kentucky 42327, do declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

On this the 21 day of April, 2016.

Timothy E Vincent
Timothy E Vincent (Apr 21, 2016)

Timothy Vincent