UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:15-CV-00077-JHM

CHARLES MORRIS, et al.                                  PLAINTIFFS

V.

TYSON CHICKEN, INC., et al.                             DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Unseal the Documents Attached to Defendants' Motion to Strike the Proposed Expert Opinions of Plaintiffs' Expert Kyle Stiegert [DN 184], Defendants' Motion for Leave to Strike and Replace with Sealed Documents [DN 187], and Defendants' Motion to Maintain the Seal of the Exhibits to the Motion to Strike Kyle Stiegert's Testimony [DN 191].  Fully briefed, the matter is ripe for decision.  For the following reasons, Plaintiffs' Motion to Unseal the Documents Attached to Defendants' Motion to Strike the Proposed Expert Opinions of Plaintiffs' Expert Kyle Stiegert [DN 184] is **DENIED IN PART AND GRANTED IN PART;**  Defendants' Motion for Leave to Strike and Replace with Sealed Documents [DN 187] is **DENIED IN PART AND GRANTED IN PART;** Defendants' Motion to Maintain the Seal of the Exhibits to the Motion to Strike Kyle Stiegert's Testimony [DN 191] is **DENIED IN PART AND GRANTED IN PART**.

## I.      BACKGROUND

This mess started when Defendants moved to strike the expert opinions of Stiegert and in doing so, sought to file certain exhibits under seal.  Rather than following the established procedure for seeking to file documents under seal, Defendants simply filed a "notice" that it was filing documents under seal.  Plus, there were some exhibits favorable to Defendants' position that were not "sealed" while other exhibits favorable to Plaintiffs' position were "sealed."  Plaintiffs took

exception and the parties conferred but were unable to resolve their disagreements.  This flurry of motions resulted.  Boiled down, the court must decide whether to allow certain exhibits to be sealed.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 5.2(d) allows courts to order that a filing be made under seal without redaction.  Local Rule 5.6 also permits a party to move to file a document under seal.  The Sixth Circuit "recognize[s] . . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted).  The party that seeks to seal the records bears the heavy burden of overcoming that presumption where "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citations omitted).

As such, "[t]o meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citation omitted).  "Where a party can show a compelling reason for sealing, the party must then show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason." *Id.* at 637 (citation omitted).  "To do so, the party must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (citation omitted).  If a district opts to seal court records, "it must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (citation omitted).

## III.   DISCUSSION

The Court must first address the confusion about the proper procedure for filing sealed documents.  No exhibit has been sealed yet by order of the Court.  Certain exhibits have been provisionally sealed pending further Court orders.  Local Rule 5.6(c) requires a party seeking to file

2

a sealed document to file a separate motion seeking leave to seal.  Filing a "notice" does not replace filing a motion for leave to seal.  As such, Defendants' Motion to Maintain the Seal is not well taken since there is no seal to maintain.  However, the Court will construe Defendants' Motion to Maintain the Seal as a motion for leave to seal as contemplated by the local rule.

There are five exhibits at issue here: (1) Stiegert's expert report [DN 180], (2) Stiegert's supplemental report [DN 180-2], (3) Morris' broiler contract [DN 180-1], (4) Walter Thurman's report [DN 177-15], and (5) Thomas Elam's report [DN 177-18].  Defendants essentially argue that the information in the exhibits is personal financial information and confidential business information.  [DN 191 at 1].  The Court addresses each exhibit in turn.

**A. Stiegert's Expert Report and Supplemental Report**

Defendants seeks to seal certain portions of the Stiegert expert report and supplemental report. For Stiegert's expert report, Defendants seek to file the following under seal: ¶¶ 19, 32–46, 48, 52, 56–58, 60, 71, 73–75, 80, 82–83, 89–92, 94–95, 98–106, 112, 114–15, 118, 119, 122–27, 130–33, n.8–10, n.39–42, n.45–48, n.50–51, n.55, n.86, n.129, n.141, n.143, n.153, n.157, n.160–62, Tables 1–10, Tables 12–18, Figures 1–5, and Appendix C Table 1.[1]   [DN 191 at 3].   For Stiegert's supplemental report, Defendants seek to seal Table 1, page 10.  [DN 191 at 3].[2]  Defendants argue that Stiegert's reports contains confidential information like Plaintiff's pay, Tyson's individual specifications, and proprietary information.  [DN 191 at 4].

There can be a compelling interest in keeping certain business information from public view that could harm a business's competitive standing.  "Courts can deny access to court records that could be used 'as sources of business information that might harm a litigant's competitive standing.'"

---

[1] In Defendants' notice to the Court of the documents filed under seal, they asserted that they were filing pages 1–76 and 103–09 under seal.  [DN 178 at 1].

[2] While Defendants initially state "Table 1, page 10" as the portion that they want to seal [DN 191 at 3], Defendants later cite to ¶ 98–100, ¶ 115, ¶ 119, Figure 2, and Figure 3 [DN 191 at 5] for support that there is personal financial information in the supplemental report that warrants sealing from public view.

*Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS-CHL, 2017 WL 3220470, at *2 (W.D. Ky. July 28, 2017) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Keeping private financial data from public view can also be a compelling interest.  "Courts have recognized the strong interest in keeping personal financial records from public view." *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 784 (S.D. Ohio 2018), *aff'd*, 954 F.3d 852 (6th Cir. 2020) (collecting cases); *see Wedgewood Ltd. P'ship I v. Twp. of Liberty, Ohio*, No. CIV.A. 2:04-CV-1069, 2008 WL 4273084, at *2 (S.D. Ohio Sept. 11, 2008) (finding "testimony relating to plaintiff's private income and financial data is also deserving of protection if not otherwise publicly disclosed").

The Court has reviewed each of the portions of Stiegert's expert report and supplemental report that Defendants seek to seal.  The Court **denies** the motion to seal the following parts of Stiegert's report: ¶¶ 19, 46, 60, 71, 73–75, 80, 82, 91–92, 112, 114–15, 119, 122, 132, 133, n. 8–10, n.39–42, n.45–47, n.50–51, n.55, n.129, n.141, n.143, n.153, n.157, n.160, n.162, the Year column of Table 6, the Annual Wage columns of Table 6, the Consumer Price Index column of Table 6, the Tyson's Chicken Segment Operating Margins column of Table 6, the Damages column of Table 12, the Damages column of Table 14, the Damages column of Table 15, the Lost Revenues column of Table 16, the Lost Revenues and Damages columns of Table 18, and Appendix C Table 1.  The remaining parts of Stiegert's expert report that Defendants seek to seal shall be sealed because they contain both personal financial information and confidential business information that could harm Tyson's competitive standing that justifies nondisclosure to the public.  Regarding Stiegert's supplemental report, ¶¶ 98–100, 119, Figure 2, Figure 3, Table 1 shall be sealed for the reasons discussed previously regarding Stiegert's initial expert report, however, Defendants' motion to seal ¶ 115 is **denied**.  Accordingly, redacted versions of the reports should be filed publicly.

**B.  Morris' Broiler Contract**

Defendants want the broiler contract to be sealed in its entirety.  [DN 191 at 3].  Defendants argue that if the contract is available to the public, its wage calculations would be open to its competitors.  [*Id.* at 6].  Defendants contend that the wage calculations are a product of "intense study and broad application throughout the country."  [*Id.*].  Defendants maintain that these pay figures are "clearly important to Tyson in maintaining a competitive stance in chicken industry."  [*Id.*].  They also assert that the contracts "show the internally developed payment structure, which Tyson believes is superior to other integrators' payment methods."  [*Id.*].  Their concern is that publishing the information in the contracts "would allow any integrator with the resources to copy Tyson's method of growing chickens . . . ."  [*Id.*].

As previously discussed, "[c]ourts can deny access to court records that could be used 'as sources of business information that might harm a litigant's competitive standing.'"  *Caudill Seed & Warehouse Co., Inc.*, 2017 WL 3220470, at \*2.  Defendants have identified such a compelling interest.  Defendants have also shown that the confidential nature of the information contained in the broiler agreement is outweighed by the public's need to access it.  Public access to the broiler contract could have an adverse impact on Tyson.  Competing businesses would be able see the details of Tyson's pay figures and method of growing chickens and use that information to obtain an unfair competitive advantage over Tyson.  The broiler contract shall be sealed.

**C.  Thurman's Expert Report and Elam's Expert Report**

Defendants filed Thurman's report [DN 177-15] and Elam's report [DN 177-18] in their entirety instead of just the pages cited in their Motion to Strike the Proposed Expert Opinions of Kyle Stiegert.  [DN 187 at 1].  Defendants also initially did not file their reports under a provisional seal. [*Id.*].  Defendants assert that both actions were inadvertent.  [*Id.*].  Defendants now move to strike the

reports that were initially filed and instead seek leave to file certain pages of the reports under seal. [DN 187 at 3, DN 191 at 3].

It appears from the docket that Defendants filed the full reports as attachments to their Motion to Strike the Proposed Expert Testimony of Kyle Stiegert on March 27, 2020.  [DN 177-15, DN 177-18].  Later, on April 14, 2020 Defendants' attorney notified the clerk that the exhibits should have been provisionally sealed.  So, for over two weeks the reports were publicly available.  Although Plaintiffs attach a sinister motive to Defendants actions, the Court sees none.  Defendants' motion to strike the expert reports of Thurman and Elam is **granted** and Defendants may replace them with the precise pages cited to in their Motion to Strike the Proposed Expert Opinions of Kyle Stiegert.

The question now is whether those certain pages are to be sealed.  As reiterated earlier, "[c]ourts can deny access to court records that could be used 'as sources of business information that might harm a litigant's competitive standing.'"  *Caudill Seed & Warehouse Co., Inc.*, 2017 WL 3220470, at *2.  Regarding Thurman's report, Defendant's wish to seal ¶¶ 50–60 and Figures 2–5. [DN 181-1, DN 191 at 3].  The Court **denies** the motion to seal the following parts of Thurman's report: ¶¶ 50–60, the Year column of Figure 5, and the Annual Wage column of Figure 5.  However, Figures 2–4 and the remaining columns of Figure 5 shall be sealed because they contain confidential business information that could harm Tyson's competitive standing.  Accordingly, a redacted version of the portions of the report at issue should be filed publicly.   For Elam's report, Defendants request to seal DN 188-2.[3]  The Court **grants** the motion to seal the portion of Elam's report identified in DN 188-2 because it also contains confidential business information that could harm Tyson's competitive standing.

[3] In their Motion, Defendants request to seal ¶¶ 9, 33, 73–76, 79, 96–100, 102–03, 115, 119, n.63, Tales 1–2, Figures 1–3, and Appendix C, which differs from the one page Exhibit 21 that Defendants want to use to replace Elam's report. [DN 191 at 3, 7].

## IV.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Unseal the Documents Attached to Defendants' Motion to Strike Proposed Expert Opinions of Plaintiffs' Expert Kyle Stiegert  [DN 184] is **DENIED IN PART AND GRANTED IN PART**;  Defendants' Motion for Leave to Strike and Replace with Sealed Documents [DN 187] is **DENIED IN PART AND GRANTED IN PART;** Defendants' Motion to Maintain the Seal of the Exhibits to the Motion to Strike Kyle Stiegert's Testimony [DN 191] is **DENIED IN PART AND GRANTED IN PART**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge

United States District Court

June 23, 2020

cc: counsel of record