UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:15-CV-00077-JHM

CHARLES MORRIS, et al.                                                              PLAINTIFFS

V.

TYSON CHICKEN, INC., et al.                                                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Seal Exhibits to its Response to Plaintiffs' Counterstatements of Uncontroverted Fact. [DN 231]. Defendants seek to seal Table 3 and Figure 1 from Thomas Elam's expert report, and Figures 8 and 9 from Walter Thurman's expert report. [*Id.* at 2]. Fully briefed, the matter is ripe for decision.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 5.2(d) allows courts to order that a filing be made under seal without redaction. Local Rule 5.6 also permits a party to move to file a document under seal. The Sixth Circuit "recognize[s] . . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). The party that seeks to seal the records bears the heavy burden of overcoming that presumption where "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citations omitted).

As such, "[t]o meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citation omitted). "Where a party can show a compelling reason for sealing, the party must then show why those reasons outweigh the public interest in access to those records

and that the seal is narrowly tailored to serve that reason." *Id.* (citation omitted). "To do so, the party must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (citation omitted). If a district court opts to seal court records, "it must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (citation omitted).

## II. Discussion

"Courts can deny access to court records that could be used 'as sources of business information that might harm a litigant's competitive standing.'" *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS-CHL, 2017 WL 3220470, at *2 (W.D. Ky. July 28, 2017) (citation omitted). Both Plaintiffs and Defendants agree that the table and figures Defendants seek to seal contain similar information to what this Court has already granted leave to seal—the Court agrees too. [DN 231 at 1, DN 233 at 1]. The table and figures contain confidential business information that could harm Tyson's competitive standing, which outweighs the public's interest in accessing the records. [*See* DN 218]. Defendants' request is also narrowly tailored. Finally, the Court addressed Plaintiffs' complaint [DN 233 at 1–2] that Defendants filed Thurman's report unredacted on the public docket in a separate Memorandum Opinion and Order [DN 236].

## III. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** Defendants' Motion to Seal Exhibits to its Response to Plaintiffs' Counterstatements of Uncontroverted Fact [DN 231] is **GRANTED.**

Joseph H. McKinley Jr., Senior Judge
United States District Court

September 1, 2020

cc: counsel of record

2