UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:15-CV-00077-JHM

CHARLES MORRIS, et al.                                                                      PLAINTIFFS

V.

TYSON CHICKEN, INC., et al.                                                                  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Leave to Place Exhibits to their Statements of Uncontroverted Facts Under Seal. [DN 212]. Fully briefed, the matter is ripe for decision.

### I. BACKGROUND

When Defendants moved for summary judgment [DN 206, DN 208, DN 210], they attached Statements of Uncontroverted Facts to their motions. Defendants now seek to seal exhibits attached to the Statements of Uncontroverted Facts. [DN 206-1 Def. Jim Gottsponer's Statements of Uncontroverted Facts; DN 208-1 Def. David Mears' Statements of Uncontroverted and Material Facts; DN 210-1 Def. Tyson's Statement of Facts]. Specifically, Defendants request leave to seal several broiler contracts, portions of Kyle Stiegert's expert report, Plaintiffs Calvin Leisure's and Morgan Rickard's settlement information, a letter from Complex Manager Jim Gottsponer to Plaintiff John Pinkston, and portions of Thomas Elam's expert report. [DN 219 at 2–4].

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 5.2(d) allows courts to order that a filing be made under seal without redaction. Local Rule 5.6 also permits a party to move to file a document under seal. The Sixth Circuit "recognize[s] . . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation

omitted). The party that seeks to seal the records bears the heavy burden of overcoming that presumption where "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citations omitted).

As such, "[t]o meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citation omitted). "Where a party can show a compelling reason for sealing, the party must then show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason." *Id.* at 637 (citation omitted). "To do so, the party must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (citation omitted). If a district opts to seal court records, "it must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (citation omitted).

### III. DISCUSSION

#### A. Broiler Contracts

Defendants seek leave to seal several broiler contracts in their entirety. [DN 219 at 2–4]. Defendants argue that the broiler contracts they seek to seal are identical to Charles Morris' contract [DN 180-1], which the Court has already granted leave to seal [DN 218]. [DN 219 at 2]. They contend that the only difference is the precise figures included in each contract. [*Id.*]. However, the broiler contracts Defendants seek leave to seal include documents that Morris' contract did not include. For example, some of the contracts include W-9 forms, contract checklists, and business documents filed with the Kentucky Secretary of State that are publicly available. [*See e.g.* DN 213-15, DN 214-7, DN 215-5].

The contract checklists and documents filed with the Kentucky Secretary of State that are publicly available **may not be sealed** because Defendants have not shown a compelling interest in sealing those portions of the contracts. The remaining pages of the broiler contracts that Defendants seek to seal [DN 219 at 2–3] may be **sealed** for the same reasons that the Court granted leave to seal Morris' broiler contract [DN 218 at 5]. Loi Hong's contract [DN 213-12] **may be similarly sealed**.

### B. Stiegert's Expert Report

Defendants request that the Court seal paragraphs 19 and 122, and footnote 157. [DN 219 at 3]. They, however, concede that per the Court's prior Memorandum Opinion and Order [DN 218 at 4], the referenced portions of Stiegert's report **may not be sealed**. [DN 219 at 3].

### C. Leisure's and Rickard's Settlement Information

Defendants want to seal Leisure's "Settlement Sheet" [DN 213-2] and Rickard's "Settlement Sheet and Grower Recap" [DN 213-3] in their entirety. [DN 219 at 4]. Keeping private financial data from public view can be a compelling interest. "Courts have recognized the strong interest in keeping personal financial records from public view." *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 784 (S.D. Ohio 2018), *aff'd*, 954 F.3d 852 (6th Cir. 2020) (collecting cases); *see Wedgewood Ltd. P'ship I v. Twp. of Liberty, Ohio*, No. CIV.A. 2:04-CV-1069, 2008 WL 4273084, at *2 (S.D. Ohio Sept. 11, 2008) (finding "testimony relating to plaintiff's private income and financial data is also deserving of protection if not otherwise publicly disclosed"). Additionally, "[c]ourts can deny access to court records that could be used 'as sources of business information that might harm a litigant's competitive standing.'" *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas Inc.*, No. 13-cv-82, 2017 WL 3220470, at *2 (W.D. Ky. July 28, 2017).

Regarding Leisure's "Settlement Sheet," the following boxes of information may be **sealed**: "Grower Pay Summary," "Average Daily Gain Performance Pay Band," "Livability Performance Pay Band," and "Feed Conversion Performance Pay Band." This information is

confidential business information that could harm Tyson's competitive standing because it contains pay figures. The remaining portions of Leisure's "Settlement Sheet" **may not be sealed**. Next, the following boxes of information in Rickard's "Settlement and Grower Recap" sheet **may be sealed**: "Grower Pay Summary," "Ind NPV Value," "Feed Description," "Summary of Value (Points)," and the table containing "Flock Type Totals." The information may be sealed sealed for the similar reason that portions of Leisure's "Settlement Sheet" may be sealed. The remaining portions of Rickard's "Settlement Sheet and Grower Recap" sheet **may not be sealed**.

### D. Letter from Gottsponer to Pinkston

Defendants seek to seal only the precise references to pay in the letter. [DN 212 at 8]. As previously discussed, there is compelling interest in sealing personal financial information and records that could be used as a source of business information that might harm a litigant's competitive standing. *Goodman.*, 301 F. Supp. 3d at 784 (collecting cases); *see Wedgewood Ltd. P'ship I*, 2008 WL 4273084, at *2; *Caudill Seed & Warehouse Co., Inc.*, 2017 WL 3220470, at *2.

There is a compelling interest in sealing the references to pay in the letter. It is confidential business information where the interest in sealing outweighs the public's interest in accessing the record because it is information that might harm Tyson's competitive standing. However, Pinkston's handwritten notes on the letter **may not be sealed** because Defendants merely argue that the notes are "dollar figures affecting him personally." [DN 212 at 8]. Defendants have not met their burden of showing a compelling interest in sealing that information. Therefore, all portions of the letter that Defendants seek to seal, except the handwritten notes, may be **sealed**.

### E. Elam's Expert Report

Defendants seek leave to seal several portions of Elam's expert report: Paragraph 1 of Section XI; Tables 1, 7–9, 18, 20, 25, 36, 45; Figures 5 and 8. [DN 219 at 4]. Defendants argue that the information that they seek to seal is "clearly private" and that Tyson "has a 'justifiable expectation of

4

privacy' in the data it collects regarding its growing operations" [DN 212 at 9]. They also contend that Elam's "charts showing the effects of condemnation or breed on a grower's performance . . . is intricate analysis and summarization of Tyson's processes, inputs, and methods by which it operates under its contracts." [DN 219 at 9].

First, Table 1 of Elam's report shall remain **sealed** per the Court's prior Memorandum Opinion and Order. [DN 218 at 6]. Next, the Court finds that Tyson has not met its burden of showing a compelling interest in sealing the remaining information that they seek to seal in Elam's expert report much less that that any interest in sealing outweighs the public's interest in accessing the records. Thus, the remaining information **may not be sealed**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion for Leave to Place Exhibits to their Statements of Uncontroverted Facts Under Seal [DN 212] is **DENIED IN PART AND GRANTED IN PART**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

September 14, 2020

cc: counsel of record